FILED

MAR 9 11 35 AM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARTHUR ESTANISLAU, | : | CIVIL ACTION NO. |
| | : | 3:02CV1515 (PCD) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MANCHESTER DEVELOPERS, LLC, | : | |
| | : | |
| Defendant. | : | MARCH 3, 2004 |

**MOTION FOR LEAVE TO AMEND ANSWER TO ADD
AFFIRMATIVE DEFENSE AND MEMORANDUM IN SUPPORT OF SAME**

Defendant, Manchester Developers, Inc., by and through undersigned counsel, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, moves for leave of the Court to amend its Answer and Affirmative Defenses dated February 24, 2003 to add a Fourth Affirmative Defense. The proposed Fourth Affirmative Defense is that Defendant is entitled to a credit against wages due for lodging provided to Plaintiff. Defendant noted that it was claiming this credit in the Report of the Parties' Planning Meeting dated September 18, 2002 and the issue has been subject to discovery by Plaintiff (see, eg., Exhibit A hereto) as well as the subject of a summary judgment motion already considered by the Court. Plaintiff did not argue that it should have been pled as an affirmative defense until submission of his trial preparation order. Although Defendant submits that the credit is not required to be pled as an affirmative defense, but is

**ORAL ARGUMENT NOT REQUESTED**

merely the denial of the claim that there are wages due, Fed. R. Civ. P. 8, in order to save the Court's and the litigant's time in arguing the issue, makes this motion to add it as an Affirmative Defense. Under Rule 15(a), amendments should be freely granted absent undue delay or prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962). There was no delay in raising the issue and Plaintiff can claim no prejudice as he has been aware of the claim since the commencement of proceedings in this matter, has fully availed himself of discovery on the issue and has partially argued the merits of it in connection with a motion for summary judgment.

Pursuant to the Supplemental Order for Motion Filing Procedure Before Judge Dorsey, dated August 29, 2002, Defendant's counsel consulted with Plaintiff's counsel regarding this Motion for Leave to Amend Answer. Plaintiff's counsel does not consent to the Amendment.

Defendant's proposed Amended Answer is attached hereto.

Done at Bridgeport, Connecticut, this 3rd day of March, 2004.

_Pamela Coyne_
Pamela J. Coyne
Durant, Nichols, Houston, Hodgson
& Cortese-Costa, PC
1057 Broad Street
Bridgeport, CT 06604
203-366-3438
Federal Bar No. ct22941

ATTORNEYS FOR DEFENDANT



EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ARTHUR ESTANISLAU, JR.<br>Plaintiff : | CIVIL ACTION NO: 3:02CV1515(PCD) |
| VS. : | |
| MANCHESTER DEVELOPERS, LLC :<br>Defendant : | OCTOBER 18, 2002 |

## PLAINTIFF'S REQUEST FOR PRODUCTION

The Plaintiff in the above-captioned action hereby requests, pursuant to Federal Rule of Civil Procedure 34, that the Defendant produce designated documents and to supplement said production to the date of trial as additional information is discovered.

## CLAIMS OF PRIVILEGE

All objections or answers to this request for disclosure and production which fail or refuse fully to respond to any request on the grounds of any claim for privilege of any kind shall :

    a. State the nature of the claim of privilege;

    b. State all facts relied upon in support of the claim of privilege or related thereto;

    c. Identify all documents relating to the claim of privilege;

    d. State the name, address, and present whereabouts of all persons having knowledge of any facts relating to the claim of privilege.

## DEFINITIONS

1. The term "plaintiff" shall refer to Arthur Estanislau

2. The term "defendant" shall refer to the Defendant Manchester Developers, LLC

3. The term "document" shall refer to all writings and materials of any kind, including but not limited to, orders, instructions, reports, directives, summaries, interviews, complaints, statements, transcripts, regulations, memoranda, notes, correspondence, logs and drafts. "Documents" also refers to records including, but not limited to, photographs, microfilm, microfiche, videotape, motion pictures, and any other electronic or mechanical recording. The documents may be originals or true and accurate copies. Documents include any and all writings, whether on paper or electronically stored. When a document is requested that once existed but is no longer in existence, identify the document by date, author and contents, and state the reason that said document is no longer in existence.

## BY WAY OF PRODUCTION:

1. Produce a copy of any personnel filed maintained by Manchester Developers, LLC and/or its agents regarding the Plaintiff.

2. Produce any and all documents relating to the Plaintiff's employment with the Manchester Developers, LLC, including but not limited to any and all job descriptions applicable to the Plaintiff.

3. Produce any and all documents relating to the performance of work and/or duties by the Plaintiff on behalf of Manchester Developers, LLC.

4. For the period 2000 to present, produce any and all documents relating to the Plaintiff's schedule of work performed on behalf of Manchester Developers, LLC.

5. For the period 2000 to present, produce any and all documents relating to time records of work performed by the Plaintiff on behalf of Manchester Developers, LLC.

6. Produce any and all documents relating to the provision by Manchester Developers, LLC of housing and/or lodging to the Plaintiff.

7. Any and all correspondence by and between the Plaintiff and Manchester Developers, LLC.

8. Any and all correspondence by and between Manchester Developers, LLC and the State of Connecticut Department of Labor and/or the United States Department of Labor regarding the provision by Manchester Developers, LLC of housing and/or lodging to the Plaintiff.

9. Any and all documents relating to the establishment by the State of Connecticut Department of Labor and/or the United States Department of Labor of a regarding the provision by Manchester Developers, LLC of a reasonable allowance for Manchester Developers, LLC's provision of housing and/or lodging to the Plaintiff.

10. For the period 2000 to present, produce copies of any and all documents relating to medical, pension and/or retirement benefit plans provided by Manchester Developers, LLC to the Plaintiff.

11. For the period of 2000 to present, produce copies of any and all documents relating to non-medical and non-pension benefits provided by the Manchester Developers, LLC to the Plaintiff, including but not limited to sick leave, vacation, holiday leave, accrued and/or earned time, and compensatory time.

12. For the period 2000 to present, produce any and all documents relating to payments made to the Plaintiff by Manchester Developers, LLC.

PLAINTIFF

By: /s/ Marc P. Mercier
Marc P. Mercier
Beck & Eldergill, P.C.
447 Center Street
Manchester, CT 06040
(860) 646-5606
Fed Bar No: ct10886

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed this 18th day of October, 2002, to the following parties:

Loraine M. Cortese-Costa, Esq.
Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C.
1057 Broad Street
Bridgeport, CT   06604

/s/ Marc P. Mercier
Marc P. Mercier

Estanislau\D&p10-02.pld

**CERTIFICATION**

This is to certify that I have caused to be served, this 3rd day of March, 2004, the above and foregoing via U. S. Mail, certified mail, return receipt requested, to the following counsel and pro se parties of record:

Marc Mercier
Beck & Eldergill, P.C.
447 Center Street
Manchester, CT  06404

*Pamela J. Coyne*

P:\lit\CTC\586800\003\00038688.DOC