**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ARTHUR ESTANISLAU, JR. | : | CIVIL ACTION NO: 3:02CV1515(PCD) |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| MANCHESTER DEVELOPERS, LLC | : | |
| Defendant | : | MARCH 29, 2004 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER**
**AND AFFIRMATIVE DEFENSES**

Plaintiff Arthur Estanislau, Jr. hereby submits his memorandum in opposition to

Defendant's motion for leave to amend answer and affirmative defenses.

**Background:**

Defendant seeks to assert an affirmative defense that it is entitled to "a credit

against wages due for lodging provided to the Plaintiff".  See Amended Answer and

Affirmative Defenses, Fourth Affirmative Defense.  In support of this last-minute request,

Defendant claims both that it is entitled to such a "credit" as a matter of law, and that "the

issue has been subject to discovery by . . . Plaintiff".  Both of these claims are erroneous

and there exists no reasonable basis for the Defendant's proposed affirmative defense.

**Standard of Law:**

"A decision to grant or deny a motion to amend is within the sound discretion of the

1

trial court." <u>Krumm v. Westpoint Stevens, Inc.</u>, 143 F.3d 71, 88 (2d Cir.1998) (citations

omitted).  A district court should consider undue delay, bad faith, and prejudice to the

opposing party in reaching its decision.  A proposed amendment is especially prejudicial

when discovery has already been completed.  <u>Id</u>.

     While Defendant is correct in stating that leave to amend a pleading should be freely

granted when justice so requires, Fed.R.Civ.P. 15(a), an amendment is not warranted in

the case of, among other things, "futility." <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227,

9 L.Ed.2d 222 (1962).  A proposed amendment to a pleading would be futile if it could not

withstand a motion to dismiss pursuant to Rule 12(b)(6).  <u>Ricciuti v. N.Y.C. Transit Auth.</u>,

941 F.2d 119, 123 (2d Cir.1991).  In other words, where, as in the instant matter, an

amendment is offered which has already been exposed to be contrary to law and wholly

unsupported by facts and which the Defendant has not supported through its discovery

responses, no such good faith defense exists and the proposed affirmative defense would

be "futile".

     Leave to amend need not be given if the pleading does not give any indication that

a valid claim might be stated.  <u>Platsky v. CIA</u>, 953 F.2d 26, 28 (2d Cir.1991) (per curiam)

(citation omitted); see also <u>Pangburn v. Culbertson</u>, 200 F.3d 65, 70-71 (2d Cir.1999)

(Holding that " 'futility' is a valid reason for denying a motion to amend".), and  <u>Ricciuti v.</u>

<u>New York City Transit Auth</u>., supra at 123 (Holding that the district court "may review

[proposed amendment] for adequacy and need not allow its filing if it does not state a claim upon which relief can be granted".); Tri-State Judicial Servs., Inc. v. Markowitz, 624 F.Supp. 925, 926 (E.D.N.Y.1985) ("In this Circuit, an amendment is considered futile if the amended pleading fails to state a claim.").

The court need not entertain an amendment based upon claims already ruled upon, and rejected, by the court. See S.E.C. v. American Bd. of Trade, Inc., 830 F.2d 431, Fed. Sec. L. Rep. P 93, 391, 2nd Cir.(N.Y.), Sep 28, 1987.

**Argument:**

Pursuant to both statute and regulation, Defendant's "credit" for the lodging it required Plaintiff to occupy is contingent on either the Defendant maintaining contemporaneous records of the actual cost and value (as distinct from market valuation which provides profit) of the lodging and the provision of that supporting documentation to the Plaintiff and the court, or through the approval of the Administrator of the Department of Labor. These requirements are enumerated in Plaintiff's proposed claims of law. Further, regardless of the value recognized by the Administrator, the 'credit' for lodging may only be used as a credit toward the minimum wage, *not as a deduction form overtime wages*. See Conn. Regs. § 31-60-3. See also, Giles v. City of New York, 41 F.Supp.2d 308, 316-317 (S.D.N.Y. 1999) (where board, lodging, or other facilities are customarily furnished as addition to a cash wage, the reasonable cost of the facilities to the employer must be

3

considered as part of the employee's regular rate of pay, not part of his compensation for overtime), citing 29 C.F.R. § 531.37 and Walling v. Alaska Pac. Consol. Min. Co., 152 F.2d 812, 815 (1945) ("it seems clear that the cost of board and lodging customarily furnished employees must also be included in the regular rate").

An employer must keep records of the cost incurred in furnishing board, lodging or other facilities. 29 C.F.R. § 516.27(a).  An employer must maintain records showing additions or deductions from wages paid for board, lodging or other facilities on a work week basis. 29 C.F.R. Section 516.28(b).  The employer has the burden of showing that it is entitled to the credits claimed under § 3(m) of the Fair Labor Standards Act.  Donovan v. New Floridian Hotel, Inc., 676 F.2d 468, 473-76 (11th Cir.1982).

An employer who fails to maintain the required records and who does not seek a determination of the Administrator of the Wage and Hour Division will be denied a credit for housing. Donovan v. New Floridian Hotel, Inc., 676 F.2d 468, 473-76 (11th Cir.1982); Washington v. Miller, 721 F.2d 797, 803 (11th Cir.1983) (per curiam); Davis Bros., Inc. v. Donovan, 700 F.2d 1368 (11th Cir.1983); Brennan v. Veterans Cleaning Service, Inc., 482 F.2d 1362 (5th Cir.1973); Morrisroe v. Goldsboro Mill Co., 884 F.Supp. 192, 195, (E.D.N.C.

4

1994); <u>Leonard v. Carmichael Properties and Mgmt. Co.</u>, 614 F.Supp. 1182, 1188 (S.D.Fla.1985). The burden is upon the employer to invoke the Administrator's assistance. <u>Donovan v. Floridian Hotel, Inc.</u>, 676 F.2d 468, 473-76 (11th Cir.1982); <u>Morgan v. Atlantic Coastline R. Co.</u>, 32 F.Supp. 617 (S.D.Ga. 1940).

Defendant, as noted in this Court's decision denying Defendant's motion for summary judgement, has not invoked the assistance of the Department of Labor's Administrator in determining the value of the lodging. Further, Defendant has provided no documentation of any kind establishing or even indicating the value of the lodging provided to Plaintiff. Nor has the Defendant disclosed an expert who could provide opinion testimony as to the value of the lodging provided.[1]

Defendant supports its claim for a last-minute amendment on the grounds that Plaintiff "has fully availed himself of discovery on the issue of" credits for lodging. This

---

[1]The Defendant has had ample opportunity to provide such documentation or seek an determination from the administrator. The court, by its own decision all but invited the Defendant to do so:

Defendant has neither sought a determination from the Department of Labor    nor provided entitlement, nothing precludes Defendant from seeking a determination from the federal and/or state    Departments of Labor if it deems such action as required.

claim is a significant mischaracterization of the facts.

While the Plaintiff has submitted discovery requests in order to compel the Defendant to reveal any claim of credits for lodging and the underlying documentation, records, correspondence to the Department of Labor and valuations, the Defendant has produced no such evidence of any kind.  Either the Defendant has withheld any such evidenced in anticipation of its request to amend its affirmative defenses or no such evidence exists.  If the former, than the Defendant acts in bad faith and shall severely prejudice the Plaintiff by an ambush of such evidence at trial.  If the latter, the Defendant has no good faith basis to assert a claim for credits and any such unsupported assertion would be contrary to law and thus futile.  In either case, the proposed amended affirmative defense claiming credit for lodging should be denied.

The only piece of evidence offered by the Defendant related to its claim for lodging 'credit' is a letter from the Connecticut Department of Labor, Wage and workplace Standards Division.  (See Exhibit 1, Informal Opinion of the Director of the Conn. Department of Labor, Wage and Workplace Standards Division, March 3, 2004.)  In this "informal opinion" the Director, Gary K. Pechie, makes clear that no approval has been provided by the Department to the Defendant related to the lodging provided to the Plaintiff by the Defendant.

More importantly, this "informal opinion" makes clear that the Defendant's claimed

6

deductions, even if supported by documentation, records, and/or opinion to establish "reasonable value" are wholly inappropriate in the instant case where the Defendant seeks to use this claimed value as a deduction form overtime wages due the Plaintiff.  Director Gary K. Pechie reiterates the Plaintiff's prior claims by conditioning the legality of the Defendants "credit" upon its being used as a credit toward minimum wage payment, or the Plaintiff's base rate of pay.  The Defendant, contrary to this clear statement, offers the "credit" as a deduction from the overtime pay due the Plaintiff.  By doing so, the Defendant attempts to assert an affirmative defense which is directly contrary to the law and the only directive provided to them by the Department of Labor.

**Conclusion:**

The Defendant has cited no good-faith basis for its untimely proffer of an additional affirmative defense.  Further, the Defendant, despite numerous discovery requests by the Plaintiff, has not provided any of the underlying documentation, evidence, correspondence from the Department of Labor regarding valuation or approval, or any expert testimony which would be a necessary prerequisite to invoke its claim of "credits" due for lodging. The Defendant's proposed amendment is without factual or legal basis.  It is futile and works only to prejudice the Plaintiff and obfuscate the existing factual and legal issues.

PLAINTIFF

7

By:

    Marc P. Mercier
    Beck & Eldergill, P.C.
    447 Center Street
    Manchester, CT 06040
    (860) 646-5606
    Fed Bar No: ct10886

## **CERTIFICATION**

I hereby certify that a copy of the foregoing has been mailed this 29th day of March, 2004, to the following parties:

Pamela J. Coyne, Esq.
Loraine M. Cortese-Costa, Esq.
Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C.
1057 Broad Street
Bridgeport, CT   06604


_____
Marc P. Mercier

Estanislau\MemOppAffDef03-04.pld

8