UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARTHUR ESTANISLAU, JR. : | CIVIL ACTION NO: 3:02CV1515(PCD) |
|    Plaintiff : | |
| : | |
| VS. : | |
| : | |
| MANCHESTER DEVELOPERS, LLC : | |
|    Defendant : | APRIL 2, 2004 |
| : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING CREDIT OR DEDUCTIONS FOR LODGING PROVIDED TO THE PLAINTIFF**

**INTRODUCTION**

In their portion of the Parties' Joint Trial Memorandum, Defendant has indicated an intent to present evidence concerning the market value of lodging provided to the Plaintiff as a claimed "credit" or deduction from the overtime wages owed the Plaintiff. The Defendant has failed to provide any evidence to establish the documentation of the cost to the Defendant of the lodging provided to the Plaintiff, and is therefore unable to claim this as a credit. Further, the Defendant is precluded, as a matter of law, from claiming a "credit" or deduction for lodging. In support of this Motion the Plaintiff states:

    1. The Defendant has failed to maintain or disclose records of the cost of lodging provided to the Plaintiff and claimed as a credit by the Defendant.

    2. The Defendant, pursuant to Conn. Regs. § 31-60-3 and 29 C.F.R. § 531.37, may

1

not claim the provision of lodging as a "credit' or deduction from overtime wages owed the Plaintiff.

    3.  The Defendant has failed to seek or receive approval of the Department of Labor regarding the value of lodging provided to the Plaintiff and claimed as a credit to the Defendant pursuant to 29 C.F.R. Section 531.4.

**ARGUMENT**

**I.**    **The Defendant has failed to maintain or disclose records of the cost of lodging provided to the Plaintiff and claimed as a credit by the Defendant and Therefore May not Claim Such Lodging as a Credit or Deduction Toward Overtime Wages.**

An employer must keep records of the cost incurred in furnishing board, lodging or other facilities.  29 C.F.R. § 516.27(a).  An employer must maintain records showing additions or deductions from wages paid for board, lodging or other facilities on a work week basis. 29 C.F.R. Section 516.28(b).  The employer has the burden of showing that it is entitled to the credits claimed under § 3(m) of the Fair Labor Standards Act.  Donovan v. New Floridian Hotel, Inc., 676 F.2d 468, 473-76 (11th Cir.1982).  To date, the Defendant has merely claimed the market value or rent for the lodging furnished.  Such a calculation impermissibly includes a profit to

2

the Defendant.

> Section 3(m) of the FLSA, 29 U.S.C. 203(m), allows employers to include the reasonable cost of meals, lodging, or other facilities in employee wages for purposes of FLSA. The regulations promulgated by the Secretary of Labor define "reasonable cost" to be not more than the actual cost to the employer of the board, lodging, or other facilities customarily provided by him to his employees. 29 C.F.R. § 531.3(a). "**'Reasonable cost' does not include a profit to the employer or any affiliated person**." 29 C.F.R. § 531.3(b). . .The employer has the burden of showing that he is entitled to the credits claimed under § 3(m) of the FLSA. Donovan v. New Floridian Hotel, Inc., 676 F.2d 468 (11th Cir.1982).

Washington v. Miller, 721 F.2d 797, 803 (11th Cir., 1983), see also Donovan v. New Floridian Hotel, Inc., 676 F.2d 468, 474 (11th Cir., 1982 ) (" 'Reasonable cost' does not include a profit to the employer or to any affiliated person."); Herman v. Collis Foods, Inc., 176 F.3d 912, 914 ( 6th Cir., 1999) ("[R]easonable cost"  [means] "not more than the actual cost to the employer of the board, lodging, or other facilities customarily furnished by him to his employees. . . Reasonable cost may not include a profit to the employer.")(internal quotations omitted).

An employer who fails to maintain the required records and who does not seek a determination of the Administrator of the Wage and Hour Division will be denied a credit for housing. Donovan v. New Floridian Hotel, Inc., 676 F.2d 468, 473-76

(11th Cir.1982); Washington v. Miller, 721 F.2d 797, 803 (11th Cir.1983) (per curiam); Davis Bros., Inc. v. Donovan, 700 F.2d 1368 (11th Cir.1983); Brennan v. Veterans Cleaning Service, Inc., 482 F.2d 1362 (5th Cir.1973); Morrisroe v. Goldsboro Mill Co., 884 F.Supp. 192, 195, (E.D.N.C. 1994); Leonard v. Carmichael Properties and Mgmt. Co., 614 F.Supp. 1182, 1188 (S.D.Fla.1985). The burden is upon the employer to invoke the Administrator's assistance. Donovan v. Floridian Hotel, Inc., 676 F.2d 468, 473-76 (11th Cir.1982); Morgan v. Atlantic Coastline R. Co., 32 F.Supp. 617 (S.D.Ga. 1940).

II.  **The Defendant, Pursuant to Conn. Regs. § 31-60-3 and 29 C.F.R. § 531.37, May Not Claim the Provision of Lodging as a "Credit" or Deduction From Overtime Wages Owed the Plaintiff.**

Regardless of the value claimed by the Defendant or recognized by the Administrator, the 'credit' for lodging may only be used as a credit toward the minimum wage, *not as a deduction from overtime wages*. See Conn. Regs. § 31-60-3. See also, Giles v. City of New York, 41 F.Supp.2d 308, 316-317 (S.D.N.Y. 1999) (where board, lodging, or other facilities are customarily furnished as addition to a cash wage, the reasonable cost of the facilities to the employer must be considered as part of the employee's regular rate of pay, not part of his compensation for overtime), citing 29 C.F.R. § 531.37 and Walling v. Alaska Pac. Consol. Min. Co., 152 F.2d 812, 815 (1945) ("it seems

clear that the cost of board and lodging customarily furnished employees must also be included in the regular rate"). See also Exhibit 1, *Opinion Letter FLSA*, supra. ("When an employee covered by the overtime requirements works overtime hours, deductions may be made only from the non-overtime hours (first 40 hours in the week), and proper time-and-one-half the full regular rate (pre-deductions) must be paid for all statutory overtime hours.").

III.  **The Defendant has Failed to Seek or Receive Approval of the Administrator of the Department of Labor Regarding the Value of Lodging Provided to the Plaintiff and Claimed as a Credit to the Defendant.**

Section 3(m) of the FLSA, 29 U.S.C. Section 203(m), permits an employer to include the reasonable cost of lodging in an employee's wages for the purposes of computing the total wage paid. Both the statute itself and the applicable regulations, however, require that an employer seek a determination of reasonable cost by the Administrator of the Wage and Hour Division. 29 C.F.R. Section 531.4. The burden is on the employer to both invoke the Administrator's assistance and to prove entitlement to the credits. Donovan v. New Floridian Hotel, Inc. 676 F.2d 468, 475, n. 13 (11th Cir. 1982); Leonard v. Carmichael

Properties & Management, 614 F.Supp. 1182, 1188, n. 3 (S.D. Fla. 1954.)  Where, as here, Defendant has failed to take any of the steps required by the FLSA and has not sought the approval of the Department of Labor, it is not entitled to deduct the cost of housing from Plaintiff's compensation.

                PLAINTIFF

              By:
                Marc P. Mercier
             Beck & Eldergill, P.C
             447 Center Street
             Manchester, CT 06040
               Tel: (860) 646-5606
               Fed Bar No: ct10886

## **CERTIFICATION**

  I hereby certify that a copy of the foregoing has been mailed this 2nd day of April, 2004, to the following parties:

Pamela J. Coyne, Esq.
Loraine M. Cortese-Costa, Esq.
Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C.
1057 Broad Street
Bridgeport, CT   06604

                Marc P. Mercier

Estanislau\MemLimLodg04-04.pld