**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ARTHUR ESTANISLAU, JR. | : | CIVIL ACTION NO: 3:02CV1515(PCD) |
|     Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| MANCHESTER DEVELOPERS, LLC | : | |
|     Defendant | : | APRIL 2, 2004 |
| | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN**
**SUPPORT OF MOTION IN LIMINE RE: EVIDENCE**

**INTRODUCTION**

In its Section B Compliance with the Trial Preparation Order, Defendant has indicated an intent to present evidence concerning:

1. criminal convictions of and traffic citations received by the Plaintiff, including a misdemeanor conviction over 10 years old  (Defendant's Section B Compliance, Proposed Findings of Fact, p. 31, para. 10; Proposed Disputed Evidence, p. 65, para. 1;  Proposed Exhibit  LLL).

2. Allegations of misrepresentations made in tax filings for work performed prior to Plaintiff's employment by Defendant.  (Defendant's Section B Compliance, Proposed Disputed Evidence, p. 65, para. 3; Proposed Exhibit VVV, WWW).

1

3.  Allegations of misrepresentations or false statements made on Plaintiff's job application with Defendant and supporting testimony from Vinnie J. Grillo (including deposition transcript pages) on issues wholly unrelated to the instant case. (Proposed Exhibit K, NNN; Proposed Witness, Vinnie Grillo)

Defense counsel has indicated through its Section B Compliance that this evidence will be offered to show character, motive and veracity of the Plaintiff.

## ARGUMENT

**I.      Evidence of the Plaintiffs "Prior Bad Acts", Occurring Prior to His Employment By Defendant Would Violate the Provisions of Rules 404 and 608 of the Federal Rules of Evidence.**

Evidence of alleged specific instances of prior bad acts by the Plaintiff is not admissible.

Rule 404 provides, in relevant part:

(a)     *Character Evidence Generally* - Evidence of a person's character or a trait of character is not admissible for the purpose of proving action and conformity therewith on a particular occasion.

(b)     *Other Crimes, Wrongs, or Acts* - Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action and conformity therewith.

Rule 4O4 generally prohibits the admission of evidence of a person's character for  the purpose of proving that the individual acted in conformity with that character on a particular occasion.  Fed.R.Evid. 4O4; see C. McCormick, Handbook of the Law

2

of Evidence s 188, at 445 [2d ed. 1972].  The rationale behind this rule is the

notion that this evidence has slight probative value but has a tendency to be highly

prejudicial or to confuse the issues.  <u>Reyes v. Missouri Pacific Railroad Co.</u>, 589

F.2d 791, 793 [5th Cir. 1979]; C. McCormick, supra, at 445; J. Weinstein & M.

Berger, 2 Weinstein's Evidence P. 404 [03], at 404-20.  The Notes of the Advisory

Committee on the Proposed Rules expressed this concern:

> Character evidence is of slight probative value and may be very prejudicial.  It
> tends to distract the trier of fact from the main question of what actually
> happened on the particular occasion. It subtly permits the trier of fact to
> reward the good man and to punish the bad man because of their respective
> characters despite what the evidence in the case shows actually happened.

Committee Notes to Rule 404 (quoting California Law Revision Commission).

The only relevant exceptions to that rule are made with respect to the character of a

witness and are contained in Rules 608 and 609.  In this case, both Rule 608 and 609 bar

the Defendant's proffered evidence.

Rule 608 provides, in relevant part:

(b) Specific instances of conduct.  Specific instances of the conduct of a
witness, for the purpose of attacking or supporting the witness' character for
truthfulness, other than conviction of crime as provided in rule 609, may not
be proved by extrinsic evidence.

Rule 608(b) thus prohibits the use of extrinsic evidence to show specific instances of

misconduct, other than a criminal conviction, to attack or support a witness's character for truthfulness.  This rule, concerning prior misconduct of Defendant relates not only to prior crimes, but to any conduct of Defendant which may bear adversely on jury's judgment of his character.  U. S. v. Cooper, 577 F.2d 1079 (6th Cir. 1978), certiorari denied 99 S.Ct. 196, 439 U.S. 868, 58 L.Ed.2d 179.  The reason for a rule prohibiting evidence of other acts to prove the character of a person is that such character evidence is of slight probative value and tends to distract the trier from the main question of what actually happened on a particular occasion.  Jones v. Southern Pacific R.R., 962 F.2d 447 (5th Cir. 1992).  If evidence is introduced for purpose of showing that that person acted in accordance with his character on given occasion, the evidence is inadmissible unless it falls within one of exceptions noted by this rule.  Reyes v. Missouri Pac. R. Co., 589 F.2d 791 (5th Cir. 1979).

Thus, the Defendant cannot use any of the Plaintiff's alleged traffic citations for any purpose relating to truthfulness.  In fact, the traffic citations themselves are irrelevant, under Rule 402, to any purpose in this case because, they are wholly unrelated to the Plaintiff's hours of work.  Only if the Defendant could first show that the Plaintiff's appearances in court were for matters unrelated to work could it seek to introduce any redacted court record showing only appearances dates and/or times.

4

Evidence of Plaintiff's alleged false statements upon tax returns from 2000 and 2001 for work done prior to employment with Defendant are likewise inadmissible to show Plaintiff lied.  Ricketts v. City of Hartford, 74 F.3d 1397, 1413 (2d Cir. 1996)(hospital records barred when offered to show that officers lied regarding their use of excessive force).  Such an attempt to discredit the character or veracity of the Plaintiff by the submission of such extrinsic evidence goes to the very core of what these Rules of Evidence prohibit.  Indeed, tax returns for those years, excepting Plaintiff's W-2 from Defendant, has absolutely nothing to do with the Defendant's business, hours worked, or compensation received and is irrelevant under Rule 402.

For the same reasons, Defendant's effort to introduce Plaintiff's employment application to demonstrate Plaintiff lied on his application is inadmissible.  Palmer v. City of Monticello, 31 F.3d 1499, 1506(10th Cir. 1994)(in a Section 1983 action, no error to preclude impeachment by showing alleged falsities on plaintiff's employment application).

II.    Evidence of the Plaintiffs Prior "Citations" or Criminal Charges, or Criminal Convictions for Misdemeanors More Than 10 Years Ago are Precluded by Rule 609 of the Federal Rules of Evidence.

Plaintiff's conviction in 1993 for a misdemeanor is inadmissible for any

5

purpose.

Rule 609 provides, in relevant part:

(a)    General rule. For the purpose of attacking the credibility of a witness,

(1)    evidence that a witness other than an accused has been convicted of a crime
       shall be admitted, subject to Rule 403, if the crime was punishable by death or
       imprisonment in excess of one year under the law under which the witness was
       convicted, and evidence that an accused has been convicted of such a crime
       shall be admitted if the court determines that the probative value of admitting
       this evidence outweighs its prejudicial effect to the accused; and

(2)    evidence that any witness has been convicted of a crime shall be admitted if it
       involved dishonesty or false statement, regardless of the punishment.

(b)    Time limit.  Evidence of a conviction under this rule is not admissible if a period
       of more than ten years has elapsed since the date of the conviction or of the
       release of the witness from the confinement imposed for that conviction,
       whichever is the later date, unless the court determines, in the interests of
       justice, that the probative value of the conviction supported by specific facts
       and circumstances substantially outweighs its prejudicial effect.  However,
       evidence of a conviction more than 10 years old as calculated herein, is not
       admissible unless the proponent gives to the adverse party sufficient advance
       written notice of intent to use such evidence to provide the adverse party with a
       fair opportunity to contest the use of such evidence.

While the Defendant has not provided to the Court a specific identification of

the crime conviction which it intends to use, only the Plaintiff's 1993 misdemeanor

conviction exists.  In addition to failing to satisfying neither the penalty nor time limit

requirements of Rule 609, the Defendant has not and cannot claim that that

conviction is for a crime relating to dishonesty or false statement.  It is therefore not admissible for any purpose.

The remaining evidence offered by the Defendant concerns "citations" for motor vehicle violations, or infractions, which are not "crimes".  An effort to impeach a witness on basis of mere accusation or arrest is not permissible.  U. S. v. Hodnett, 537 F.2d 828 (5th Cir. 1976) rehearing denied 540 F.2d 1086.

7

III.    <u>Defendant's Use Of Plaintiff's Employment Application, Testimony and/or Deposition Transcripts from Vincent Grillo Violates The "After Acquired" Evidence Rule.</u>

Defendant seeks to introduce Plaintiff's employment application and testimony and deposition transcript pages fom Vinnie Grillo to demonstrate Plaintiff allegedly lied about his work experience prior to employment with Defendant. Such evidence is inadmissable for any purpose related to liability and may only be introduced if relevant to Plaintiff's claim of damages.  See <u>McKennon v. Nashvill Banner Publishing Co.</u>, 513 U.S. 352, 360 (1995).  In this case, the alleged misrepresentation has no bearing upon Plaintiff's eligibility for overtime compensation or his damage claim.  In fact, like much else proffered by Defendant, the alleged misrepresentations are designed only to prejudice the jury with extraneous information about Plaintiff's character.  For the reasons discussed above, the evidence is inadmissible for such a purpose.

IV.    <u>The Aforementioned Evidence, Does Not Constitute Relevant Evidence Under Rule 401 of the Federal Rules of Evidence.</u>

As noted above, testimony and evidence concerning the Plaintiff's conduct prior and wholly unrelated to his employment by the Defendant is not relevant to any issues in this case.  Traffic citations received by the Plaintiff, court appearances

8

made by the Plaintiff, allegations of misrepresentations made in employment applications or tax filings for years prior to the time of employment by the Defendant, and allegations of a misdemeanor conviction over ten years ago should be excluded under Rule 401, as it does not constitute relevant evidence in this case.  Under Rule 401, "relevant evidence" means any evidence having any tendency to make the existence of any fact that is of consequence to the termination of the action more probable or less probable than it would be without the evidence."  None of what the Defendant has offered satisfies that standard.

## Conclusion

**For the foregoing reasons, the Court should grant Plaintiff's Motion in Limine and preclude Defendant from proffering any evidence of:**

1.  Criminal convictions of and traffic citations received by the Plaintiff, including a misdemeanor conviction over 10 years old as identified in Defendant's Section B Compliance, Proposed Findings of Fact, p. 31, para. 10; Proposed Disputed Evidence, p. 65, para. 1;  Proposed Exhibit  LLL;

2. Allegations of misrepresentations made in tax filings for work performed prior to Plaintiff's employment by Defendant as identified in Defendant's Section B Compliance, Proposed Disputed Evidence, p. 65, para. 3; Proposed Exhibit VVV, WWW; and

3.  Allegations of misrepresentations or false statements made on Plaintiff's job

application with Defendant and supporting testimony from Vinnie J. Grillo (including

deposition transcript pages) on issues wholly unrelated to the instant case as identified in

Proposed Exhibit K, NNN; Proposed Witness, Vinnie Grillo.

PLAINTIFF

By:
    Marc P. Mercier
    Beck & Eldergill, P.C
    447 Center Street
    Manchester, CT 06040
    Tel: (860) 646-5606
    Fed Bar No: ct10886

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed this 2nd day of April, 2004, to the following parties:

Pamela J. Coyne, Esq.
Loraine M. Cortese-Costa, Esq.
Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C.
1057 Broad Street
Bridgeport, CT   06604

_____
Marc P. Mercier

Estanislau\MemLimEvid04-04.pld

10