UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARTHUR ESTANISLAU, JR. | : | CIVIL ACTION NO: 3:02CV1515(PCD) |
|     Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| MANCHESTER DEVELOPERS, LLC | : | |
|     Defendant | : | APRIL 2, 2004 |
| | : | |

**PLAINTIFF'S PRELIMINARY REQUEST TO CHARGE THE JURY**

Plaintiff requests that the jury be charged in accordance with the following instructions. Plaintiff reserves the right the amend this request to charge:

I. **Overtime Claims Against Defendant Manchester Developers, LLC**

1. This case arises under the Fair Labor Standards Act, a federal law that requires payment of overtime pay, and under similar Connecticut State laws. Both the Fair Labor Standards Act and Connecticut law require employers to pay to their employees overtime wages, at one and a half times the regular rate, for hours worked in excess of 40 hours in a single week. The instructions I will give you now apply to the Plaintiff's federal and state claims for overtime pay. To the extent the federal and state law has a different standard, I will let you know that when I get to that part of the instructions.

1

29 U.S.C. Section 207; 29 U.S.C. Section 216(b); Conn. Gen. Stat. Section 31-68; Conn. Gen. Stat. Section 31-72. 26. Conn. Gen. Stat. Section 31-76c.

2. To win his case, the Plaintiff must prove by a preponderance of the evidence that he was employed by the Defendant during the time period in question. It is undisputed that the Plaintiff was employed by the Defendant from September, 2000 to March, 2002 and I instruct you that as a matter of law this element is established.

3. The Plaintiff must also prove by a preponderance of the evidence that he was an hourly employee entitled to overtime.  In this case, it is not disputed that the Plaintiff was an hourly employee and I instruct you, that as a matterof law, Mr. Estanislau was entitled,  to overtime compensation for hours he worked in excess of 40 hours in a single week.

4. It is the Plaintiff's burden to prove, by a preponderance of the evidence, that he performed work for which he was not paid and to provide evidence to show the amount and extent of the work.

Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-7, 66 S.Ct. 1187, 1191-92, 90 L.Ed. 1515 (1946); Schoonmaker v. Lawrence Brunoli, Inc., 265 Conn. 210, 234, 237-40 (2003).

5. The Plaintiff is not required to provide an exact calculation. He is required only to provide a reasonable estimate of hours worked from which you, as the jury, are entitled to make reasonable inferences.

In this case, the Plaintiff is claiming overtime wages during the period from September 9, 2000 through November 20, 2002 and he must provide you a reasonable estimate for that period in order to prove his claim.

<u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. at 687-8.

6. Under our law, it is the employer's responsibility, and not that of the employee, to keep records of wages and hours worked.

29 U.S.C. Section 211(c); Conn. Gen. Stat. Section 31-66.

7. The records the Defendant is required to keep include, among other things, (1) the total daily and weekly hours worked, (2) the regular hourly rates of pay for each week in which overtime compensation is due, (3) the total daily and weekly earnings, (4) the total wages paid, and (5) the total weekly premium pay for overtime hours. It is for you, the jury, to decide the adequacy of the records kept by the Defendant.

29 C.F.R. Sections 516.2, 516.5; Conn. Gen. Stat. Section 31-66; Regulations of the State of Connecticut Department of Labor Sections 31-60-12a and 31-60-12c; <u>Schoonmaker</u>, 265 Conn. at 237-40.

8. If the Plaintiff is able to show, by a preponderance of the evidence, that the Defendant failed to keep the proper records, or kept time records which were inaccurate or incomplete and if the Plaintiff provides sufficient evidence to show the amount and extent of his work as a matter of just and reasonable inference, the burden shifts to the Defendant to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to drawn from the Plaintiff's evidence.
Anderson, 328 U.S. at 687-8; Schoonmaker, 265 Conn. at 237-40.

9. In this case, I instruct you that as a matter of law, the time records maintained by the Defendant from September 6, 2000 to February 14, 2001 are insufficient. Therefore, if you find that the Plaintiff has provided a reasonable estimate of the hours and extent of work during that period, the burden shifts to the Defendant as I just describe to you.

There is a second time period of record keeping at issue in this case - those maintained by the Defendant for the period rom February 15, 2001 through November 20, 2002. The adequacy of those records is for you to decide.
See Schoonmaker, 265 Conn. at 238, fn. 34.

4

10. In determining the adequacy of the records during that time period, the time sheets and time cards maintained by the Defendant are not controlling. Such records, especially when they are kept by the employee, are frequently untrustworthy. It is also generally recognized that time clocks do not necessarily record the actual time worked by employees. Where the employee is required to be on the premises or on duty at a different time or where the payroll records or other facts indicate that work starts at an earlier or later period the time clock records are not controlling. Only if you find that they accurately reflect the period worked can they be used as an appropriate measurement of the hours worked.
Anderson, 328 U.S. at 687, 690-1.

11. If you find the Defendant's records inadequate or inaccurate, the Defendant cannot complain that the damages claimed by the Plaintiff lack the exactness of measurement that would be possible had they kept the required records. If the Defendant fails to produce evidence of the precise amount of work performed or evidence to negate the reasonableness of the inference to drawn from the Plaintiff's evidence, you may award damages to the Plaintiff even though the award is approximate.
Anderson, 328 U.S. at 687-8.

12.  An employer must pay its employee at least one and one- half times their regular rate for overtime work; that is, for all work over 40 hours per week.  An employee's  regular rate is the basis for calculating any overtime pay due the employee.

29 U.S.C. Section 207;  29 U.S.C. Section 216(b); Conn. Gen. Stat. Section 31-68; Conn. Gen. Stat. Section 31-72. 26. Conn. Gen. Stat. Section 31-76c.

13.  The regular rate for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours.  In this case, there is no dispute that the Plaintiff's hourly rate was $12.00 per hour.

14.  The regular rate of pay includes all compensation for employment whether paid in cash or in any other form.

29 U.S.C. Section 207(e); Conn. Gen. Stat. Section 31-76b; Conn. Gen. Stat. Section 31-222(b)(1).

That means, that in this case, the reasonable cost or fair value of housing provided by the Defendant to the Plaintiff must be added to the cash wage of $12.00 per hour when calculating the Plaintiff's regular hourly rate.

It is your role as the jury to determine what the reasonable cost or fair value is of the housing provided by the Defendant to the Plaintiff.

29 C.F.R. 778.116; 29 C.F.R. 778.202; see also <u>Marshall v. Valhalla Inn</u>, 590 F.2d 306, 308 (9th Cir. 1979); <u>Walling v. Alaska Pac. Consol. Min. Co.</u>, 152 F.2d 812, 815 (9th Cir. 1945); <u>Giles v. City of New York</u>, 41 F.Supp.2d 308, 316-317 (S.D.N.Y., Mar 10, 1999); Conn. Gen. Stat. Section 31-222(b)(1); Conn. Gen. Stat. Section 31-76b.

    15. For the purposes of calculating overtime, hours of work include any hours which the employee is required to give to his employer.

29 C.F.R. Section 785.7; See <u>Armour & Co. v. Wantock</u>, 323 U.S. 126, 133, 65 S.Ct. 165, 89 L.Ed. 118 (1944); Conn. Gen. Stat. Section 31-76(b)(2)(A).

    16. Hours worked include all time during which an employee is required to be on duty or to be on the employer's premises or at a prescribed workplace and all time during which an employee is suffered or permitted to work whether or not he is required to do so.

Suffered or permitted means that work is allowed, expected, or required to complete the job and includes work that the Defendant knew or should have known would be worked for the Plaintiff to perform his duties.

29 C.F.R. Section 778.223. <u>Moon v. Kwan</u>, 248 F.Supp.2d. 201, 228 (S.D.N.Y. 2002); <u>Abel v. Department of Corrections of the State of Kansas</u>, 1995 WL 550045 (D.Kan. 1995); <u>McConnell v. Thomson Newspapers, Inc.</u>, 802 F.Supp. 1484, 1506 (E.D.Tex. 1992);
Conn. Gen. Stat. Section 31-76b(2)(A).

    17.  Inactive time that an employee is unable to use effectively for his own purposes constitutes work time.

7

29 C.F.R. Section 785.15; <u>Moon v. Kwan</u>, 248 F.Supp.2d 201 (S.D.N.Y. 2002).

    18.  Work means "mental or physical exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer." So activities performed by employees either before or after their regular work shifts are "work", for which employees must be paid, when those activities are an integral and indispensable part of the principal activities which the workers are employed to perform.

<u>Tennessee Coal, Iron & R.R. v. Muscoda</u>, 321 U.S. 590, 598, 64 S.Ct. 698, 88 L.Ed. 949 (1944); <u>Richardson v. Costco Wholesale Corporation</u>, 169 F.Supp.2d 56, 60-61 (D.Conn. 2001).

    19.  Work that is not requested by an employer, but is nevertheless allowed, permitted or required for the employee to perform his job is compensable work time. 29 C.F.R. Section 785.11; Conn. Gen. Stat. Section 31-76b(2)(A).

    20.  It is up to you as the jury to decide whether the Defendant knew or reasonably should have known that the Plaintiff was working overtime based on all the facts and circumstances of the case. In this case, you should consider whether the employer knew or should have known that the assignments and duties it gave to the Plaintiff would require him to work overtime, whether the employer had staffing shortages that would require the Plaintiff to do more work, whether the Plaintiff or

8

other employees discussed with or complained to management about overtime hours, whether the Defendant had a policy requiring supervisory approval of overtime, and whether the employer instructed the Plaintiff not to keep accurate records.

Abel v. Department of Corrections of the State of Kansas, 1995 WL 550045 (D.Kan. 1995); McConnell v. Thomson Newspapers, Inc., 802 F.Supp. 1484, 1506 (E.D.Tex. 1992).

21. In determining whether the Defendant had a policy requiring supervisory approval of overtime work, it is not enough for the Defendant to show that it had a rule requiring such approval.  Rather, the Defendant must prove, by a preponderance of the evidence, that it had such a rule, that it communicated the rule to its employees and that it enforced the rule.  The Defendant has the power and duty to enforce the rule and see that work is not performed.

Moon v. Kwan, 248 F.Supp.2d 201 (S.D.N.Y. 2002).

22.  The Defendant has asserted a defense of "unclean hands" in this case. That means that the Defendant has claimed that the Plaintiff acted improperly and without good faith in recording his hours.  It is the Defendant's obligation to prove that defense by a preponderance of the evidence.

23. In considering the Defendant's defense, you must determine whether, as I discussed before, the Defendant knew or should have known of the overtime worked. You must also consider whether the Defendant encouraged, in any way, the under reporting or false reporting of the hours worked by the Plaintiff. If you find that the Defendant knew or should have known of the Plaintiff's overtime or that the Defendant encouraged the Plaintiff to underreport or falsely report his hours, the Defendant cannot establish its defense of "unclean hands".

Abel v. Department of Corrections of the State of Kansas, 1995 WL 550045 (D.Kan. 1995); McConnell v. Thomson Newspapers, Inc., 802 F.Supp. 1484, 1506 (E.D.Tex. 1992).

24. If you find that the Plaintiff has not proven his case by a preponderance of the evidence, then you must enter a verdict for the Defendant.

If you find that the Plaintiff has proven his claim by a preponderance of the evidence, you must then consider an award of damages. The measure of damages in this case is the difference between what the Defendant should have paid the Plaintiff if it had paid overtime and the amount that you determine that he was actually paid. In other words, Plaintiff is entitled to the overtime he should have received, but did not receive.

ABA Model Instruction.

25. In this case, there was testimony that Plaintiff was not paid for certain overtime hours because the Defendant considered Plaintiff's free housing as payment for that overtime.  I instruct you, as a matter of law, that the free housing provided to Plaintiff cannot be used to reduce the Defendant's obligation to pay overtime.  You should not consider this housing in making your award for damages.

26. You must also consider whether the Plaintiff is entitled to any other amount of damages.  In this case, those are the additional hours that the Plaintiff claims he worked but were not paid for by the Defendant.  You are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for the Plaintiff's damages - no more, no less.  Damages cannot be based on speculation or guesswork because only actual damages - what the law calls compensatory damages - can be recovered.  However, as I stated earlier, a Plaintiff should not be penalized because he is unable to calculate his damages exactly.  He is required to provide a reasonable basis for estimating damages.

In awarding damages, the Plaintiff cannot recover twice or three times for the same losses and any damages you may assess should compensate the Plaintiff once.

Damages are not allowed as punishment and cannot be imposed or increased to penalize the Defendant.

ABA Model Jury Instructions

27.  If you find that the Plaintiff has proven his claim by a preponderance of the evidence, you must also consider whether the Defendant acted in bad faith, arbitrarily or unreasonably in denying to the Plaintiff overtime compensation.  In doing so, it is not your function to second guess legitimate business decisions or to question a corporation's legitimate business priorities and goals.  Bad faith requires more than mere negligence.  It involves a dishonest, interested or sinister motive. Arbitrariness or unreasonableness is characterized by differential treatment of employees or unilateral conduct or changes by the Defendant.

<u>Crowther v. Gerber Garment Technology, Inc.</u>,  8 Conn. App. At 265, 513 Conn. A.2d 144 (1986); <u>Feinberg v. Berglewicz</u>, 32 Conn.App. 857, 863, 632 A.2d 709 (1993); <u>Minchin v. Chrylser Capital Corp.</u>, 1999 WL 118011 (D.Conn. 1999).

                PLAINTIFF

            By:
              Marc P. Mercier
              Beck & Eldergill, P.C.
              447 Center Street
              Manchester, CT 06040

                (860) 646-5606
                Fed Bar No: ct10886

## CERTIFICATION

  I hereby certify that a copy of the foregoing has been mailed this 2nd day of April, 2004, to the following parties:

Pamela J. Coyne, Esq.
Loraine M. Cortese-Costa, Esq.
Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C.
1057 Broad Street
Bridgeport, CT  06604

                _____
                Marc P. Mercier

Estanislau\JuryInstr04-04.pld