UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARTHUR ESTANISLAU, JR.<br>    Plaintiff | : CIVIL ACTION NO: 3:02CV1515(PCD)<br>:<br>: |
| VS. | :<br>: |
| MANCHESTER DEVELOPERS, LLC<br>    Defendant | :<br>: APRIL 2, 2004<br>: |

**PLAINTIFF'S ALTERNATIVE PRELIMINARY REQUEST TO CHARGE THE JURY
IF DEFENDANT IS PERMITTED TO PROCEED WITH
DEFENSE OF CREDIT FOR LODGING**

26A.  In this case, the Defendant has asserted that it is entitled to the deductions that it made against the Plaintiff's claimed overtime hours to account for the reasonable value of the lodging that it provided to the Plaintiff.  The Defendant claims the Plaintiff is not entitled to damages for those deductions.  The Defendant has the burden to establish, by a preponderance of the evidence, that it is entitled to that credit.

Donovan v. New Floridian Hotel, Inc., 676 F.2d 468, 473-76 (11th Cir.1982).

26B.  In determining whether the Defendant is entitled to the credit, you must consider whether the lodging provided to the Plaintiff was primarily for the benefit or convenience of the Defendant.  If you find that it the lodging was primarily for the benefit or convenience of the Defendant, the Defendant is not entitled to any credit

for the reasonable cost of the lodging.

If on the other hand you find that the lodging was primarily for the benefit or convenience of the Plaintiff, the Defendant may be entitled to a credit if it is able to satisfy the other elements I will describe to you now.

29 C.F.R. Section 31.32(c) See also <u>Arriaga v. Florida Pacific Farms, L.L.C.</u>, 305 F.3d 1228, 1236 (11th Cir. 2002); DOL Wage and Hour, *Opinion Letter Fair Labor Standards Act* (February 16, 2001).

26C.  To obtain the credit, the Defendant must show that it customarily provided such lodging to its employees.

29 U.S.C. Section 203(m)

26D.  The Defendant must also show adequate records of the "reasonable cost" incurred in furnishing the lodging to the Plaintiff.  The adequacy of those records is for you to decide.

29 C.F.R. Section 516.27(a); 29 C.F.R. Section 516.28(b).

26E.  The reasonable cost is defined to be not more than the actual cost to the Defendant of the lodging it customarily furnished to the Plaintiff.  Reasonable cost cannot include a profit to the Defendant.

29 C.F.R. Sections 531.3(a) and (b).

26F.  The burden is also on the Defendant to show that it sought a determination of the United States Department of Labor and the State of Connecticut Department of Labor to set the reasonable value of the credit for lodging.  If you find that the Defendant failed to obtain such a determination from the applicable agency, you must find that Defendant is not entitled to a credit for lodging under the Fair Labor Standards Act and/or Connecticut state law.

<u>Donovan v. New Floridian Hotel, Inc.</u>, 676 F.2d 468, 473-76 (11th Cir.1982); <u>Washington v. Miller</u>, 721 F.2d 797, 803 (11th Cir.1983) (per curiam); <u>Davis Bros., Inc., v. Donovan</u>, 700 F.2d 1368 (11th Cir.1983); <u>Brennan v. Veterans Cleaning Service, Inc.</u>, 482 F.2d 1362 (5th Cir.1973); <u>Morrisroe v. Goldsboro Mill Co.</u>, 884 F.Supp. 192, 195, (E.D.N.C. 1994); <u>Leonard v. Carmichael Properties and Mgmt. Co.</u>, 614 F.Supp. 1182, 1188 (S.D.Fla.1985); <u>Morgan v. Atlantic Coastline R. Co.</u>, 32 F.Supp. 617 (S.D.Ga. 1940); Regulations of the State of Connecticut Department of Labor Section 31-60-3(f); Regulations of the State of Connecticut Department of Labor Section 30-60-3(g).

26G.  Finally, the Defendant must show that it properly calculated and took the credit.  When an employer takes a credit for lodging, deductions may be made only from the non-overtime hours, the first 40 hours in the week, and proper time and-one-half at the full regular rate without deductions must be paid for all overtime hours.  To be proper, deductions may not be made only in overtime workweeks. DOL Wage and Hour, *Opinion Letter Fair Labor Standards Act* (February 16, 2001).

27H.  If you find that the Defendant satisfied each of those elements, then the

Defendant is entitled to the deductions that it made against the Plaintiff's claimed overtime hours to account for the reasonable value of the lodging that it provided to the Plaintiff and you may not include that amount in any damages you may award the Plaintiff.

If you find that the Defendant did not meet its burden to receive that credit, you must award to the Plaintiff, at a minimum, those damages that you determine represent the deductions from his overtime compensation taken for the value of the lodging.

                        PLAINTIFF

By:
    Marc P. Mercier
    Beck & Eldergill, P.C.
    447 Center Street
    Manchester, CT 06040
    (860) 646-5606
    Fed Bar No: ct10886

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed this 2nd day of April, 2004, to the following parties:

Pamela J. Coyne, Esq.
Loraine M. Cortese-Costa, Esq.
Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C.

1057 Broad Street
Bridgeport, CT   06604

_____
Marc P. Mercier

Estanislau\JurylinstAlt04-04.pld