# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARTHUR ESTANISLAU, JR. | : | CIVIL ACTION NO: 3:02CV1515(PCD) |
|     Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| MANCHESTER DEVELOPERS, LLC | : | |
|     Defendant | : | APRIL 2, 2004 |
| | : | |

## PLAINTIFF'S TRIAL PREPARATION ORDER SECTION C COMPLIANCE

### B1. Claims of Fact Proposed For Stipulation As Undisputed

1.     During his interview for employment with Defendant, Plaintiff was advised that the position of Maintenance Superintendent paid twelve dollars ($12.00) per hour, and that he would be provided with an apartment in exchange for hours.

Agreed only that "during his interview for employment with Defendant, Plaintiff was  advised that the position of Maintenance Superintendent paid twelve dollars ($12.00) per hour."

Disagree to the extent that Defendant claims "that he would be provided with an

1

apartment in exchange for hours." The claim will be the subject of countering evidence; Testimony of Plaintiff; Testimony of Coleman; Testimony of Velasco; Plaintiff's Exhibit 1, pp. 78-80, 117-9, 121-2.

2.    On January 31, 2001, the agreement regarding provision of an apartment in exchange for twelve (12) hours of on-call time was memorialized in writing.

Disagree. The claim will be the subject of countering evidence; Testimony of Plaintiff; Testimony of Coleman; Testimony of Velasco; Plaintiff's Exhibit 1, pp. 78-80, 117-9, 121-2, 125; Plaintiff's Exhibits 7; 8; 13; 16; 17; 18; 19; 20.

3.    Plaintiff accepted the offer of employment as described to him during his interview and began working for Defendant on September 9, 2000.

Disagree.  The claim will be the subject of countering evidence.  Testimony of Plaintiff; Testimony of Coleman; Testimony of Velasco; Plaintiff's Exhibit 1, pp. 78-80, 117-9, 121-2, 125; Plaintiff's Exhibits 7; 8; 13; 16; 17; 18; 19; 20.

4.    In the years prior to his employment with Defendant, Plaintiff worked at several jobs in connection with which he did not report or pay income tax on his earnings.

2

Disagree as overly broad, irrelevant, and inadmissable.  See Plaintiff's Motion in Limine.  Without waiving that objection, disagree.  Plaintiff reserves the right to offer countering evidence. Testimony of Plaintiff.

5.     Plaintiff lived in a one-bedroom apartment at Aspen Woods with his girlfriend,  Kristi Lynn Kerns, prior to his date of hire.

Agree.

6.     Plaintiff and his girlfriend paid eight hundred sixty-five ($865.00) per month for the one-bedroom apartment.

Agree.

7.     Upon being hired by Defendant, Defendant refunded the deposit Plaintiff's girlfriend had paid, and switched the lease to Plaintiff's name.

Agree.

8.     Shortly after his date of hire, Plaintiff requested and moved with his girlfriend to a two-bedroom apartment at Aspen Woods, which would have cost him one thousand twenty-five dollars ($1,025) per month if he had paid fair market rental value.

Agree only to the extent that "Shortly after his date of hire, Plaintiff requested and moved with his girlfriend to a two-bedroom apartment at Aspen Woods."

Disagree that "fair market value, under the circumstances of this case, is one thousand twenty-five dollars ($1,025.00)." This claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman; Testimony of Velasco; Plaintiff's Exhibit 1, pp. 78-80, 117-9, 121-2, 125; Plaintiff's Exhibits 7; 8; 13; 16; 17; 18; 19; 20.

9.    On or about March 28, 2002, Plaintiff requested and moved to a "better" apartment at Aspen Woods, which would have cost him one thousand one hundred twenty-five dollars ($1,125.00) per month if he had paid fair market rental value.

Agree only to the extent that "On or about March 28, 2002, Plaintiff requested and

moved to a 'better' apartment at Aspen Woods."

Disagree that fair market value, under the circumstances of this case, is one thousand one hundred twenty-five dollars ($1,125.00).  This claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman; Testimony of Velasco. Plaintiff's Exhibit 1, pp. 78-80, 117-9, 121-2, 125; Plaintiff's Exhibits 7; 8; 13; 16; 17; 18; 19; 20.

10.    At all times, the fair market value of the apartment provided to Plaintiff exceeded the value of twelve (12) hours of overtime at his hourly rate.

Disagree. This claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman; Testimony of Velasco. Plaintiff's Exhibit 1, pp. 78-80, 117-9, 121-2, 125; Plaintiff's Exhibits 7; 8; 13; 16; 17; 18; 19; 20.

11.    Defendant customarily provided on-site lodging to Maintenance Superintendents.

Agreed only to the extent that Defendant customarily required Maintenance Superintendents to live on-site.

Disagree to the extent that Defendant claims that on-site lodging was optional.    This claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman; Testimony of Velasco; Testimony of DiMauro.  Plaintiff's Exhibit 1, pp. 78-80, 117-9, 121-2, 125; Plaintiff's Exhibits 7; 8; 13; 16; 17; 18; 19; 20.

12.    Living on-site was convenient, and a benefit, for Plaintiff.

Agree only to the extent that living on-site was convenient for Plaintiff.

Disagree that living on site was a benefit for Plaintiff.  That claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman;

5

Testimony of Velasco.  Plaintiff's Exhibit 1, pp. 78-80, 119, 121-2, 125; Plaintiff's Exhibits 7; 8; 13; 16; 17; 18; 19; 20.

13.    By living on-site, Plaintiff saved on travel expenses, because he did not have to drive to Aspen Woods to report to work, whether during regular working hours, or to respond to an emergency.

Disagree. This claim will be the subject of countering evidence.  Testimony of Plaintiff; Testimony of Velasco.

14.    Plaintiff would have been able to do his job living off-site.

Agree.

15.    Plaintiff knew that another Maintenance Superintendent lived off-site but never requested that position.

Disagree.  This claim will be the subject of countering evidence.  Testimony of Plaintiff; Testimony of Coleman; Testimony of Velasco; Testimony of DiMauro.
Plaintiff's Exhibit 1, pp. 78-82, 117-9, 121-2, 125; Plaintiff's Exhibits 7; 8; 13; 16; 17; 18; 19; 20.

16.    On or about January 21, 2003, Plaintiff reaffirmed his desire to continue living on-site in a rent-free apartment.

Disagree as phrased.  This claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman; Testimony of Velasco; Testimony of DiMauro.  Plaintiff's Exhibit 1, pp. 78-82, 117-9, 121-2, 125; Plaintiff's Exhibits 7; 8; 13; 16; 17; 18; 19; 20.

17.    For a period of approximately five (5) months following termination of Plaintiff's employment, he continued to live at Aspen Woods.

Disagree. This claim will be the subject of countering evidence.  Testimony of Plaintiff; Testimony of Velasco; Testimony of DiMauro.

18.    Fran Velasco is the Property Manager of two apartment complexes owned by Defendant – Aspen Woods in Manchester, Connecticut and Aspen Glen in Hamden, Connecticut.

Agree.

19.    Plaintiff reported to Fran Velasco during his employment with Defendant.

Agree.

20.    Ms. Velasco worked and lived at Aspen Glen in Hamden, Connecticut at all relevant times.

Agree.

7

21.   Plaintiff's wage rate was twelve dollars ($12.00) per hour from his date of hire on September 9, 2000 through October 26, 2001.

Agree.

22.   Plaintiff's wage rate was twelve dollars and fifty cents ($12.50) per hour from    October 27, 2001 through March 18, 2003, when his employment was terminated.

Agree.

23.   On September 3, 2001, Plaintiff reported that he worked 8:00 a.m. to 8:30 p.m. plus claimed eight (8) hours for which he received holiday pay as working time for purposes of calculating claimed overtime for that week.

Agree.

24.   On December 25, 2001, Plaintiff reported that he worked from 8:30 a.m. to 8:30 p.m. plus claimed eight (8) hours for which he received holiday pay as working time for purposes of calculating claimed overtime for that week.

Agree.

25.   On March 31, 2002, Plaintiff reported that he worked from 8:00 a.m. to 8:30 p.m. plus claimed eight (8) hours for which he received holiday pay as working time for purposes of calculating claimed overtime for that week.

8

Agree.

26.    On May 27, 2002, Plaintiff reported that he worked from 7:30 a.m. to 8:30 p.m. plus claimed eight (8) hours for which he received holiday pay as working time for purposes of calculating claimed overtime for that week.

Agree.

27.    On September 2, 2002, Plaintiff reported that he worked from 8:00 a.m. to 10:00 p.m. plus claimed eight (8) hours for which he received holiday pay as working time for purposes of calculating claimed overtime for that week.

Agree.

28.    Plaintiff was told to take a one (1) hour lunch break and to punch out, or sign out, when doing so.

Disagree. The claim will be the subject of countering evidence.  Testimony of Plaintiff; Testimony of Coleman; Testimony of Velasco. Plaintiff's Exhibit 7.

29.    Plaintiff rarely punched out or signed out for his one (1) hour lunch break and was always paid for the time when he did not.  No action was taken against Plaintiff for failing to punch out or sign out for lunch.

Disagree as phrased.  The claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman; Testimony of Velasco. Plaintiff's Exhibit 7.

30.    Plaintiff did not record a lunch hour on any day from February 15, 2001 through April 11, 2001.

Agree.

31.    Plaintiff did not record a lunch hour on December 6, 2001.

Agree.

32.    From December 20, 2001 through January 30, 2002, Plaintiff recorded a lunch hour on only 12 days.

Agree.

33.    From January 31, 2002 through January 15, 2003, Plaintiff recorded a lunch hour on one day only.

Agree only to for the period from January 31, 2002 to November 20, 2001 and for the period from January 2 to January 15, 2003. Plaintiff has not been provided bi-weekly time sheets for the period from November 21, 2002 to January 1, 2003 and therefore reserves his right to disagree.

34.    Plaintiff took intermittent breaks throughout the work day when employed with Defendant.

Agree.

35.    In addition to the one (1) hour lunch break and intermittent breaks throughout the day, at times, Plaintiff took an hour or so off during the work day for personal reasons.

Disagree as phrased.  The claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman.

36.    Plaintiff did not punch out, or sign out, when leaving for personal reasons and was paid for the time.

Agree.

37.    Tenants were directed to bring matters to Plaintiff's attention by calling his office and leaving a message, or in case of an emergency, beeping him.

Agree only to the extent that, among other things, "tenants were directed to bring matters to Plaintiff's attention by calling his office and leaving a message, or in case of an emergency, beeping him."

38.    Sherry DiMauro was hired as a full-time Maintenance Superintendent in March, 2001.

11

Agree only to the extent that Sherry DiMauro was hired as a full-time maintenance superintendent on March 26, 2001.

39.    From March, 2001 through September 2002, Plaintiff and Ms. DiMauro shared the beeper.

Disagree as phrased.  The claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman; Testimony of Velasco; Testimony of DiMauro.

40.    In September 2002, Plaintiff advised Ms. Velasco that he wanted to carry the beeper at all times.

Agree.

41.    If beeped by a tenant, Plaintiff was allowed to use his discretion in determining whether the situation required his immediate attention or could wait until the following day.

Agree only to the extent that, after contacting the tenant, "Plaintiff was allowed to use his discretion in determining whether the situation required his immediate attention or could wait until the following day."

42.    During the time that Plaintiff claims he was "on-call," he pursued personal activities.

Disagree as phrased.  The claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman; Testimony of Velasco.

43.    Plaintiff could and did ask another Maintenance Superintendent, Ms. DiMauro, to cover for him during on-call times.  Ms. DiMauro never refused.

Agree.

44.    There was never an occasion on which Plaintiff was prohibited from doing something he needed to do because he was on-call.

Disagree. The claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman; Testimony of Velasco.

45.    Another Maintenance Superintendent, James Galonska, was hired in September, 2001.  Thereafter, Mr. Galonska carried the beeper on weekends.

Disagree.  The claim will be the subject of countering evidence.  Testimony of Plaintiff; Testimony of Coleman; Testimony of Velasco; Testimony of DiMauro. Plaintiff's Exhibit 19.

46.    At the time Plaintiff was hired, Janet Coleman, an employee of Defendant,

 instructed him to record his hours every day.

13

Disagree.  The claim will be the subject of countering evidence.  Testimony of Plaintiff; Testimony of Coleman; Testimony of Velasco.  Plaintiff's Exhibit 7; 8 ; 13; 16; 17; 18; 19.

47.    Plaintiff orally reported his hours to Janet Coleman.

Disagree. The claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman; Testimony of Velasco.  Plaintiff's Exhibit 7; 8; 13; 16; 17; 18; 19.

48.    Beginning on April 12, 2001, Plaintiff's hours were recorded on time sheets, which Plaintiff then signed with an acknowledgment that read:  "I certify that this time sheet truthfully and accurately reflects all hours worked by me during this pay period."

Disagree as phrased.  The claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman.  Plaintiff's Exhibit 7.

49.    On July 6, 2001, Plaintiff acknowledged his obligation to request authorization and approval for hours worked in excess of eight (8) per day or forty (40) per week.

14

Disagree at phrased.  The claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman; Testimony of Velasco. Plaintiff's Exhibit 7.

50.    Defendant installed a time clock in April, 2001 and directed Plaintiff to punch the clock in addition to submitting signed time sheets.

Agree only to extent "Defendant installed time clock in April, 2001."

Disagree that Defendant "directed Plaintiff to punch the clock in addition to submitting signed time sheets."  The claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman; Testimony of Velasco. Plaintiff's Exhibit 7; 8; 13; 16; 17; 18; 19.

51.    Time card records for Plaintiff commence on April 23, 2001.

Agree.

52.    On July 12, 2002, Plaintiff was instructed in writing to record his hours whenever he responded to emergencies after hours.

Agree.

53.    On August 23, 2002, Plaintiff was again instructed in writing that his supervisor must be notified in advance of all overtime, to record all hours, including emergencies, and to punch in and out for lunches.

Agree only to the extent that that is what the document says.

Disagree that that was the Defendant's actual policy.  The claim will be the subject of countering evidence.  Testimony of Plaintiff; Testimony of Coleman; Testimony of Velasco. Plaintiff's Exhibit 7; 8; 13; 16; 17; 18; 19.

54.    On October 18, 2002, Plaintiff was again instructed in writing to record all hours by punching in and out.

Agree only to the extent that that is what the document says.

Disagree that that was the Defendant's actual policy.  The claim will be the subject of countering evidence.  Testimony of Plaintiff; Testimony of Coleman; Testimony of Velasco. Plaintiff's Exhibit 7; 8; 13; 16; 17; 18; 19.

55.    On January 17, 2003, Plaintiff was again instructed that he was not to work overtime without prior approval.

Agree only to the extent that that is what the document says.

Disagree that that was the Defendant's actual policy.  The claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman; Testimony of Velasco. Plaintiff's Exhibit 7; 8; 13; 16; 17; 18; 19.

56.    Plaintiff did not follow instructions regarding "hitting" the time clock, and frequently "forgot" to punch in and/or out, and frequently wrote times in and edited actual "punched" times.  No action was ever taken against him.

Disagree as phrased.  The claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman; Testimony of Velasco. Plaintiff's Exhibit 7; 8; 13; 16; 17; 18; 19.

57.    Plaintiff "made adjustments" to his time records to capture time from prior pay periods that he had not reported, and Plaintiff was paid for that time in the following paycheck.

Disagree as phrased. Testimony of Plaintiff; Testimony of Coleman; Testimony of

Velasco. Plaintiff's Exhibit 7; 8; 13; 16; 17; 18; 19. Plaintiff's Exhibit 7.

58.    Aside from making adjustments to capture time from prior pay periods that he had not reported, Plaintiff never reported, or otherwise informed Defendant, of hours worked or services performed beyond what he reported on his time sheets and/or time cards and for which he was compensated.

Disagree. The claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman; Testimony of Velasco; Testimony of DiMauro.

17

Plaintiff's Exhibit 7; 8; 13; 16; 17; 18; 19.

59.    Plaintiff made inquiries to the Connecticut Department of Labor about pay for on-call time but never complained about his allegedly unpaid overtime.

Disagree. The claim will be the subject of countering evidence. Testimony of Plaintiff.

60.    Prior to bringing this lawsuit, Plaintiff did not notify or discuss with any agent or representative of Defendant his claim that he was not being properly paid for overtime worked.

Disagree.  The claim will be the subject of countering evidence.  Testimony of Plaintiff; Testimony of Coleman; Testimony of Velasco; Testimony of DiMauro. Plaintiff's Exhibit 7; 8; 13; 16; 17; 18; 19.

61.    Plaintiff has no records of any kind of hours worked or services performed beyond what he reported on his time sheets and/or time cards and for which he was compensated.

Disagree.  The claim will be the subject of countering evidence.  Testimony of Plaintiff; Testimony of Coleman.  Plaintiff's Exhibit 7; 8; 13; 16; 17; 18; 19.

62.    Plaintiff recorded eighty regular working hours plus twenty-two (22) hours of overtime for the pay period ending January 17, 2001.

18

Disagree as phrased.  This claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman.  Plaintiff's Exhibit 7.

63.    Plaintiff recorded eighty regular working hours plus fifteen (15) hours of overtime for the pay period ending January 31, 2001.

Disagree as phrased.  This claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman.  Plaintiff's Exhibit 7.

64.    Plaintiff recorded eighty regular working hours plus forty-five (45) hours of overtime for the pay period ending February 14, 2001.

Disagree as phrased.  This claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman.  Plaintiff's Exhibit 7.

65.    Plaintiff recorded eighty regular working hours plus seventy-two (72) hours of overtime for the pay period ending March 14, 2001.

Disagree as phrased.  This claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman.  Plaintiff's Exhibit 7.

66.    Plaintiff recorded eighty regular working hours plus forty (40) hours of overtime for the pay period ending March 28, 2001.

Disagree as phrased.  This claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman.  Plaintiff's Exhibit 7.

67.    Plaintiff recorded eighty regular working hours plus thirty-six (36) hours of overtime for the pay period ending April 11, 2001.

Disagree as phrased.  This claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman.  Plaintiff's Exhibit 7.

68.    Plaintiff recorded eighty regular working hours plus twenty-one (21) hours of overtime for the pay period ending April 25, 2001.

Agree.

69.    Plaintiff recorded eighty regular working hours plus ten (10) hours of overtime for the pay period ending May 9, 2001.

Agree.

70.    Plaintiff recorded eighty regular working hours plus six and one-half (6-1/2) hours of overtime for the pay period ending May 23, 2001.

Agree.

71.    Plaintiff recorded eighty regular working hours plus sixty and one-half (60-1/2) hours of overtime for the pay period ending July 18, 2001.

Agree.

72.    Plaintiff recorded eighty regular working hours plus sixty-eight (68) hours of overtime for the pay period ending August 1, 2001.

Disagree.  This claim will be the subject of countering evidence.  Testimony of Plaintiff; Testimony of Coleman.  Plaintiff's Exhibit 7.

73.    Plaintiff recorded eighty regular working hours plus sixty-two and one-half (62-1/2) hours of overtime for the pay period ending August 15, 2001.

Agree.

74.    Plaintiff recorded eighty regular working hours plus forty-six (46) hours of overtime for the pay period ending August 29, 2001.

Agree.

75.    Plaintiff recorded eighty regular working hours plus sixty-nine and one-half (69-1/2) hours of overtime for the pay period ending September 12, 2001.

Agree.

76.    Plaintiff recorded eighty regular working hours plus fifty-seven and one-half (57-1/2) hours of overtime for the pay period ending September 26, 2001.

Agree.

77.    Plaintiff recorded eighty regular working hours plus sixty (60) hours of overtime for the pay period ending October 10, 2001.

Agree.

78.    Plaintiff recorded eighty regular working hours plus sixty-four (64) hours

of overtime for the pay period ending October 24, 2001.

Agree.

79.    Plaintiff recorded eighty regular working hours plus sixty-one and one-half (61-1/2) hours of overtime for the pay period ending November 7, 2001.

Agree.

80.    Plaintiff recorded eighty regular working hours plus sixty-three and one-half (63-1/2) hours of overtime for the pay period ending November 21, 2001.

Agree.

81.    Plaintiff recorded eighty regular working hours plus seventy-one (71) hours of overtime for the pay period ending December 5, 2001.

Plaintiff has not been provided the bi-weekly time sheet for this period of time and therefore reserves his right to disagree.

82.    Plaintiff recorded eighty regular working hours plus fifty-five (55) hours of overtime for the pay period ending December 19, 2001.

Agree.

83.    Plaintiff recorded eighty regular working hours plus sixty-six and one-half (66-1/2) hours of overtime for the pay period ending January 2, 2002.

Agree.

84.    Plaintiff recorded eighty regular working hours plus seventy-five and one-half (75-1/2) hours of overtime for the pay period ending January 16, 2002.

Agree.

85.    Plaintiff recorded eighty regular working hours plus sixty-one and one-half (61-1/2) hours of overtime for the pay period ending January 30, 2002.

Agree.

86.    Plaintiff recorded eighty regular working hours plus seventy-five (75) hours of overtime for the pay period ending February 13, 2002.

Agree.

87.    Plaintiff recorded eighty regular working hours plus fifty-three and one-half (53-1/2) hours of overtime for the pay period ending February 27, 2002.

Agree.

88.    Plaintiff recorded eighty regular working hours plus forty-two (42) hours of overtime for the pay period ending March 13, 2002.

Agree.

89.    Plaintiff recorded eighty regular working hours plus fifty-seven (57) hours of overtime for the pay period ending March 27, 2002.

Agree.

90.    Plaintiff recorded eighty regular working hours plus sixty-eight (68) hours of overtime for the pay period ending April 10, 2002.

Agree.

91.    Plaintiff recorded eighty regular working hours plus sixty-one and one-half (61-1/2) hours of overtime for the pay period ending April 24, 2002.

Agree.

92.    Plaintiff recorded eighty regular working hours plus fifty-eight (58) hours of overtime for the pay period ending May 8, 2002.

Agree.

93.    Plaintiff recorded eighty regular working hours plus sixty-one and one-half (61-1/2) hours of overtime for the pay period ending May 22, 2002.

Agree.

94.    Plaintiff recorded eighty regular working hours plus sixty-nine (69) hours of overtime for the pay period ending June 5, 2002.

Agree.

95.    Plaintiff recorded eighty regular working hours plus sixty-nine and one-half (69-1/2) hours of overtime for the pay period ending June 19, 2002.

Agree.

96.    Plaintiff recorded eighty regular working hours plus sixty-five (65) hours of overtime for the pay period ending July 3, 2002.

Agree.

97.    Plaintiff recorded eighty regular working hours plus sixty and one-half (60-1/2) hours of overtime for the pay period ending July 17, 2002.

Disagree. This claim will be subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman. Plaintiff's Exhibit 7.

98.    Plaintiff recorded eighty regular working hours plus seventy-seven and one-half (77-1/2) hours of overtime for the pay period ending July 31, 2002.

Agree.

99.    Plaintiff recorded eighty regular working hours plus fifty-one and one-half (51-1/2) hours of overtime for the pay period ending August 14, 2002.

Agree.

100.   Plaintiff recorded eighty regular working hours plus fifty-nine (59) hours of overtime for the pay period ending August 28, 2002.

Agree.

101.   Plaintiff recorded eighty regular working hours plus fifty-six and one-half (56-1/2) hours of overtime for the pay period ending September 11, 2002.

Agree.

102.  Plaintiff recorded eighty regular working hours plus sixty (60) hours of overtime for the pay period ending September 25, 2002.

Agree.

103.  Plaintiff recorded eighty regular working hours plus forty-three and one-half (43-1/2) hours of overtime for the pay period ending October 9, 2002.

Agree.

104.  Plaintiff recorded eighty regular working hours plus forty-one and one-half (41-1/2) hours of overtime for the pay period ending October 23, 2002.

Disagree. This claim will be subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman. Plaintiff's Exhibit 7.

105.  Plaintiff recorded eighty regular working hours plus thirty-one and one-half (31-1/2) hours of overtime for the pay period ending November 6, 2002.

Agree.

106.  Plaintiff recorded eighty regular working hours plus twenty-eight and one-half (28-1/2) hours of overtime for the pay period ending November 20, 2002.

Agree.

107.  Plaintiff recorded eighty regular working hours plus forty-seven (47)

hours of overtime for the pay period ending January 15, 2003.

Agree.

## B2. Proposed Findings of Fact

1.     During his interview for employment with Defendant, Plaintiff was told that if he became employed with Defendant, he could continue living at Aspen Woods rent-free in exchange for 12 hours of on-call time whether or not he performed any work in those 12 hours.  Testimony of Fran Velasco.

Disagree. This claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman; Testimony of Velasco; Plaintiff's Exhibit 1, pp. 78-80, 117-9, 121-2, 125; Plaintiff's Exhibit 7; 8.

2.     Defendant instructed employees to report all hours worked, whether during  regularly scheduled hours, "on-call" hours, or when responding to emergencies.  Testimony of Sherry DiMauro; Testimony of Fran Velasco; Exhibits N, II, JJ, TT.

Disagree. This claim will be the subject of countering evidence.  Testimony of Plaintiff; Testimony of Coleman; Plaintiff's Exhibits 7; 8; 16; 17; 18; 19; Bi-weekly Timesheets of Sherry DiMauro identified as Plaintiff's Exhibit 37.

3.    Defendant relied on Plaintiff to accurately report his hours, and accepted Plaintiff's time sheets and time cards, including his omissions and edits, without question.  Testimony of Fran Velasco.

Disagree. This claim will be the subject of countering evidence.  Testimony of Plaintiff; Testimony of Coleman. Plaintiff's Exhibits 7; 8; 16; 18; 19.

3.    Except when credit was taken for his rent-free apartment, Plaintiff was paid for all hours reported on the signed and certified time sheets.  Testimony of Fran Velasco; Exhibits D, E, H; Plaintiff's Dep., pp. 137, 175.

Disagree. This claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman. Plaintiff's Exhibit 7.

5.    When its employees were carrying the beeper, Defendant required a twenty (20) minute response time for emergencies.  Testimony of Sherry DiMauro; Testimony of Fran Velasco.

Disagree. This claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman.

6.    By living on-site, Plaintiff saved on travel expenses because he did not have to travel to work, and could use Defendant's truck as his personal vehicle. Testimony of Sherry DiMauro; Testimony of Fran Velasco; Exhibits YY, DDD.

28

Disagree. This claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman.

7.    During times Plaintiff claims unpaid working hours, he was performing lawn maintenance services for several clients, who were not residents of Aspen Woods, as "Bugs Bunny Lawn Service."  Testimony of Sherry DiMauro; Testimony of Mr. Weiss; Testimony of Ann Killian; Exhibit HHH.

Disagree. This claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman. Plaintiff's Exhibit 27; Defendant's Exhibit HHH.

8.    During times Plaintiff claims unpaid working hours, he visited The Beach House Tanning Studios, Inc., a tanning salon in Manchester, Connecticut. Testimony of Brian Kimball; Exhibit JJJ.

Disagree. This claim will be the subject of countering evidence. Testimony of Plaintiff. Plaintiff's Exhibits 26; 27.

9.    During times Plaintiff claims unpaid working hours, he visited Ultra Tan, a tanning salon in Manchester, Connecticut.  Testimony of Custodian of Records of Ultra Tan; Exhibit III.

Disagree. This claim will be the subject of countering evidence. Testimony of Plaintiff. Plaintiff's Exhibits 26; 27.

29

10.    During times Plaintiff claims unpaid working hours, he received citation(s) for moving violations and/or appeared in court because of such citation(s). Testimony of Bryan Fischer; Exhibit LLL.

Disagree. Plaintiff contests the admissibility of such evidence. Without waiving that claim, the Plaintiff reserves the right to present countering evidence. Testimony of Plaintiff.

11.    During times that Plaintiff claims unpaid working hours, he visited casinos.  Testimony of Custodian of Records of Foxwoods Resort Casino; Testimony of Custodian of Records of Mohegan Sun Casino; Exhibits EEE, FFF, KKK.

Disagree as phrased. This claim will be the subject of countering evidence. Testimony of Plaintiff.

12.    Plaintiff used Defendant's equipment to perform services and used Defendant's office and office equipment to generate marketing materials and print invoices for his business, a lawn service known as "Bugs Bunny Lawn Service." Testimony of Sherry DiMauro; Testimony of Fran Velasco; Testimony of Ann Killian; Testimony of Mr. Weiss; Exhibit HHH.

Agree to the extent that Plaintiff used Defendant's truck, shovel, and rake, and to prepare invoices. Disagree to the extent that anything more is claimed. Testimony of Plaintiff; Testimony of Coleman.

30

13.    Plaintiff used Defendant's truck for conducting his own business, including the provision of services for his personal clients, including Weiss Gallery.  Testimony of Sherry DiMauro; Testimony of Mr. Weiss.

Agree to the extent that, on occasion, "Plaintiff used Defendant's truck conducting his own business, including the provision of services for his personal clients, including Weiss Gallery."

14.    Plaintiff and Janet Coleman removed personnel, and other confidential files, from Defendant's offices, without authorization or permission.  Testimony of Sherry DiMauro; Testimony of Fran Velasco; Exhibit OOO.

Disagree. This claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman; Memorandum from Palaia to All Staff dated August 21, 2002 identified as Plaintiff's Exhibit 33.

15.    Plaintiff threatened Sherry DiMauro that he would take her down, and she would lose her job and her apartment if she did not help him with this case. Testimony of Sherry DiMauro.

Disagree. This claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman; Testimony of DiMauro.

16.    Plaintiff promised James Galonska that he would buy him a motorcycle if Mr. Galonska helped him in this case.  Testimony of Sherry DiMauro.

31

Disagree. This claim will be the subject of countering evidence. Testimony of Plaintiff.

17.    Plaintiff discussed a ten percent (10%) share of his potential recovery from this lawsuit with Janet Coleman in exchange for her assistance.  Testimony of Sherry DiMauro.

Disagree. This claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman.

18.    Plaintiff has made threats against Defendant's property and potential witnesses in this case.  Some of the events threatened have occurred.  Testimony of Sherry DiMauro; Testimony of Harold Garcia.

Disagree. This claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman; Testimony of DiMauro.

19.    Plaintiff has stated that his job with Defendant was "merely a cover" for illegal activities.  Testimony of Ann Bramson.

Disagree.  This claim will be the subject of countering evidence. Testimony of Plaintiff.

20.    Directions as to approval for overtime were issued for purposes of controlling overtime costs, not for purposes of inaccurate recording of hours worked.  Testimony of Fran Velasco.

Disagree. This claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman. Plaintiff's Exhibit 7; 8;  13; 16; 17; 18; 19.

21.    Plaintiff consistently ignored Fran Velasco's instructions regarding punching in and out and obtaining authorization for overtime hours.  Testimony of Sherry DiMauro; Testimony of Fran Velasco.  Plaintiff's Exhibits D, E.

Disagree. This claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman. Plaintiff's Exhibit 7; 8; 13; 16; 17; 18; 19.

22.    Plaintiff regularly ignored Fran Velasco's instructions in the performance of his job.  Testimony of Sherry DiMauro; Testimony of Fran Velasco; Testimony of Ann Bramson; Exhibits FF, YY, DD, MMM.

Disagree. Plaintiff contests the admissibility of such evidence. Without waiving that claim, the Plaintiff reserves the right to present countering evidence. Testimony of Plaintiff; Testimony of Coleman.

23.    The number of emergency calls by tenants to the maintenance staff at Aspen Woods was always minimal.  Testimony of Sherry DiMauro; Testimony of Kenneth Nixon; Exhibit TTT.

Disagree. This claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman; Memorandum from Coleman to Palaia dated August 8,

2002 identified as Plaintiff's Exhibit 35; Memorandum from Coleman to Palaia dated

September 7, 2002 identified as Plaintiff's Exhibit 36.

24.    During his employment with Defendant, Plaintiff stated that he received

very few emergency calls because everything ran smoothly at Aspen Woods.

Testimony of Kenneth Nixon.

Disagree. This claim will be the subject of countering evidence. Testimony of

Plaintiff; Testimony of Coleman.

25.    Maintenance Superintendents are directed to complete work orders for

tasks performed.  Testimony of Fran Velasco; Testimony of Sherry DiMauro.

Disagree. This claim will be the subject of countering evidence. Testimony of

Plaintiff; Testimony of Coleman.

26.    Defendant's work order records do not support Plaintiff's claims of

unpaid hours worked.  Testimony of Fran Velasco; Exhibit TTT.

Disagree. This claim will be the subject of countering evidence. Testimony of

Plaintiff; Testimony of Coleman.

27.    Plaintiff's basis for his calculation of allegedly unpaid hours is the time he

spent carrying a beeper.  Plaintiff's Dep., pp. 138, 157-58.

Disagree. This claim will be the subject of countering evidence. Testimony of

Plaintiff; Testimony of Coleman. Plaintiff's 7; 8; 13; 16; 17; 18; 19; 26; 27.

28.    Plaintiff wanted to include the hours he spent sleeping in his claim for unpaid wages, but his attorney told him that he could not.  Testimony of Sherry DiMauro; Testimony of Owner of Splash Pools.

Disagree. This claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of DiMauro. To the extent that Sherry DiMauro waives the attorney-client privilege, the Plaintiff reserves the right to introduce evidence of communications.

29.    Defendant did not know and had no reason to believe that Plaintiff was working hours not reflected on its records.  Testimony of Fran Velasco.

Disagree.  This claim will be the subject of countering evidence. Testimony of Plaintiff; Testimony of Coleman. Plaintiff's 7; 8; 13; 16; 17; 18; 19.

**B3. Claims of Law.**

1.    Employees are entitled to overtime pay for hours worked in excess of forty (40) per workweek.  29 U.S.C. § 207(a)(1); Conn.Gen. Stat. § 31-76b.

Agree.

2.    An employer is entitled to rely in good faith upon its employees to record their hours worked.  29 U.S.C. §§ 206, 207.  *See* Bjornson v. Daido Metal U.S.A., Inc., 12 F.Supp.2d 837, 840-41 (N.D. Ill. 1998).

35

Disagree.  In <u>Bjornson v. Daido Metal U.S.A., Inc.</u>, 12 F.Supp.2d 837, 840-41 (N.D. Ill. 1998), the employee made no claim that the records were inaccurate or incomplete by way of showing that the employer actually knew of overtime being performed but not reported.  In the instant matter, the Plaintiff claims that **he was instructed by the Defendant not to record** all hours worked and has provided evidence that the Defendant actually and was constructively aware of the his overtime hours.  The employee may provide evidence that the employer knew that hours, in excess of those recorded, were worked by the employee.  See <u>Belbis v. County of Cook</u>, 2002 WL 31600048, *4 (N.D.Ill. Nov 18, 2002) ("Plaintiffs in the instant case have provided evidence through declarations and affidavits that Defendant was aware of the alleged overtime.").

Actual or constructive knowledge of the Plaintiff's work can be inferred from the circumstances.  In this case, the circumstances include such things as whether the employer knew or should have known that the assignments and duties it gave to the Plaintiff would require him to work overtime, whether the employer had staffing shortages that would require the Plaintiff to do more work, whether the Plaintiff or other employees discussed with or complained to management about overtime hours, whether the Defendant had a policy requiring supervisory approval of overtime, and whether the employer instructed the Plaintiff not to keep accurate records.  <u>Abel v. Department of</u>

36

Corrections of the State of Kansas, 1995 WL 550045 (D.Kan. 1995); McConnell v.

Thomson Newspapers, Inc., 802 F.Supp. 1484, 1506 (E.D.Tex. 1992).

The Plaintiff's burden of proof as to hours worked was articulated in Anderson

v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-688,  66 S.Ct. 1187, 90 L.Ed.

1515 (1946):.

> [W]e hold that an employee has carried out his burden if he proves that he
> has in          fact performed work for which he was improperly compensated
> and if he produces sufficient evidence to show the amount and extent of that
> work as a matter of just and reasonable inference. The burden then shifts to
> the employer to come forward with evidence of the precise amount of work
> performed or with evidence to negative the reasonableness of the inference to
> be drawn from the employee's evidence. If the employer fails to produce such
> evidence, the court may then award damages to the employee, even though
> the result be only approximate.

In evaluating the adequacy of the time records, the focus is on the Defendant's

conduct with respect to the required record keeping.  That is because under the

applicable statutes, it is the employer's responsibility, and not that of the employee,

to keep records of wages and hours worked. 29 U.S.C. Section 211(c); Conn. Gen.

Stat. Section 31-66.

The records the Defendant is required to keep include, among other things,

(1) the total daily and weekly hours worked, (2) the regular hourly rates of pay for

each week in which overtime compensation is due, (3) the total daily and weekly

37

earnings, (4) the total wages paid, and (5) the total weekly premium pay for overtime hours. 29 C.F.R. Sections 516.2, 516.5; Conn. Gen. Stat. Section 31-66; Regulations of the State of Connecticut Department of Labor Sections 31-60-12a and 31-60-12c; Schoonmaker v. Lawrence Brunoli, 265 Conn. 210, 238, fn. 34 (2003).

Finally, in determining the adequacy of the records during that time period, the time sheets and time cards maintained by the Defendant are not controlling. Such records, especially when they are kept by the employee, are frequently untrustworthy. It is also generally recognized that time clocks do not necessarily record the actual time worked by employees. Where the employee is required to be on the premises or on duty at a different time or where the payroll records or other facts indicate that work starts at an earlier or later period the time clock records are not controlling. Only if the time cards accurately reflect the period worked can they be used as an appropriate measurement of the hours worked. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687, 690-1 (1946).

3.     An employer is liable for payment of wages only if it has actual or constructive knowledge that its employee actually performed services for which he was not paid. Bjornson, 12 F.Supp.2d at 842.

Agree. See discussion of item 2 above.

4.    Plaintiff must first prove that Defendant's time records are either "inaccurate or inadequate." <u>Anderson v. Mt. Clemens Pottery. Co.</u>, 328 U.S. 680, 687, 66 S. Ct. 1187, *rehearing denied*, 329 U.S. 822, 67 S. Ct. 25 (1946); <u>Bjornson</u>, 12 F. Supp.2d at 840.

Agree.

5.    Plaintiff has the burden of showing that he did in fact perform services for which he was improperly compensated and must produce evidence to show the amount and extent of work.  <u>Anderson</u>, 328 U.S. at 687, 66 S. Ct. 1187; <u>Wessling v. Carroll Gas Co.</u>, 266 F. Supp. 795, 802 (N.D. Iowa 1967).

Agree.

6.    If Plaintiff proves that Defendant's time records are "inaccurate or inadequate," <u>and</u> that he has actually performed work for which he was improperly compensated <u>and</u> "if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference, " then the burden shifts to Defendant to come forward with evidence of the amount of work actually performed "or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." <u>Anderson</u>, 328 U. S. at 687-88, 66 S. Ct. 1187.

39

Agree.

7.    Plaintiff carries the ultimate burden of persuading the jury that this state's wage and hour laws have been violated.  *See* Schoonmaker v. Lawrence Brunoli, Inc., 265 Conn. 210, 241, 828 A.3d 64 (2003).

Agree.

8.    Because Plaintiff was able to, and actually did, pursue and engage in personal activities during his alleged "on-call" time, his alleged "on-call" time is not compensable.  29 C.F.R. § 785.17.  See also Whitten v. City of Easley, 62 Fed. Apx. 477, 2003 WL 1826672, at *2 (4th Cir. 2003) (copy attached); Reimer v. Champion Healthcare Corp., 258 F.3d 720, 725 (8th Cir. 2001); Rutlin v. Prime Succession, Inc., 220 F.3d 737, 743-44 (6th Cir. 2000); Ingram v. County of Bucks, 144 F.3d 265, 268 (3rd Cir. 1998); Bright v. Houston Northwest Med. Ctr. Survivor, Inc., 934 F.2d 671, 678 (5th Cir. 1991), cert. denied, 502 U.S. 1036, 112 S. Ct. 882 (1992); Skidmore v. Swift, 323 U.S. 134, 65 S. Ct. 161 (1944);

Disagree as legally and factually irrelevant.  Plaintiff is making no such claim. 29 C.F.R. Section 778.223; 29 C.F.R. Section 785.15; Moon v. Kwan, 248 F.Supp.2d. 201, 228 (S.D.N.Y. 2002).

9.    "The fact that some of the plaintiffs' activities have been affected by the policy is not sufficient to make on-call time compensable.  The plaintiffs must show that the policy is so onerous as to prevent them from effectively using their free time for personal pursuits."  Rutlin, 220 F.3d at 743-44.

Disagree as legally and irrelevant.  Plaintiff 29 C.F.R. Section 778.223; 29 C.F.R. Section 785.15; Moon v. Kwan, 248 F.Supp.2d. 201, 228 (S.D.N.Y. 2002).

Further,

Work for which employees must be compensated under the FLSA means "mental or physical exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer." Tennessee Coal, Iron & R.R. v. Muscoda, 321 U.S. 590, 598, 64 S.Ct. 698, 88 L.Ed. 949 (1944).  Activities performed by employees either before or after their regular work shifts are compensable under the FLSA, when those activities are an integral and indispensable part of the principal activities which the workers are employed to perform.

Richardson v. Costco Wholesale Corporation, 169 F.Supp.2d 56, 60-61 (D.Conn. 2001).

10.    Insubstantial or insignificant periods of time outside scheduled working hours may be disregarded in recording working time as *de minimis*.  29 C.F.R. § 785.47.  See also Anderson, 328 U.S. at 692, 66 S. Ct. 1187.

Disagree.  The standard by which work may be considered *de minimis*, and therefor may be "disregarded", depends not only upon the length of time but also whether or not such time can "as a practical administrative matter be precisely

41

recorded for payroll purposes."  29 C.F.R. § 785.47. Thus, if such time is consistently worked and readily measurable and recordable, such work time may not be "disregarded". 29 C.F.R. § 785.47.

11.    Any time actually worked by Plaintiff during his alleged "on-call" time not reported by Plaintiff was *de minimis* and therefore is not compensable.  29 C.F.R. § 785.47.  See also <u>Anderson</u>, 328 U.S. at 692, 66 S.Ct. 1187;  <u>Lindow  v. U. S.</u>, 738 F.2d 1057, 1062 (9th Cir. 1984).

Disagree. Defendants assertion is a question of fact.  The "on call" time not only exceeds in duration any plausible claim as *de minimis*, such time is readily recordable for administrative purposes and therefor not *de minimis.*

12.    The agreement between the parties regarding credit to be taken by Defendant for the provision of an apartment was reasonable and fair, and Defendant is entitled to the agreed-upon credit.  29 C.F.R. § 785.23.  See also <u>Myers v. Baltimore County</u>, 50 Fed. App. 583, 585, 2002 WL 31236292 (4th Cir. 2002), cert. denied, ___ U.S. ___, 123 S. Ct. 1755 (2003) (copy attached); <u>Helms v. Washington Water Power Co.</u>, 881 F.2d 1083 (Table), 1989 WL 88396 (9th Cir. 1989) (copy attached).

Disagree.   By Defendant's own admission, no "agreement" existed at the time Plaintiff was hired on September 9, 2000. The "Maintenance Work" "agreement" upon which Defendant now relies bears absolutely no factual or legal resemblance to those found reasonable in <u>Helms v. Washington Water Power Co.</u>, 1989 WL 88396 (9th Cir. 1989) or <u>Myers v. Baltimore County</u>, 2002 WL 31236296 (4th Cir. 2002).

Further, 29 C.F.R. Section 31.32(c) provides that "under Section 531.3(d)(1), the cost of furnishing 'facilities' which are primarily for the benefit or convenience of the employer will not be recognized as reasonable and may not therefore be included in computing wages." See also <u>Arriaga v. Florida Pacific Farms, L.L.C.</u>, 305 F.3d 1228, 1236 (11th Cir. 2002); DOL Wage and Hour, *Opinion Letter Fair Labor Standards Act* (February 16, 2001).      In addition, the Defendant is only entitled to "credit" for lodging toward minimum wage of the Plaintiff's base rate, not as a "credit" toward overtime pay as sought by the Defendant.   DOL Wage and Hour, *Opinion Letter Fair Labor Standards Act* (February 16, 2001) .

Finally, pursuant to both statute and regulation, Defendant's "credit" for the lodging it required Plaintiff to occupy is contingent on either the Defendant maintaining contemporaneous records of the actual cost and value (as distinct from market valuation which provides profit) of the lodging and the provision of that supporting documentation to the Plaintiff and the court, or through the approval of the Administrator of the Department of

Labor.  These requirements are enumerated in Plaintiff's proposed claims of law.  Further, regardless of the value recognized by the Administrator, the 'credit' for lodging may only be used as a credit toward the minimum wage, *not as a deduction form overtime wages*.  See Conn. Regs. § 31-60-3.  See also, Giles v. City of New York, 41 F.Supp.2d 308, 316-317 (S.D.N.Y. 1999) (where board, lodging, or other facilities are customarily furnished as addition to a cash wage, the reasonable cost of the facilities to the employer must be considered as part of the employee's regular rate of pay, not part of his compensation for overtime), citing 29 C.F.R. § 531.37 and Walling v. Alaska Pac. Consol. Min. Co., 152 F.2d 812, 815 (1945) ("it seems clear that the cost of board and lodging customarily furnished employees must also be included in the regular rate").

An employer must keep records of the cost incurred in furnishing board, lodging or other facilities. 29 C.F.R. § 516.27(a).  An employer must maintain records showing additions or deductions from wages paid for board, lodging or other facilities on a work week basis. 29 C.F.R. Section 516.28(b).  The employer has the burden of showing that it is entitled to the credits claimed under § 3(m) of the Fair Labor Standards Act.  Donovan v. New Floridian Hotel, Inc., 676 F.2d 468, 473-76 (11th Cir.1982).

An employer who fails to maintain the required records and who does not seek a determination of the Administrator of the Wage and Hour Division will be

44

denied a credit for housing. <u>Donovan v. New Floridian Hotel, Inc.</u>, 676 F.2d 468, 473-76 (11th Cir.1982); <u>Washington v. Miller</u>, 721 F.2d 797, 803 (11th Cir.1983) (per curiam); <u>Davis Bros., Inc. v. Donovan</u>, 700 F.2d 1368 (11th Cir.1983); <u>Brennan v. Veterans Cleaning Service, Inc.</u>, 482 F.2d 1362 (5th Cir.1973); <u>Morrisroe v. Goldsboro Mill Co.</u>, 884 F.Supp. 192, 195, (E.D.N.C. 1994); <u>Leonard v. Carmichael Properties and Mgmt. Co.</u>, 614 F.Supp. 1182, 1188 (S.D.Fla.1985). The burden is upon the employer to invoke the Administrator's assistance. <u>Donovan v. Floridian Hotel, Inc.</u>, 676 F.2d 468, 473-76 (11th Cir.1982); <u>Morgan v. Atlantic Coastline R. Co.</u>, 32 F.Supp. 617 (S.D.Ga. 1940).

13.    Plaintiff has not, and cannot, rebut the presumption that lodging is primarily for the benefit of the employee. 29 U.S.C. § 203(m). *See also* <u>Stewart v. S.U.N.Y. Maritime College</u>, 2000 WL 1218379, at * 3, 83 Fair Empl. Prac. Cas. 1610 (S.D.N.Y. 2000) (Cote, J.) (copy attached) (stating that "the statutory presumption may be rebutted by substantial evidence demonstrating that the housing is not a benefit running primarily to the employee, but rather a burden imposed upon the employee in furtherance of the employer's business") (internal quotations omitted).

Disagree.  The statutory presumption that housing is "compensation" is applicable only to housing provided as a credit toward the minimum wage base rate toward *minimum wage.*  See <u>Soler v. G. & U., Inc</u>., 833 F.2d 1104, 1109 (2d Cir.1987) ("Congress did not want to disturb the presumption, consistent with previous amendments to FLSA, that housing was deductible from the minimum wage."); See also DOL Wage and Hour, *Opinion Letter Fair Labor Standards Act (February 16, 2001)* .

In addition, the employer has the burden of showing that it is entitled to the credits claimed under § 3(m) of the Act. <u>Donovan v. New Floridian Hotel, Inc.</u>, 676 F.2d 468, 473-76 (11th Cir.1982).  As discussed in para. 12, supra, the Defendant's claimed deduction for lodging was not made in a manner consistent with law.

14.    The cost to Defendant of the apartment provided to Plaintiff was one thousand twenty-five dollars ($1,025.00) per month from September 19, 2000 through March 31, 2002, and one thousand one hundred twenty-five dollars ($1,125.00) per month from April 1, 2002 through Plaintiff's date of termination. *See* 29 U.S.C. § 203(m); Conn. Gen. Stat. § 31-60(b); Conn. Agencies Regs. § 31-60-3(f).

Disagree. The Defendants' assertion is an erroneous factual claim.

46

The Defendant's claim of the value of lodging is irrelevant insofar as such claim may not, as a matter of law, serve as a deduction of overtime pay owed the Plaintiff. Giles v. City of New York, 41 F.Supp.2d 308, 316-317 (S.D.N.Y. 1999) (where board, lodging, or other facilities are customarily furnished as addition to a cash wage, the reasonable cost of the facilities to the employer must be considered as part of the employee's regular rate of pay, not part of his compensation for overtime), citing 29 C.F.R. § 531.37 and Walling v. Alaska Pac. Consol. Min. Co., 152 F.2d 812, 815 (1945) ("it seems clear that the cost of board and lodging customarily furnished employees must also be included in the regular rate").  See also Exhibit 1, *Opinion Letter FLSA*, supra. ("When an employee covered by the overtime requirements works overtime hours, deductions may be made only from the non-overtime hours (first 40 hours in the week), and proper time-and-one-half the full regular rate (pre-deductions) must be paid for all statutory overtime hours.").

Even if the Defendant could make such deduction, it is required to provide documentation of the "cost" to the Defendant, not the 'market value of the lodging which allows for profit to the employer.  The Defendant has provided no such evidence, but again, merely claim the market rent as a deduction.

15.    An employer is not required to request approval from the State of Connecticut Department of Labor before taking a credit for lodging.  Opinion Letter

from Gray K. Pechie of the State of Connecticut Department of Labor.

Disagree.  Such approval is required for deductions taken by the Defendant.
Regulations of the State of Connecticut Department of Labor Section 31-60-3(f);
Regulations of the State of Connecticut Department of Labor Section 30-60-3(g).

16.    An employer is not required to request approval from the United States
Department of Labor before taking a credit for lodging.  Opinion Letter from Neil
Patrick of the United States Department of Labor.

Disagree.  The law, as interpreted by federal courts, requires such approval.
29 U.S.C. Section 203(m); 29 C.F.R. Sections 531.3(a) and (b); 29 C.F.R. Section
31.32(c); Arriaga v. Florida Pacific Farms, L.L.C., 305 F.3d 1228, 1236 (11th Cir.
2002); DOL Wage and Hour, *Opinion Letter Fair Labor Standards Act* (February 16,
2001); 29 C.F.R. Section 516.27(a); 29 C.F.R. Section 516.28(b); Donovan v. New
Floridian Hotel, Inc., 676 F.2d 468, 473-76 (11th Cir.1982); Washington v. Miller,
721 F.2d 797, 803 (11th Cir.1983) (per curiam); Davis Bros., Inc., v. Donovan,
700 F.2d 1368 (11th Cir.1983); Brennan v. Veterans Cleaning Service, Inc., 482
F.2d 1362 (5th Cir.1973); Morrisroe v. Goldsboro Mill Co., 884 F.Supp. 192, 195,
(E.D.N.C. 1994); Leonard v. Carmichael Properties and Mgmt. Co., 614 F.Supp.

1182, 1188 (S.D.Fla.1985); <u>Morgan v. Atlantic Coastline R. Co.</u>, 32 F.Supp. 617

(S.D.Ga. 1940);

      17.   The FLSA allows wages, including overtime compensation, to be paid in

board, lodging or other facilities.  *See* 29 C.F.R. § 531.27(b).

      Disagree. Defendant cannot deduct from overtime wages for lodging that it

required the Plaintiff to occupy and which was primarily for its own benefit and

convenience. Further, Defendant's method of deducting overtime wages as opposed

to crediting towards regular hours is illegal. 29 U.S.C. Section 203(m); 29 C.F.R.

Sections 531.3(a) and (b); 29 C.F.R. Section 31.32(c); <u>Arriaga v. Florida Pacific</u>

<u>Farms, L.L.C.</u>, 305 F.3d 1228, 1236 (11th Cir. 2002); DOL Wage and Hour,

*Opinion Letter Fair Labor Standards Act* (February 16, 2001);  29 C.F.R. Section

516.27(a); 29 C.F.R. Section 516.28(b); <u>Donovan v. New Floridian Hotel, Inc.</u>, 676

F.2d 468, 473-76 (11th Cir.1982); <u>Washington v. Miller</u>, 721 F.2d 797, 803

(11th Cir.1983) (per curiam); <u>Davis Bros., Inc., v. Donovan</u>, 700 F.2d 1368 (11th

Cir.1983); <u>Brennan v. Veterans Cleaning Service, Inc.</u>, 482 F.2d 1362 (5th

Cir.1973); <u>Morrisroe v. Goldsboro Mill Co.</u>, 884 F.Supp. 192, 195, (E.D.N.C.

1994); <u>Leonard v. Carmichael Properties and Mgmt. Co.</u>, 614 F.Supp. 1182, 1188

(S.D.Fla.1985); <u>Morgan v. Atlantic Coastline R. Co.</u>, 32 F.Supp. 617 (S.D.Ga. 1940);

18.    Plaintiff is not entitled to equitable relief, because he does not come to this Court with "clean hands," and his conduct has not been fair and equitable. <u>Thompson v. Orcutt</u>, 257 Conn. 301, 310, 777 A.2d 670 (2001).

Disagree.  The Defendant's legal citation is wholly irrelevant to this case. Defendant cannot assert any such defense to a claim of overtime compensation where its conduct contributed to the underreporting of hours.  <u>Abel v. Department of Corrections of the State of Kansas</u>, 1995 WL 550045 (D.Kan. 1995); <u>McConnell v. Thomson Newspapers, Inc.</u>, 802 F.Supp. 1484, 1506 (E.D.Tex. 1992).

19.    Plaintiff is not entitled to double damages under federal or state law.

Disagree.  Defendant's conduct was not in good faith and was, in fact arbitrary and capricious. 29 U.S.C. Section 216(b); <u>Martin v. Cooper Elec. Supply Co.</u>, 940 F.2d 896, 907 (3d Cir.1991); <u>Brock v. Wilamowsky</u>, 833 F.2d 11, 19 (2d Cir.1987); <u>Soler v. G & U, Inc.</u>, 628 F.Supp. 720, 725 (S.D.N.Y.1986), *rev'd on other grounds*, 833 F.2d 1104 (2d Cir.1987), *cert. denied*, 488 U.S. 832, 109 S.Ct. 88, 102 L.Ed.2d 64 (1988); <u>Jones v. Giles</u>, 741 F.2d 245, 248-49 (9th Cir. 1984); <u>Magana v. Com. of the Northern Mariana Islands</u>, 107 F.3d 1436 (9th Cir. 1997); <u>Renfro v.</u>

City of Emporia, Kan., 948 F.2d 1529 (10th Cir. 1991), *cert. dismissed*, 112 S.Ct. 1310, 503 U.S. 915, 117 L.Ed.2d 510 (1992); Donovan v. Hamm's Drive Inn, 661 F.2d 316 (5th Cir. 1981); Foremost Dairies, Inc. v. Wirtz, 381 F.2d 653 (5th Cir. 1967), *cert. denied*, 390 U.S. 946, 88 S.Ct. 1031, 19 L.Ed.2d 1134 (1968); Conn. Gen. Stat. Section 31-68; Conn Gen. Stat. Section 31-72; Butler v. Hartford Technical Institute, Inc., 243 Conn. 454, 470, 704 A.2d 222 (1997); Sansone v. Clifford, 219 Conn. 217, 229, 592 A.2d 931 (1991).

## B4. List of Proposed Exhibits

A. Aspen Woods Community Policies.

Agree as to admissibility.

B. Aspen Woods Important Phone Numbers.

Agree as to admissibility.

C. Memorandum from Aspen Wood Management to Aspen Woods Tenants Re: Fitness Center Passcard Key & Instructions.

Agree as to admissibility.

D. Memoranda, fax cover sheets, employee logs and bi-weekly time sheets for AJ Estanislau for the Weeks Ending September 13, 2000 through January 15, 2003 and summary.

Agree as to admissibility of Memoranda, fax cover sheets, employee logs and bi-weekly time sheets.

Plaintiff reserves the right to object to the "summary" as he has not been provided a copy.

E. A.J. Estanislau's Time Cards from Weeks Ending April 25, 2002 through January 29, 2003 and summary.

Agree as to admissibility of Time Cards.

Plaintiff reserves the right to object to the "summary" as he has not been provided a copy.

F. Handwritten note from A.J. Estanislau to Fran, dated December 12, 2002.

Disagree as to admissibility.  Plaintiff's claim for overtime does not extend past November, 2002 and correspondence thereafter is irrelevant.  Federal Rule of Evidence 402.

G. Handwritten note from A.J. Estanislau to Fran, dated December 17, 2002.

Disagree as to admissibility.  Plaintiff's claim for overtime does not extend past November, 2002 and correspondence thereafter is irrelevant.  Federal Rule of Evidence 402.

H.  Employee Earnings Query for A.J. Estanislau, dated January 28, 2003 and summary.

Agree as to admissibility of Employee Earnings Query.

Plaintiff reserves the right to object to the "summary" as he has not been provided a copy.

I. Memorandum from Janet to Fran, dated February 27, 2000.

Disagree as to admissibility.  The memorandum contains hearsay.  Federal Rules of Evidence 801; 802.

J. Memorandum from Janet to Fran, dated June 20, 2000.

Agree as to the admissibility of Memorandum from Janet to Fran, dated June 30, 2000.  Plaintiff is unaware of any Memorandum dated June 20, 2000 and therefore reserves his right to object.

K. Plaintiff's Employment Application.

Disagree as to admissibility.  Plaintiff's application is irrelevant, represents an impermissible attempt to impeach the Plaintiff on specific instances of conduct, and is intended to be used for a purpose whose probative value is substantially outweighed by  the danger of unfair prejudice.  Federal Rules of Evidence 402; 403; 608(b).

53

L. Memorandum from Fran Palaia to Anna/Mike – Payroll dated September 7, 2000.

Agree as to the admissibility of Memorandum from Fran Palaia to Anna/Mike – Payroll dated September 13, 2000. Plaintiff is unaware of any Memorandum dated September 7, 2000 and therefore reserves his right to object.

M. Key Receipt, dated September 9, 2000, signed by A.J. Estanislau.

Agree as to admissibility.

N. Memorandum from Janet to Fran dated September 9, 2000.

Agree as to admissibility.

O. Addendum to Lease for Apartment 1041-1, signed by A.J. Estanislau on September 9, 2000.

Agree as to admissibility.

P. Housing Termination Agreement for Apartment 1041-1, signed by A.J. Estanislau on September 9, 2000.

Agree as to admissibility.

Q. Memorandum from Fran Palaia to Sandy Grossman, Garden Homes Management, dated September 19, 2000.

Agree as to admissibility.

R. Apartment Lease for Apartment 1531-1.

Agree as to admissibility.

S. Addendum to Lease for Apartment 1531-1, signed by A.J. Estanislau on September 19, 2000.

Agree as to admissibility.

T. Garden Homes Management, Housing Termination Agreement for Apartment 1531-1, signed by A.J. Estanislau on July 6, 2001.

Agree as to admissibility.

U. Handwritten note by A.J. Estanislau dated March 28, 2002, Re: Move to Apartment 1531-2.

Plaintiff has not been provided this document and reserves his right to object.

V. Addendum to Lease to Apartment 1531-2, signed by A.J. Estanislau on March 28, 2002.

Agree as to admissibility.

W. Housing Termination Agreement for Apartment 1531-2, signed by A.J. Estanislau on March 28, 2002.

Agree as to admissibility.

55

X. Garden Homes Management, Hours of Work Notice, signed by A.J. Estanislau on July 6, 2001.

Agree as to admissibility.

Y. Maintenance Work Procedures, signed by A.J. Estanislau on January 31, 2001.

Agree as to admissibility.

Z. Emergency & Safety Procedures, Aspen Woods Maintenance & Leasing Staff, signed by A.J. Estanislau.

Agree as to admissibility.

AA. Memorandum from Janet Coleman to Jill– Advertising, dated March 1, 2001.

Disagree as to admissibility.  Defendant's memorandum regarding advertisements following Plaintiff's hire is irrelevant.  Federal Rule of Evidence 402.

BB. Key Receipt, dated March 22, 2001, signed by A.J. Estanislau.

Agree as to admissibility.

CC. Memorandum from Aspen Woods Management to Aspen Woods Tenants, dated March 28, 2001.

Agree as to admissibility.

DD. Memorandum from Janet Coleman to Marianne, Garden Homes Management, dated May 3, 2001.

Plaintiff has not been provided this document and reserves his right to object.

EE. Memorandum from Fran Palaia to Leasing & Maintenance Staff, dated June 15, 2001.

Plaintiff has not been provided this document and reserves his right to object.

FF. Memorandum from Fran Palaia to Maintenance Staff, dated June 15, 2001.

Agree as to admissibility.

GG. Memorandum from A.J. Estanislau to Duane Fernandex, dated June 18, 2001.

Agree as to admissibility.

HH. Memorandum from Fran Palaia to All Staff, dated November 19, 2001.

Agree as to admissibility.

II.  Memorandum from Fran Palaia to All Staff, dated February 21, 2002.

Agree as to admissibility.

JJ. Memorandum from Fran Palaia to Maintenance Staff, dated July 12, 2002.

Agree as to admissibility.

KK.  Memorandum from Sherry DiMauro and A.J. Estanislau to Fran Palaia, dated July 19, 2002.

Agree as to admissibility.

LL.   Memorandum from Sherry DiMauro to Fran Palaia, dated July 30, 2002.

Agree as to admissibility.

MM. Memorandum from Janet Coleman to Josaphina, Garden Homes Management, dated August 8, 2002.

Plaintiff has not been provided this document and reserves his right to object.

NN. Memorandum from Janet Coleman to Fran Palaia, dated August 13, 2002.

Disagree as to admissibility.  The document is irrelevant and contains inadmissible hearsay.  Further, Plaintiff has not been provided the second page of this document. Federal Rules of Evidence 402; 801; 802.

OO. Memorandum from Janet Coleman to Fran Palaia, dated August 14, 2002.

Disagree as to admissibility.  The document is irrelevant. Federal Rule of Evidence 402.

PP. Memorandum from Michelle Flynn, dated August 18, 2002.

Disagree as to admissibility.  The document is irrelevant and contains

inadmissible hearsay.  Federal Rules of Evidence 402; 801; 802.

QQ. Memorandum from A.J. Estanislau to Fran Velasco, dated August 20,

2002.

Agree as to admissibility.

RR. Memorandum from Fran Palaia to All Staff, dated August 23, 2002 (with

fax cover sheet)

Agree as to admissibility.

SS. Memorandum from Janet Coleman to Fran Palaia, dated August 24,

2002.

Disagree as to admissibility.  The document is irrelevant.  Federal Rule of

Evidence

402.

TT.  Memorandum from Fran Palaia to All Staff, dated October 18, 2002.

Agree as to admissibility.

UU. Memorandum from Fran Velasco to A.J., Sherry, Jamie & Harold, dated

November 29, 2002.

Agree as to admissibility.

VV.   Memorandum from Fran Palaia to All Staff, dated December 2, 2002.

Agree as to admissibility

WW. Memorandum from A.J. Estanislau to Fran Velasco, dated January 9, 2003.

Disagree as to admissibility.  Memorandum dated January 9, 2003 irrelevant to Plaintiff's claim for overtime wages from September, 2000 to November, 2002. Federal Rule of Evidence 402.

XX.  Memorandum from Fran Velasco to A.J. Estanislau, dated January 17, 2003 (with handwritten note attached).

Disagree as to admissibility. The document is irrelevant. Federal Rule of Evidence 402.

YY.   Memorandum from Fran Velasco to Staff, dated January 17, 2003.

Agree as to admissibility.

ZZ.   Memorandum from Fran Velasco to Kenneth Nixon, Mustafa Ben-arhrir, A.J. Estanislau, Sherry DiMauro, dated January 21, 2003, Re: Living on Site, with Handwritten note by A.J. Estanislau.

Agree as to admissibility.

AAA. Memorandum from Fran Velasco to Kenneth Nixon, Mustafa Ben-arhrir, A.J. Estanislau, Sherry DiMauro, dated January 21, 2003, Re: Living on Site, with Kenneth Nixon's response.

Disagree as to admissibility.  Memorandum dated January 21, 2003 is irrelevant to Plaintiff's claim for overtime wages from September, 2000 to November, 2002. Federal Rule of Evidence 402.

BBB. Memorandum from Fran Velasco to Kenneth Nixon, Mustafa Ben-arhrir, A.J. Estanislau, Sherry DiMauro, dated January 21, 2003, Re: Living on Site, with Sherri DiMauro's response.

Disagree as to admissibility.  Memorandum dated January 21, 2003 is irrelevant to Plaintiff's claim for overtime wages from September, 2000 to November, 2002. Federal Rule of Evidence 402.

CCC. Memorandum from Fran Velasco to Kenneth Nixon, Mustafa Ben-arhrir, A.J. Estanislau, Sherry DiMauro, dated January 21, 2003, Re: Living on Site, with Mustafa Ben-arhrir's response.

Disagree as to admissibility.  Memorandum dated January 21, 2003 irrelevant to Plaintiff's claim for overtime wages from September, 2000 to November, 2002. Federal Rule of Evidence 402.

61

DDD. Typewritten note from Sherry DiMauro to Fran, dated March 5, 2003, Re: AJ. Estanislau's failure to follow instructions from January 17, 2002 memorandum.

Disagree as to admissibility.  Statement of co-workers dated March 5, 2003 is both hearsay and irrelevant to Plaintiff's claim for overtime wages from September, 2000 to November, 2002. Federal Rule of Evidence 402; 801.

EEE. Mohegan Sun Casino Winnings Receipts, dated April 4, 2002 and November 6, 2002.

Agree as to admissibility if proper foundation provided by Defendant.

FFF.  Mohegan Sum Casino records of A.J. Estanislau.

Agree as to admissibility if proper foundation provided by Defendant.

GGG. Calendars from September, 2000 through November, 2002 showing A.J. Estanislau's claimed hours worked, hours paid, and various personal activities engaged in during "working hours" and summary.

Plaintiff cannot agree or disagree as to the admissibility of this document. Plaintiff has not been provided this document and reserves his right to object.

HHH. Bugs Bunny Lawn Service: Invoices, advertisements, business cards.

Agree as to admissibility only if offered for purpose of contradicting hours claimed.

III.  Ultra Sun & Body records for A.J. Estanislau.

Agree as to admissibility if proper foundation provided by Defendant.

JJJ.  Beach House Tanning Studios, Inc. records for A.J. Estanislau.

Agree as to admissibility if proper foundation provided by Defendant.

KKK.  Foxwoods Resort Casino records for A.J. Estanislau.

Agree as to admissibility if proper foundation provided by Defendant.

LLL. Plaintiff's arrest, conviction and court appearance records.

Disagree as to admissibility.  Plaintiff's arrest, conviction and court appearance records are irrelevant, inadmissable, and any probative value is substantially outweighed by the danger of unfair prejudice. Federal Rules of Evidence 402; 403; 609.

MMM. Letter from Ann Bramson to Fran, dated February 26, 2003, Re: A.J. Estanislau.

Disagree as to admissibility. Statement of tenant dated February 26, 2003 is irrelevant to Plaintiff's claim for overtime wages from September, 2000 to

63

November, 2002 and any probative value is substantially outweighed by the danger of unfair prejudice. Federal Rules of Evidence 402; 403.

NNN. Deposition of Vinnie J. Grillo, dated April 10, 2003, pp. 12-16.

Disagree as to admissibility.  The testimony is irrelevant to the Plaintiff's claim for overtime wages commencing in September, 2000, is an impermissible attempt to introduce specific instances of conduct, and any probative value is substantially outweighed by the danger of unfair prejudice. Federal Rules of Evidence 401; 402; 403; 404; 608(b).

OOO. Plaintiff's Response to Defendant's First Set of Interrogatories and Request for Production, dated December 27, 2003.

Agree as to admissibility.

PPP.  Plaintiff's Response to Defendant's First Set of Interrogatories and Request for Production, dated April 9, 2003.

Agree as to admissibility.

QQQ. Summary of hours worked and wages paid.

Plaintiff cannot agree or disagree as to the admissibility of this document. Plaintiff has not been provided this document and reserves his right to object.

64

RRR. Opinion Letter from Gary K. Pechie of the Connecticut Department of Labor, dated March 3, 2004.

Disagree as to admissibility. The document is irrelevant and contains inadmissible hearsay.  Federal Rules of Evidence 402; 801; 802.

SSS. Opinion Letter from Neil Patrick of the United States Department of Labor.

Disagree as to admissibility. The document is irrelevant and contains inadmissible hearsay. Federal Rules of Evidence 402; 801; 802.

TTT.  Plaintiff's Work Orders.

Plaintiff cannot agree or disagree as to the admissibility of these documents. Plaintiff has not been provided this document and reserves his right to object.

UUU. Receipts for diesel fuel dispensed to Plaintiff's relative by Buckland Hills Mobil and charged to Defendant.

Disagree as to admissibility. The documents are inadequate to show claim alleged by the Defendant.  In addition, Plaintiff's alleged dispensing of diesel fuel is irrelevant to his claim for overtime and any probative value is substantially outweighed by the danger of unfair prejudice.  Federal Rules of Evidence 402; 403.

VVV. Plaintiff's 2000 Tax Return.

Disagree as to admissibility.  Plaintiff's tax return relating to work performed in 1999 is irrelevant to his claim for overtime wages commencing in September, 2000 and is an impermissible attempt to impeach Plaintiff through use of specific instances of conduct.  Federal Rules of Evidence 402; 608(b).

WWW. Plaintiff's 2001 Tax Return.

Agree as to admissibility only of Plaintiff's W-2 from Defendant for year 2000.

XXX. Plaintiff's 2002 Tax Return.

Agree as to admissibility.

YYY. Plaintiff's 2003 Tax Return.

Agree as to admissibility.

## B5. List of Witnesses

Defendant has disclosed no experts.

## B6. Proposed Disputed Evidence.

1.    Plaintiff's arrest, conviction and court appearance records.  These records are relevant to Plaintiff's claims of hours worked, because most of the events occur during such claimed hours.  F.R.E. 401 and 402.  Further, Plaintiff's

66

conviction record is relevant to Plaintiff's credibility, because he testified during his deposition that he had never been convicted.  F.R.E. 608.

Disagree as to admissibility. Plaintiff's arrest, conviction and court appearance records are irrelevant, and inadmissable.  Federal Rules of Evidence 402; 403; 608; 609.  See Plaintiff's Motion in Limine Re: Evidence submitted herewith.

2.    Receipts for diesel fuel dispensed to Plaintiff's relative by Buckland Hills Mobil and charged to Defendant, signed by Plaintiff.  These receipts are relevant to Plaintiff's claims of hours worked, because he was procuring fuel for his cousin at Defendant's expense during working hours, F.R.E. 401 and 402, and to challenge Plaintiff's credibility in his attempt to establish a credible good faith estimate of hours worked.  F.R.E. 608

Disagree as to admissibility.  Plaintiff's alleged dispensing of fuel to a relative is irrelevant to Plaintiff's claims of hours work and/or the credibility of his attempt to establish a good faith estimate of hours worked.  In addition, its probative value is substantially outweighed by the danger of unfair prejudice.  Federal Rules of Evidence 402; 403.

3.     Plaintiff's failure to report and pay income taxes or earnings from previous jobs.  This is relevant to Plaintiff's ability to establish a credible good faith estimate of hours worked, F.R.E. 608, as well as to his motivation for bringing this suit to recapture the loss of funds to him when  deductions from pay for taxes were taken in connection with his employment with Defendant.  See *U. S. v. Whitney*, 8 F.3d 1296 (1st Cir. 1994) (Evidence of character and conduct may be admissible to attack motive of witness).

Disagree as to admissibility.  As an initial matter, Defendant's citation is incorrect and Plaintiff cannot respond specifically.  Plaintiff's alleged failure to report and pay taxes or earnings from previous jobs is irrelevant to Plaintiff's claims of hours work and/or the credibility of his attempt to establish a good faith estimate of hours worked.  In addition, its probative value is substantially outweighed by the danger of unfair prejudice.  Federal Rules of Evidence 402; 403; 404; 608.  See Plaintiff's Motion in Limine Re: Evidence submitted herewith.

**C7. Basis for Federal Jurisdiction**

The Court has jurisdiction pursuant to 28 U.S.C. Section 1331 based upon the existence of a federal question under the Fair Labor Standards Act, 28 U.S.C. Section 201, st seq.

**C8. Statement of Nature of Each Cause of Action and Relief Sought.**

Plaintiff has brought claims for overtime wages pursuant to the Fair Labor Standards Act, 28 U.S.C. Section 201, st seq., Conn. Gen. Stat. Sections 31-72 and 31-68.  Plaintiff seeks overtime compensation, liquidated damages, double damages, interest, and attorneys' fees and costs.

**C9. Proposed Voir Dire**

Attached.

**C10.  Written Opening Statement**

Attached.

**C11. Request to Charge and Verdict Form**

Attached.

PLAINTIFF


By:

    Marc P. Mercier
    Beck & Eldergill, P.C.
    447 Center Street
    Manchester, CT 06040
    (860) 646-5606
    Fed Bar No: ct10886

## **CERTIFICATION**

I hereby certify that a copy of the foregoing has been mailed this 2ND day of April, 2004, to the following parties:

Pamela J. Coyne, Esq.
Loraine M. Cortese-Costa, Esq.
Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C.
1057 Broad Street
Bridgeport, CT   06604


_____
Marc P. Mercier

Estanislau\Trial\TrialPrepC04-04.pld

58