**February 16, 2001**

This is in response to your letter to former Administrator Maria Echaveste concerning the requirements of the Fair Labor Standards Act (FLSA) and its regulations on deductions from wages for the cost of uniforms, including weapons for police officers. We regret the delay in responding.

You request a formal opinion on whether it would be proper under the FLSA for an employer to deduct the cost of uniforms from an employee's wages in a week in which that employee works more than 40 hours, if the employer pays the employee overtime compensation computed at 1 1/2 times the regular rate (before deductions are taken out) and if the deduction does not reduce the regular rate below the minimum wage required by the FLSA. In other words, may the deduction be made where the employee's weekly wage and overtime are calculated at the proper rates and then the deduction is taken out of the employee's gross wage without reducing the overtime compensation or reducing the employee's pay below the minimum wage?

To best respond to your inquiry, it may be helpful to review the Division's interpretation of the legal requirements for deductions in general. Employers must pay employees statutorily-required minimum wage and overtime premium pay finally and unconditionally, or "free and clear." Section 3(m) of the FLSA allows an employer to count as part of wages the reasonable cost to the employer of furnishing an employee with "board, lodging, or other facilities" when the employer customarily furnishes the items to employees, unless a bona fide collective bargaining agreement excludes such costs from wages. An employer may either claim a credit towards its minimum wage and overtime obligations for the reasonable cost or fair value of furnishing qualifying section 3(m) facilities, or deduct the amounts from the compensation due, even if the qualifying section 3(m) deductions reduce an employee's pay below the statutorily-required minimum.

The cost of furnishing items to employees that are primarily for the benefit or convenience of the employer are not recognized as "reasonable." They can never qualify as "section 3(m) facilities" and may not, therefore, be counted as a part of wages statutorily due. Consequently, if an employee returns to the employer (or to someone else on the employer's behalf) any part of his or her wage entitlements due (whether returned in cash. or in other than cash -- e.g., tools or equipment), violations result. Violations occur in two ways: (1) directly, when an employer deducts from an employee's pay the cost of furnishing the employee a non-3(m) item; or (2) indirectly, when the employee must incur out-of-pocket expenses to buy the item and the employer fails to reimburse the employee for the outlay. See Regulations, 29 CFR ~~531.3(d)(1) and (3), 531.32(c), and 531.35.

It makes no difference whether an employer requires an employee to purchase a tool or equipment before the employee begins work or during the course of the work - both
situations present potential violations if the employee acquires the item in connection with the employment relationship. If an employer requires a prospective employee to purchase a uniform before starting work, the employer must reimburse the employee no later than the next regular payday to the extent that the uniform costs cut into
statutory minimum wage or overtime premium pay. These same principles apply to the costs of furnishing any tools or equipment required by other law (e.g., State law), by the nature of the work, or by the employer.

Under these principles, an employer may not lawfully require an employee to pay for an expense of the employer's business if doing so reduces the employee's pay below any statutorily-required minimum wage or overtime premium pay. For example, tools of the trade and other materials or equipment incidental to carrying on the employer's business, and the cost of uniforms or other equipment where the nature of the business or work requires the employee to have them, are considered business

Exhibit 1

expenses of the employer that do not qualify as "section 3(m) facilities." An employer maY.flot require employees to incur costs for such non-3(m) items if doing so cuts into their statutory minimum wage or overtime premium pay entitlements.

Regulations, 29 CFR &531.37 contains our interpretations on deductions from wages for non-3(m) items in overtime workweeks. Briefly, deductions for articles that do not qualify as "board, lodging, or other facilities" under FLSA section 3(m) may be made in an overtime workweek to the same extent as in a non-overtime workweek, if their purpose and effect are not to evade the overtime requirements of the FLSA or other law, and provided the situation involves bona fide deductions that are made for particular items according to an agreement or understanding between the employer and the employee (29 CFR &531.37(a)). If all these conditions are met, the total amount that an employer may deduct from an employee subject to overtime pay in an overtime workweek may not exceed the amount that could be deducted if the employee had only worked a 40-hour week.

If an employer makes bona fide deductions from the stipulated wage of an employee, the employee's regular rate for calculating statutory time-and-one- half overtime pay is the stipulated wage before the deductions are made (29 CFR &531.37(b)). Note, too, that under 29 CFR &778.315, employers must pay employees all of their straight time compensation due under an express or implied contract or under any applicable statute for the non-overtime hours worked before it can be said that the employer has paid proper time-and-one- half overtime compensation for the overtime hours worked. This statement reinforces two principles that apply in an overtime workweek: (1) only an express or implied contract addressing deductions would authorize an employer to make any deductions that reduce earnings below the regular rate for the straight time hours; and (2) the minimum amount that must be paid "free and clear" for the straight time hours may never be less than the highest applicable statutory minimum wage ("... all the straight time compensation due ... for the nonovertime hours ... under any applicable statute..." (29 CFR &778.315)). Finally, as noted above, 29 CFR &531.37(a) authorizes only "bona fide deductions" that "are made for particular items in accordance with the agreement or understanding of the parties," and declares
manipulations that evade statutory overtime requirements to be mega!.

Accordingly, if an employer and an employee have an express or implied agreement over a deduction policy for particular items, then bona fide deductions pursuant to the policy will be allowed during overtime workweeks to the extent that they would be allowed in non-overtime workweeks, provided that the deductions do not violate other applicable laws, the employee receives ""free and clear" the highest applicable minimum wage (including prevailing wages) required by any Federal, State or local law for the non-overtime hours, and the employee receives time-and-one-half the regular rate of pay based on the stipulated wage, before any deductions are made, for all the overtime hours. Where no express or implied agreement exists as to deductions for particular items, or if the employer reduces an employee's wages for a reason not addressed in the contractual arrangement or for no legitimate reason, the deductions are considered illegal and are not allowed during overtime workweeks. The following standards must be met:

Deductions must be for particular items according to an agreement or understanding between the parties: The agreement must be reached before the employee performs the work that becomes subject to the deductions. The agreement must be specific concerning the particular items for which the deductions will be made, and the employee must know how the amount of the deductions will be determined that are included in the agreement. The employee must affirmatively agree or assent to the employer's deduction policy. While the employee's assent to the policy may be written or unwritten, the burden of proof that an employee has agreed to the deduction policy rests on the employer.

Only bona fide deductions, made for particular items, are permitted: Deductions which evade other laws (Federal, State or local) or which are otherwise prohibited by other authority are not bona fide (e.g., if a State law prohibits any deductions from employee

wages for tools and similar items or equipment that are business expenses of the employer, we would not allow any such deductions in that State in an overtime workweek, regardless of whether the highest minimum wage enforced by the Division was paid (net) after the deductions). Deductions for amounts above the reasonable cost to the employer of furnishing a particular item to an employee are also not bona fide (e.g., furnishing items to employees "at a profit"). Deductions from wages where no prior agreement exists as to particular items are never permitted in an overtime workweek.

The regular rate of pay is based on the stipulated wage before any deductions are made: Deductions for non-3(m) items that reduce an employee's rate of pay to below the highest applicable legally-required minimum wage are illegal unless the law establishing that minimum wage allows the particular deductions. When an employee covered by the overtime requirements works overtime hours, deductions may be made according to an agreement that reduce the effective hourly rate down to the highest required minimum wage, but only from the non-overtime hours (first 40 hours in the week), and proper time- and-one-half the full regular rate (pre-deductions) must be paid for all statutory overtime hours.

The purpose and effect of the deductions are not to evade the overtime requirements or other laws: Deductions made only in overtime workweeks, or increases in prices charged during overtime workweeks compared to non-overtime workweeks, are considered manipulations to evade statutory overtime requirements which are prohibited. Deductions that violate other applicable laws (Federal, State or local) are prohibited in an overtime workweek.

Various other Federal, State and local laws regulate payment of wages, prohibit or restrict payment of wages in services or facilities, outlaw 'tI'kickbacks," restrain assignments, and otherwise govern the calculation of wages and the frequency and manner of paying them. Nothing in the FLSA or other Division-administered statutes, regulations, or interpretations overrides or nullifies any higher standards or morestringent provisions of these other laws. See 29 CFR &531.26.

Accordingly, to the extent that the deductions for uniforms and weapons meet the above criteria, they would be allowable under the FLSA. You also asked whether the cost of pre-employment physicals could be deducted in the same manner. It is our position that an employer may not require an employee to pay for the cost of obtaining a physical that is required by the employer for the employee to continue employment if doing so cuts into any statutorily-required minimum wage or overtime premium pay according to the above criteria. We also consider the time spent in obtaining such a physical examination as compensable hours of work. On the other hand, however, we would not assert that the cost of the physical or the time spent in obtaining it would have to be borne by a prospective employer if it occurs prior to employment or a
commitment to employ the individual.

We based this opinion exclusively on the facts and circumstances described in your request. We are providing it to you on the basis of your representation, explicit or implied, that you have provided a full and fair description of all the facts and circumstances that would be pertinent to our consideration of the question presented. If any other factual or historical background exists that is not contained in your request, it might require a different conclusion than the one we have expressed above.

Sincerely,

Thomas M. Markey
Acting Administrator
2001 WL 1558768 (DOL WAGE-HOUR)
END OF DOCUMENT