UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARTHUR ESTANISLAU, : | CIVIL ACTION NO. |
| : | 3:02CV1515 (PCD) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| MANCHESTER DEVELOPERS, LLC, : | |
| : | |
| Defendant. : | APRIL 12, 2004 |

## REPLY TO PLAINTIFF'S OPPOSITION
## TO DEFENDANT'S MOTION TO AMEND

**Preliminary Statement**

Defendant, by and through undersigned counsel, submits this memorandum of law in reply to Plaintiff's opposition to its Motion to Amend the Answer to add as an affirmative defense, Defendant's claim to a credit against wages due for lodging it provided Plaintiff.

**Background**

On July 2, 2003, Plaintiff moved for summary judgment and argued in support that:

> Under the FLSA, Defendant is not entitled to an offset for the housing provided to the plaintiff because 1) the housing was primarily for the benefit of Defendant; and 2) the housing deduction was not approved by the Department of Labor.
>
> * * *
>
> In the instant case, it is undisputed that the housing provided to Plaintiff was primarily for the benefit of Defendant, Statement para. 2, 3. Defendant required Plaintiff to live on site so that it could satisfy the advertised offering of 24-hour maintenance and have readily available a staff member to respond to tenant needs. Statement para. 3; Statement Exhibit 4.

(Plaintiff's memorandum of law in support of Motion for Summary Judgment, pp. 20-21). The Court denied Plaintiff's motion for summary judgment with respect to Defendant's claim to a credit for housing, finding that an issue of fact existed as to whether the housing was primarily for the benefit of the employee or the employer. (Decision on Motion for Summary Judgment, pp. 13-15). As pointed out in Plaintiff's opposition to Defendant's Motion to Amend (page 5), the Court also noted that "nothing precludes Defendant from seeking a determination from the federal and/or state Departments of Labor [as to value] if it deems such action as required." (*Id.*). By letter dated March 2, 2004 (attached as Exhibit A hereto), Defendant sought approval from the Connecticut Department of Labor for a credit of $432.00 bi-weekly in 2000 through October 21, 2001; and $450.00 bi-weekly from the end of October 2001 through the present for a two-bedroom apartment. The Connecticut agency did not approve or disapprove it (see Exhibit B hereto). A similar inquiry was made to the U.S. Department of Labor (see Exhibit C hereto) which responded only that its approval was not required (see Exhibit D hereto).

Despite his having sought and been denied summary judgment on the issue, in his Part A pretrial memorandum, Plaintiff argued in his proposed conclusions of law that Defendant's assertion of a credit for housing was waived because it had not been pled as an affirmative defense. Not a single case cited in support of his assertion that credit for lodging must be pled as an affirmative defense has anything to do with the issue. Moreover, Defendant's own research has uncovered no case supporting such a proposition and Rule 8(c) of the Federal Rules of Civil Procedure does not suggest that the assertion of the credit should be made as an affirmative

defense for pleading purposes. Defendant moved to amend its answer to add the credit as an affirmative defense simply to avoid the waste of resources involved in arguing the issue. (*See* Defendant's memorandum in Support of Motion to Amend).

### Argument

### PLAINTIFF HAS PROVIDED NO GROUNDS TO DENY THE MOTION TO AMEND

In opposition to the motion, Plaintiff does not contest that no prejudice would result from allowing it. Rather, he argues that "[a] proposed amendment would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)" (Pl. mem., p.2) and goes on to make various legal arguments as to why he believes that is the case. Considering that Defendant's claim to a credit has already withstood a Rule 56 motion for summary judgment, the proposed amendment hardly falls within the category of "futility". Essentially Plaintiff is attempting to reargue his motion for summary judgment as to the credit, which is contrary to the Court's Scheduling Order and should not be permitted. Moreover, despite Plaintiff's assertions to the contrary, each of the legal grounds and pieces of evidence Defendant will use to support its claim to the credit are set forth in its pretrial memorandum compliance and have already, to the extent requested, been provided in discovery. Plaintiff's arguments that the evidence is insufficient (*id.*) is clearly an issue for trial.

Finally, Plaintiff does not dispute that the credit was raised by Defendant prior to its initial Answer in the Parties' Planning Conference Memorandum and has remained a contested issue throughout discovery and summary judgment proceedings. Plaintiff's averments as to

Defendant's "last-minute amendment" (Pl. mem., p. 5) and "untimely proffer of an additional affirmative defense" (*id.* at p. 7) are intentionally misleading and not in compliance with Rule 11(b)(3).

## CONCLUSION

For the foregoing reasons, Defendant's motion to amend should be granted.

Done at Bridgeport, Connecticut this 12th day of April, 2004.

_____
Loraine M. Cortese-Costa
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT  06604
(203)366-3438
Federal Bar No. ct3984
ATTORNEYS FOR DEFENDANT

# EXHIBIT A

# DURANT, NICHOLS, HOUSTON, HODGSON & CORTESE-COSTA, P.C.

ATTORNEYS AT LAW

1057 Broad Street
Bridgeport, Connecticut 06604-4219
Tel. (203) 366-3438     Fax (203) 384-0317
www.durantnic.com

Loraine M. Cortese-Costa**
Natale V. Di Natale**
E. Terry Durant*
Lisa Grasso Egan
Christopher M. Hodgson
Donald F. Houston
David J. Kelly**
Pamela J. Coyne
Peter Dagostine

Also admitted in Virginia*
Also admitted in New York**

Of Counsel
George N. Nichols

Paralegals
Clara Cuneo Koczi
Megan L. Krom

March 2, 2004

*Via Federal Express*

Mr. Gary Pechie, Director
Wage and Workplace Standards Division
Connecticut Department of Labor
200 Folly Brook Boulevard
Wethersfield, Connecticut 06109

Re:  Credit for Lodging

Dear Mr. Pechie:

My client, Manchester Developers, LLC, maintains an apartment complex in Manchester, Connecticut, located at 39 Buckland Street. The employer provides certain of its employees with apartments and takes a credit for that lodging against wages due. It has been argued by a former employee of Manchester Developers, in a federal court action seeking collection of allegedly unpaid wages, that Manchester Developers is not entitled to the credit because, *inter alia*, the credit amount was not approved by the Connecticut Department of Labor. The credit amounts are: $432.00 bi-weekly in 2000 through October 2001; and $450.00 bi-weekly from the end of October 2001 through the present for a two bedroom apartment at the complex. Without implying that the former employee's interpretation of Connecticut law is correct or that the credit meets other requirements under Connecticut law, would the Department of Labor approve these credit amounts?

As always, your prompt response is appreciated and I have enclosed a pre-paid overnight envelope for that purpose.

Very truly yours,

Loraine M. Cortese-Costa

LMC-C/jvd
Enclosure

# EXHIBIT B

Opportunity ★ Guidance ★ Support

**CONNECTICUT DEPARTMENT OF LABOR**

*Wage And Workplace Standards Division*

| Wage Payment | Working Conditions |
|---|---|
| (860) 263-6790 | (860) 263-6791 |
| Minimum Wage/Overtime | Public Contract Compliance |
| (860) 263-6790 | (860) 263-6790 |
| Website | Fax |
| www.ctdol.state.ct.us | (860) 263-6541 |

March 3, 2004

Loraine M. Cortese-Costa, Esq.
Durant, Nichols, Houston,
Hodgson & Cortese-Costa, P.C.
1057 Broad Street
Bridgeport, CT 06604-4219

Dear Ms. Cortese-Costa:

This letter is in response to your request for an informal opinion on credit for lodging. This informal opinion is based solely on the information you submitted on March 2, 2004.

The regulation that covers this matter is 31-60-3 deductions and allowances for reasonable value of board and lodging, specifically subsection (f). That subsection states in part, "..when housing consisting of more than one room is provided for the employee and such circumstances are established in the hiring agreement, the labor commissioner shall establish a reasonable allowance for such housing..."

As long as it is not a deduction from wages and is used as a credit towards the minimum wage, we would not have to approve the amount as long as it meets the guidelines of subsection (f).

I trust this answers your inquiry.

Sincerely,

Gary K. Pechie
Director
GKP:pr

Case 3:02-cv-01515-PCD    Document 67    Filed 04/14/2004    Page 9 of 13


# EXHIBIT C

# DURANT, NICHOLS, HOUSTON, HODGSON & CORTESE-COSTA, P.C.

Loraine M. Cortese-Costa**
Natale V. Di Natale**
E. Terry Durant*
Lisa Grasso Egan
Christopher M. Hodgson
Donald F. Houston
David J. Kelly**
Pamela J. Coyne
Peter Dagostine

Also admitted in Virginia*
Also admitted in New York**

ATTORNEYS AT LAW

1057 Broad Street
Bridgeport, Connecticut 06604-4219
Tel. (203) 366-3438     Fax (203) 384-0317
www.durantnic.com

Of Counsel
George N. Nichols

Paralegals
Clara Cuneo Koczi
Megan L. Krom

March 9, 2004

*Via Facsimile/Federal Express*
*(860) 240-4029*

Mr. Neil Patrick
US Dept. of Labor
ESA Wage & Hour Division
135 High Street, Room 210
Hartford, CT 06103-1111

    Re:    <u>Credit for Lodging</u>

Dear Mr. Patrick:

    This letter is a request for confirmation in writing of your representation during our telephone conversation on March 5, 2004 that an employer is not required to obtain permission from the United States Department of Labor prior to taking credit for lodging.

    A former employee has asserted a claim against a client for allegedly unpaid wages. One of his claims is that the credit taken by his former employer for lodging is improper because the credit was not approved by the United States Department of Labor. Without addressing any other aspect of the former employee's claim, we would like to clarify that prior permission is not required.

    Your prompt response is appreciated, and I have enclosed a pre-paid overnight envelope for that purpose.

                                   Very truly yours,

                                   Pamela J. Coyne

Enclosure
cc:    Loraine M. Cortese-Costa
P:\general\pjc\586800\001\00038769.DOC

# EXHIBIT D

**U.S. Department of Labor**   Employment Standards Administration
  135 High St., Room 210   Wage and Hour Division
  Hartford, CT  06103
  Tel. 860-240-4160



March 23, 2004

Attorney Pamela J. Coyne
Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C.
1057 Broad St.
Bridgeport, CT  06604-4219

Re:  Credit for Lodging

Dear Ms. Coyne:

We are responding to your request for written confirmation regarding credit for lodging, contained in a letter dated March 9, 2004.

Section 3(m) of the Fair Labor Standards Act of 1938, As Amended, (29 U.S.C. 201, et seq.) and Regulation Part 531 (29 C.F.R. Part 531) authorize the Secretary of Labor to determine the reasonable cost to an employer of furnishing lodging to employees. However, neither the statute nor the corresponding regulations require that an employer obtain permission from the U.S. Department of Labor prior to taking credit for lodging.

I trust this is responsive to your inquiry.

Sincerely,

for Dianne M. Miller
District Director

*Working for America's Workforce*

## CERTIFICATION

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified mail, return receipt requested, this 12th day of April, 2004 to all counsel and pro se parties as follows:

Marc Mercier, Esq.
Beck & Eldergill, PC
447 Center Street
Manchester, CT 06040

Loraine M. Cortese-Costa

P:\lit\LCC\586800\003\00039279.DOC