FILED

2004 APR 22  A 8: 54

U. DISTRICT C...
NEW HAVEN, C...

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARTHUR ESTANISLAU, | : | CIVIL ACTION NO. |
| | : | 3:02CV1515 (PCD) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MANCHESTER DEVELOPERS, LLC, | : | |
| | : | |
| Defendant. | : | APRIL 21, 2004 |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE FRAN VELASCO'S DEPOSITION IN A SEPARATE MATTER AND YEVGENY YERMAKOV'S TESTIMONY

Defendant, Manchester Developers, LLC ("Manchester"), hereby submits this Memorandum of Law in Support of its Motion in Limine to Preclude Fran Velasco's deposition testimony in a separate matter and Yevgeny Yermakov's testimony.

**I.      BACKGROUND**

In his Section A Compliance with the Trial Preparation Order,[1] Plaintiff proposed the introduction of Fran Velasco's deposition testimony dated May 31, 2001 in a separate matter, *Chameroy v. Manchester Developers, Inc.*, 3:01CV152(JCH).   (*See* Pl. Sec. A, Plaintiff's Proposed Exhibits, Exhibit 2, p. 48.)  Plaintiff did not explain his reasons for introducing Ms. Velasco's deposition testimony in an entirely separate matter.

Plaintiff also proposed the introduction of testimony by Yevgeny Yermakov. (*See* Pl. Sec. A, Plaintff's Witnesses, ¶ 4, pp. 57-58.)  Plaintiff indicated that he expects Mr. Yermakov to

---

[1] Hereinafter "Plain. Sec. A."

"testify about the terms and conditions of Defendant's hire of maintenance superintendents at Aspen Woods, including the obligation to live on-site." (*Id.*) Prior to serving his Section A, Plaintiff never informed Defendant of his intention to introduce Mr. Yermakov's testimony at trial.

Neither Ms. Velasco's deposition testimony, nor Mr. Yermakov's testimony are admissible under the rules and should be precluded at trial.

**II.   MS. VELASCO'S DEPOSITION TESTIMONY IN A SEPARATE MATTER IS INADMISSIBLE AND SHOULD BE PRECLUDED AT TRIAL**

Ms. Velasco's testimony in the *Chameroy* matter should be precluded as inadmissible hearsay and as irrelevant. *See* Fed. R. Evid. 401-403, 801 et seq.

The Rules of Civil Procedure allow a party to use the deposition of a witness only when the witness is unavailable to appear and testify at trial. *See* Fed. R. Civ. P. 32(a)(3). The Rules of Civil Procedure do not specifically allow a party to use a witness' deposition testimony from a separate matter, and in any event, Ms. Velasco is available to testify at trial, and any prior testimony, whether in this matter or the *Chameroy* matter, is not admissible under the Rules of Civil Procedure.

The Rules of Evidence clearly address Plaintiff's intended use of Ms. Velasco's deposition from a separate matter under Rule 801 et seq. First of all, the deposition testimony is hearsay and inadmissible. *See* Fed R. Evid. 801, 802. Secondly, none of the hearsay exceptions apply. The only arguably applicable exception would be the exception for a witness' "former testimony." *See* Fed. R. Evid. 804(b)(1). Defendant concedes that Ms. Velasco's deposition

testimony in the *Chameroy* matter is "former testimony," however, in order to apply this exception, the declarant, Ms. Velasco, must be "unavailable." *See* Fed R. Evid. 804(a). As stated above, Ms. Velasco is available and will testify at trial.

Notwithstanding the foregoing, even if Ms. Velasco's deposition testimony in the *Chameroy* matter was admissible under the Rules of Civil Procedure or any of the exceptions to the hearsay rule, it is entirely irrelevant to Plaintiff and his claims. *See* Fed. R. Evid. 401, 402. A review of the proffered deposition testimony reveals specific questions regarding the terms and conditions of Mr. Chameroy's employment with Defendant. Plaintiff deposed Ms. Velasco on March 19, 2003 regarding the terms and conditions of his employment with Defendant. Ms. Velasco's deposition in the *Chameroy* matter is entirely irrelevant to Plaintiff and his claims herein and should be excluded from evidence at trial. *See Amatucci v. Delaware & Hudson Ry. Co.*, 745 F.2d 180, 183 (2d Cir. 1984) (holding that evidence of other employees' heart attacks is inadmissible in action for negligent failure to provide safe workplace under Federal Employer's Liability Act).

Further, the proffered evidence may easily confuse and/or mislead the jury and would be a waste of time. *See* Fed. R. Evid. 403 (stating that even if relevant, "evidence may be excluded if its probative value is substantially weighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of evidence"). Due to the nature of the dispute between the parties herein, which is specific to Plaintiff's terms and conditions of employment and the hours he claims to have worked without compensation, evidence related to Mr. Chameroy, may easily confuse or mislead

the jury on the issues. The proffered evidence, which is obviously from a previous case against Defendant, is also highly prejudical. *See Kinan v. City of Brockton*, 876 F.2d 1029, 1035 (1st Cir. 1989) (finding that evidence of two prior civil rights actions against the defendant would cause confusion and waste time, and exclusion at trial was proper); *Wingfield v. United Technologies Corp.*, 678 F.Supp. 973, 983 (D. Conn. 1988) (concluding that evidence of prior employment discrimination which was no longer actionable would be likely to confuse jury, unfairly prejudice defendant, unduly delay trial, and was inadmissible). *See also Wilson v. Bicycle South, Inc.*, 915 F.2d 1503, 1510 (11th Cir. 1990) (concluding that trial court properly excluded evidence of allegedly similar incident because of amount of extrinsic evidence that would be required to determine whether incidents were sufficiently similar for evidence to be sufficiently probative for admission).

The inadmissible deposition testimony from an unrelated matter is not necessary, is entirely irrelevant to Plaintiff or his claims, and admission would unduly confuse and mislead the jury and would be prejudicial to Defendant. Defendant requests this Court to preclude Plaintiff from introducing Ms. Velasco's deposition from the *Chameroy* matter at trial.

### III. YEVGENY YERMAKOV'S TESTIMONY IS IRRELEVANT AND INADMISSIBLE AND SHOULD BE PRECLUDED AT TRIAL

Yevgeny Yermakov should be precluded from testifying at trial, because he has no first-hand knowledge of the terms and conditions of Plaintiff's employment with Defendant or the hours Plaintiff claims to have worked without compensation. Mr. Yermakov was employed by Defendant several years ago. Mr. Yermakov and Plaintiff never worked together. Therefore,

Mr. Yermakov's testimony about the terms and conditions of Plaintiff's employment with Defendant is inadmissible hearsay, and his testimony about Defendant's policies at the time of his employment is irrelevant to Plaintiff's claims. Further, prior to serving his Section A, Plaintiff never informed Defendant of his intention to introduce Mr. Yermakov's testimony at trial.

Plaintiff's claims in this matter are limited to his terms and conditions of employment with Defendant, the hours he worked and the hours for which he was paid. Neither Mr. Yermakov, nor any other former maintenance superintendent, is able to testify to Plaintiff's terms and conditions of employment or the hours he worked. Anything Mr. Yermakov has to say regarding Plaintiff is hearsay, and there is no arguably applicable exception. *See* Fed. R. Evid. 801 et seq.

To the extent Plaintiff expects Mr. Yermakov to testify to Defendant's policies during Mr. Yermakov's period of employment, which did not coincide with Plaintiff's at any time, his testimony is irrelevant. The test of relevancy is whether the evidence has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Mr. Yermakov's presumed knowledge of Defendant's policies is so remote to Plaintiff's claims and the policies in effect during Plaintiff's period of employment, that there is clearly no tendency to prove or disprove any material fact as required by the rules.

Further, similar to Ms. Velasco's deposition in the *Chameroy* matter, and for the same reasons as stated above, Mr. Yermakov's testimony would confuse and mislead the jury, unduly

- 5 -

delay the trial and be prejudicial to Defendant. *See* Fed. R. Evid. 403. *See also Kinan*, 876 F.2d at 1035; *Wingfield*, 678 F.Supp. at 983; *Wilson*, 915 F.2d at 1510.

## IV.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests this Court to enter an order precluding Plaintiff from introducing Ms. Velasco's deposition from the *Chameroy* matter and from introducing Mr. Yermakov's testimony.

Done at Bridgeport, Connecticut this 21st day of April, 2004.

*Pamela Coyne*
Pamela J. Coyne
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT 06604
(203)366-3438
Federal Bar No. ct22941
ATTORNEYS FOR DEFENDANT

## CERTIFICATION

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified mail, return receipt requested, this 21st day of April, 2004 to all counsel and pro se parties as follows:

Marc Mercier, Esq.
Beck & Eldergill, PC
447 Center Street
Manchester, CT  06040

                                                      Pamela J. Coyne

39480