**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ARTHUR ESTANISLAU, JR. | : | CIVIL ACTION NO: 3:02CV1515(PCD) |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| MANCHESTER DEVELOPERS, LLC | : | |
| Defendant | : | APRIL 26, 2004 |
| | : | |

**PLAINTIFF'S REPLY RE: MOTION IN LIMINE ON EVIDENCE**

**I.    Defendant's Arguments Fail to Address the Prohibitions of Federal Rules of Evidence 608 and 609**

Defendant's Opposition fails to address at all the prohibitions posed by Rules 608 and 609.  More specifically, Defendant readily admits that the very purpose of their proffer evidence of convictions, infractions, tax returns and the employment application is to establish Plaintiff's "character for truthfulness or untruthfulness" (Defendant's Memorandum in Opposition, pages 3, 5).  Rule 608(b) specifically prohibits the use of such extrinsic evidence of specific instances of conduct for the purpose of attacking or supporting the witness' character for truthfulness.

Without a single case citation of its own or any discussion of those cited by Plaintiff, Defendant merely asserts that the second sentence of Rule 608(b) allows it

1

to cross- examine Plaintiff, through the use of extrinsic evidence, about his character for truthfulness.  It does not.  United States v. Fusco, 748 F.2d 996 (5th Cir. 1984)(Rule 608(b) limits the use of evidence "designed to show that the witness has done things, unrelated to the suit being tried, that make him more or less believable per se.")

Defendant's avowed purpose in using such extrinsic evidence is to demonstrate, through conduct wholly unrelated to the claim, that Plaintiff is less believable.  By its own admission, none of the incidents have anything to do with Plaintiff's duties, hours, or estimates of hours.  Defendant thus seeks to do what is exactly prohibited by Rule 608 and 609.  Ricketts v. City of Hartford, 74 F.3d 1397, 1413 (2d Cir. 1996)(hospital records barred when offered to show that officers lied regarding their use of excessive force); Palmer v. City of Monticello, 31 F.3d 1499, 1506(10th Cir. 1994)(in a Section 1983 action, no error to preclude impeachment by showing alleged falsities on plaintiff's employment application).

Defendant's Opposition also fails to address the prohibition contained in Federal Rule of Evidence 609 against the use of convictions of crimes other than those involving dishonesty or false statements and more than 10 years old.  Defendant ignores the rule and instead infers that the citations and traffic offenses constitute "crimes of falsity".

2

(Defendant's Memorandum in Opposition, p. 3.).  They clearly do not.  Any effort to

impeach a witness on basis of mere accusation or arrest is not permissible.  <u>U. S. v.</u>

<u>Hodnett</u>, 537 F.2d 828 (5th Cir. 1976) rehearing denied 540 F.2d 1086.


II.    <u>Defendant's Arguments Fail to Address At All The After Acquired" Evidence</u>
       <u>Rule.</u>

Defendant fails to address at all the "after acquired" evidence rule set forth in

<u>McKennon v. Nashville Banner Publishing Co.</u>, 513 U.S. 352, 360 (1995).  Alleged

misrepresentations on an employment application discovered during the course of

the instant litigation have no bearing upon Defendant's liability to Plaintiff for overtime

nor are they, for the reasons discussed above, relevant to Plaintiff's calculation of

damages.

The case which Defendant cites does not establish the admissibility of

Plaintiff's employment application.  <u>Tavassol v. Hewitt-Washington & Associates</u>

involved the court's determination that an employee with an architecture degree and

performing architectural duties was an exempt professional.  While the court used

the employee's resume to examine credibility, no indication is given as to the reason

for its admissibility. Misrepresentations on a resume may well have been directly

relevant to the central issue of the case - a determination of the employee's qualifications, terms and conditions of hire, and duties.  In the instant case, Plaintiff's employment application has absolutely no bearing on his qualifications, duties, or calculation of his hours.  Defendant's desired use of the application is solely to show that Plaintiff, in a matter unrelated to the suit, did something that makes him less credible.  It is inadmissible for that purpose.  United States v. Fusco, 748 F.2d 996 (5th Cir. 1984).

PLAINTIFF

By:
Marc P. Mercier
Beck & Eldergill, P.C
447 Center Street
Manchester, CT 06040
Tel: (860) 646-5606
Fed Bar No: ct10886

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed this 26th day of April, 2004, to the following parties:

Pamela J. Coyne, Esq.
Loraine M. Cortese-Costa, Esq.
Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C.
1057 Broad Street
Bridgeport, CT   06604

4

_____
Marc P. Mercier

Estanislau\ReplyMoLimEvid04-04.pld