UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARTHUR ESTANISLAU, JR.<br>    Plaintiff | CIVIL ACTION NO: 3:02CV1515(PCD) |
| VS. | |
| MANCHESTER DEVELOPERS, LLC<br>    Defendant | APRIL 26, 2004 |

**PLAINTIFF'S REPLY RE: CREDIT FOR LODGING PROVIDED TO THE PLAINTIFF**

Defendant, in its memorandum in opposition to Plaintiff's Motion in Limine Regarding Credit for Lodging Provided to Plaintiff, claim three separate bases for opposition. These are addressed in the order presented by Defendant.

1. <u>Plaintiff has not "Stipulated" to the Value of the Lodging</u>.

Defendant asserts that Plaintiff, by using the value of the lodging set by Defendant in the applicable leases in his calculation of the base rate, has "stipulated" that the "value" of the lodging is both reasonable and accurate. Defendant further claims that the consequence of the "stipulation" is to relieve it of the burden under the FLSA to prove the value of the lodging, provide appropriate paperwork and expert testimony supporting that value, seek and obtain approval from the Administrator of

1

the Department of Labor.

Those claims are inaccurate for several reasons. First, Plaintiff's expert is an actuary who has estimated Plaintiff's lost wages using Defendant's "value" of lodging as part of Plaintiff's base hourly rate of pay. He is not an expert in real estate nor provides any calculations relative to profit or actual costs as would be required of Defendant. Plaintiff's use of such a "value" does not relieve Defendant of any of its obligations under the FLSA and is not a "stipulation" of anything. Defendant has the burden under the FLSA to establish, through evidence and expert testimony, the value of the lodging for which it claims a credit or deduction. See <u>Donovan v. New Floridian Hotel, Inc.</u>, 676 F.2d 468, 473-76 (11th Cir. 1982). No action by Plaintiff relieves Defendant of that obligation. Indeed, Defendant now attempts to repudiate the very letter from the Connecticut Department of Labor it previously claimed proved compliance. For the reasons discussed below, that letter proves Defendant failed to administer lodging as a credit but rather took it as a deduction from overtime wages only in weeks where overtime was worked.

Defendant's claim that it "had every reason to believe the amount [of the value of the lodging] was agreed upon once Plaintiff disclosed his expert's report" is utterly baseless. The pleading makes it abundantly clear that Plaintiff has consistently

2

disputed Defendant's ability to claim and value for any credit or off-set for lodging.

The reason for Defendant's reliance upon a theory of "stipulation" is manifest. Defendant has not responded to the first basis of Plaintiff's Motion in Limine - that the "[d]efendant has failed to maintain or disclose records of the cost of lodging provided to the Plaintiff and claimed as a credit by the Defendant". Defendant has offered no such documents. Having failed to disclose any such evidence, Defendant should be precluded from any such presentation or claim of credit for lodging at trial.

2. <u>Defendant's Practice of "Deductions" or "Credits" for Lodging Provided to the Plaintiff in Lieu of Overtime Pay is Contrary to Law and Thus No Set-Off or Credit is Available to the Defendant</u>.

Defendant misreads the FLSA and the February 16, 2001 DOL Opinion Letter cited by the Defendant and attached to Plaintiff's Motion in Limine. Defendant's core claim is that the credit is legitimate because it has never diminished the Plaintiff's minimum wage benefit nor reduced Plaintiff's actual pay below the minimum wage.

Such a claim is irrelevant because Defendant's actual practice of deducting the "value" of the lodging only in weeks in which overtime was earned represents an illegal and selective application of the deduction.

3

> Deductions made only in overtime workweeks, or increase in prices charged during overtime workweeks compared to non-overtime workweeks, are considered manipulations to evade statutory overtime requirements which are prohibited.

February 16, 2001 DOL Opinion Letter.

An examination of the uncontested portions of Plaintiff's and Defendant's Trial Preparation Order Section C Compliance reveals that Defendant did not consistently take a credit for lodging but instead applied it only during overtime workweeks. Such a practice is, as a matter of law, an attempt by Defendant to avoid its duty to pay overtime.

A further demonstration of Defendant's improper use of the housing credit is found on pages 5 and 6 of its brief. Defendant argues, in reliance upon 29 C.F.R. §§ 531.27 and 531.37(a) that it is entitled to "a credit up to the amount by which Plaintiff's straight time pay exceeds the minimum wage amount for a forty hour workweek" - in the instant case, $212 or $232 per week or maximum monthly credits of $911.60 or $997.60. The "value", however, that Defendant assigned to Plaintiff's lodging exceeds those amounts and was $1,025.00 and $1,125.00 respectively. Plaintiff's Trial Preparation Order Section C Compliance, Section 1, paras. 8, 9.

4

Finally, Defendant's claim that it may seek a credit/or deductions even if it is determined that the lodging was furnished primarily for the benefit or convenience of the employer is false. As this Court has already noted in its Ruling on Cross-Motions for Summary Judgement, Dec. 23, 2003, at p. *8:

> 29 C.F.R. § 531.32 (c) provides that "under § 531.3(d)(1), the cost of furnishing 'facilities' which are primarily for the benefit or convenience of the employer will not be recognized as reasonable and may not therefore be included in computing wages.

                                PLAINTIFF


                                By:
                                    Marc P. Mercier, ct10886
                                    Beck & Eldergill, P.C
                                    447 Center Street
                                    Manchester, CT 06040
                                    Tel: (860) 646-5606

**CERTIFICATION**

I hereby certify that a copy of the foregoing has been mailed this 26th day of April, 2004, to the following parties:

Pamela J. Coyne, Esq.
Loraine M. Cortese-Costa, Esq.
Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C.
1057 Broad Street
Bridgeport, CT   06604

_____
Marc P. Mercier

Estanislau\ReplyLodg04-04.pld

6

Case 3:02-cv-01515-PCD    Document 75    Filed 04/26/2004    Page 6 of 6