UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARTHUR ESTANISLAU, JR. : | CIVIL ACTION NO: 3:02CV1515(PCD) |
|     Plaintiff : | |
| : | |
| VS. : | |
| : | |
| MANCHESTER DEVELOPERS, LLC : | |
|     Defendant : | APRIL 27, 2004 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE**

**I.     The Deposition Transcript of Fran Velasco from the Matter of *Chameroy v. Manchester Developers, Inc.*, 3:01CV152(JCH) is Admissible.**

Defendant's arguments regarding the inadmissibility of Ms. Velasco's prior deposition transcript are misleading and inaccurate. Pursuant to the Court's Trial Preparation Order, Plaintiff has simply reserved his right to introduce transcripts of depositions of Fran Velasco for the purpose of impeachment as a prior inconsistent statement and/or as admissions.

Pursuant to Federal Rule of Evidence 801(d)(1), a statement is not hearsay if:

> the declarant testifies at the trial ... and is subject to cross examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony, and was given ... in a deposition.

Thus, Ms. Velasco's testimony given in the matter of <u>Chameroy v. Manchester Developers, Inc.</u>, 3:01CV152(JCH) is admissible as a prior inconsistent statement.  See

1

Pope v. Savings Bank of Puget Sound, 850 F.2d 1345, 1356 (9th Cir. 1988)(defendant properly introduced plaintiff's deposition testimony from different proceeding under Rule 801(d)(1)(A)).

In addition, Federal Rule of Evidence 801(d)(2)(A) provides that a statement of a party made in either an individual or representative capacity is not hearsay when offered in evidence against the party. To be admissible, the statement need not have been made in connection with the instant case, but can have been made in completely independent litigation. See U.S. v. Veltmann, 6 F.3d 1483, 1499-1500 (11th Cir. 1993)(civil deposition admission allowed in criminal case involving same facts); Trull v. Volkswagen of America, Inc., 187 F.3d 88, 99 (1st Cir. 1999). Statements made by Ms. Velasco, Defendant's highest ranked management employee in Connecticut, regarding the requirement and reason for the on-site residence of maintenance employees are admissions directly relevant to a hotly contested matter in this case.

Finally, the cases upon which Defendant relies to defeat the admission of the deposition transcript are inapposite. Plaintiff is not offering, through the deposition, the fact of other litigation or the substantive allegations of Mr. Chameroy. Nor is it offered for "pattern and practice" evidence which may be relevant in some discrimination claims. Plaintiff instead offers the transcript to demonstrate that Defendant required maintenance employees to live on site for its own benefit. As such, the deposition transcript will not

2

unduly confuse the jury, delay the trial, or require extrinsic evidence.

## II.     The Testimony of Yevgeny Yermakov is Relevant.

Contrary to Defendant's arguments, the testimony of Mr. Yerkmakov is relevant. As has been known by Defendant since it first claimed lodging as an offset, Defendant's practices in hiring maintenance employees, and its imposition of and justification for a requirement that they live on-site is directly relevant to a determination of the primary purpose of such lodging. Such testimony is neither hearsay nor remote. It is, in fact, directly relevant to a hotly disputed aspect of the case. Finally, Defendant claims, without explanation, that such testimony would somehow confuse the jury, result in undue delay in the trial, or prejudice Defendant. Plaintiff's evidence cannot be excluded by merely making conclusory allegations without any support in fact or law.

                                        PLAINTIFF


                                        By:
                                            Marc P. Mercier
                                            Beck & Eldergill, P.C.
                                            447 Center Street
                                            Manchester, CT 06040
                                            (860) 646-5606
                                            Fed Bar No: ct10886


3

## **CERTIFICATION**

I hereby certify that a copy of the foregoing has been mailed this 27TH day of April, 2004, to the following parties:

Pamela J. Coyne, Esq.
Loraine M. Cortese-Costa, Esq.
Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C.
1057 Broad Street
Bridgeport, CT   06604

                                             _____
                                             Marc P. Mercier

Estanislau\MemOppLim04-04.pld

4