UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| Arthur ESTANISLAU, JR., <br>     Plaintiff, | : <br> : <br> : |
| vs. | : Case No. 3:02cv1515 (PCD) <br> : |
| MANCHESTER DEVELOPERS, LLC <br>     Defendant. | : <br> : |

**RULING ON MOTION TO AMEND AND MOTION IN LIMINE RE: CREDIT**

Pursuant to Fed. R. Civ. P. 15(a), Defendant moves to amend its answer to add an affirmative defense stating that Defendant is entitled to a credit against wages due for lodging provided to Plaintiff. Plaintiff opposes this amendment and also files a motion in limine seeking to preclude the introduction of any evidence pertaining to this credit at trial. For the reason stated herein, Defendant's motion to amend is **granted** and Plaintiff's motion in limine is **denied**.

**I.     BACKGROUND:**

Familiarity with the facts of this case is presumed. For the purposes of this ruling it suffices to state that from approximately September 9, 2000 through March 18, 2003, Plaintiff was employed by Defendant as an "on-site" maintenance superintendent at Aspen Woods, a 400 unit residential rental property located at 39 Buckland Street in Manchester, Connecticut. During the course of his employment, Plaintiff was paid $12.00 to $12.50 per hour and provided with free lodging in apartments, which Defendant alleges had fair market values ranging from $865 per month to $1,125 per month. The apartments were purportedly provided as compensation for the first twelve hours of overtime Plaintiff worked per week. Pursuant to Conn. Gen. Stat. §§ 31-68, 31-71 and 29 U.S.C. § 201 et. seq., Plaintiff is now suing Defendant for overtime wages

1

allegedly owed.

## II.     PLAINTIFF'S MOTION IN LIMINE:

### A.     The Fair Labor Standards Act:

The Fair Labor Standards Act ("FLSA") requires that employers pay employees overtime wages, at the rate of time and a half, for hours worked in excess of 40 hours a week.  29 U.S.C. § 207(a)(1).  Under § 203(m) of the FLSA, the definition of wage "includes the reasonable cost ... to the employer of furnishing such employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees..." 29 U.S.C. § 203(m).  Section 531.3 of the Act's regulations provide general guidelines for the determination of "reasonable cost."  Reasonable cost is "not more than the actual cost to the employer of the board, lodging, or other facilities customarily furnished by him to his employees." 29 C.F.R. 531.3(a).  Furthermore, "[r]easonable cost does not include a profit to the employer or to any affiliated person." 29 C.F.R. 531.3(b).  The regulation also sets forth procedures for the determination of reasonable cost when, as here, there has been no determination by the administrator.  29 C.F.R. 531.3(c).

Once reasonable cost has been determined, the wage of the employee must be determined.

> Where deductions are made from the stipulated wage of an employee, the regular rate of pay is arrived at on the basis of the stipulated wage before any deductions have been made. Where board, lodging, or other facilities are customarily furnished as addition to a cash wage, the reasonable cost of the facilities to the employer must be considered as part of the employee's regular rate of pay.

29 C.F.R. § 531.37(b).

Finally, "an employer who makes deductions from the wages of employees for 'board,

2

lodging, or other facilities' (as these terms are used in sec. 3(m) of the Act) furnished to them by the employer or by an affiliated person, or who furnishes such "board, lodging, or other facilities" to employees as an addition to wages, shall maintain and preserve records substantiating the cost of furnishing each class of facility..." 29 C.F.R. 516.27(a).  Such records are not required "with respect to an employee in any workweek in which the employee is not subject to the overtime provisions of the Act and receives not less than the applicable statutory minimum wage in cash for all hours worked in that workweek." 29 C.F.R. 516.27(c).  "Deductions made only in overtime workweeks, or increases in the prices charged for articles or services during overtime workweeks will be scrutinized to determine whether they are manipulations to evade the overtime requirements of the Act." 29 C.F.R. § 531.37(a).

  These regulations are generally entitled to substantial deference.  <u>Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.</u>, 467 U.S. 837, 843-844, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984) ("If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation.  Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute").  Although the case law on these provisions is not extensive, it does follow closely the provisions of the regulations.  See <u>Donovan v. New Floridian Hotel, Inc.</u>, 676 F.2d 468, 475 (11th Cir. 1982) ("[A]n employer's unsubstantiated estimate of his cost, where the employer has failed to comply with the recordkeeping provisions of the FLSA, and where there has been no determination of reasonable cost by the Wage and Hour Division, does not satisfy the employer's burden of proving reasonable cost"); <u>see</u> <u>also</u> <u>Herman v. Collis Foods, Inc.</u>, 176 F.3d 912, 919 (6th Cir. 1999) (Applying 29 C.F.R. § 516.27(b)(1) and 29 C.F.R. §

516.27(a)(2) to hold that non-itemized records of the average cost of meals provided is sufficient to meet the records keeping and substantiation requirements); Soler v. G. & U., Inc., 833 F.2d 1104, 1108 (2d Cir. 1987) ("[T]o ensure adequate wages and to prevent employer profiteering ... [Congress] required that the housing credit for an employer be limited to the 'reasonable cost' of the lodging furnished the employee") (citation omitted); Donovan v. Williams Chemical Co., 682 F.2d 185, 189 (8th Cir. , 1982) (Reasonable cost is not more than the actual cost and employers must "keep certain records of the cost incurred in furnishing board, lodging or other facilities" and "showing additions or deductions from wages paid for board, lodging or other facilities on a work week basis"); and Soler v. G & U, Inc., 768 F. Supp. 452, 458 (S.D.N.Y. 1991) (Citing 29 C.F.R. § 531.3(c), deductions from minimum wage for lodging are limited to the reasonable cost - which cannot include a profit - or the fair rental value, whichever is less).

On the basis of § 203(m) of the Act and the applicable regulations, Defendant seeks an offset for any overtime wages owed Plaintiff based on the value of the apartment which was furnished to him. Plaintiff objects to this credit on the grounds that Defendant has failed to maintain, or at least produce, records of the actual cost of the lodging, that the credit may be used toward minimum wage but not to reduce overtime pay, and that Defendant failed to seek approval from the Administrator of the Department of Labor regarding the value of the lodging.

With respect to Plaintiff's argument concerning a determination by the Administrator of the U.S. Department of Labor, 29 C.F.R. § 531.4(a) provides that "[u]pon his own motion or upon the petition of any interested person, the Administrator may determine generally or particularly the 'reasonable cost' to an employer of furnishing any employee with board, lodging, or other facilities..." However, as mentioned above, 29 C.F.R. § 531.3(c) provides for a

4

calculation of the reasonable cost of lodging, "[e]xcept whenever any determination made under § 531.4 is applicable..." The clear implication of the two regulations is that while the Administrator may make a determination, he/she need not do so. Accordingly, Plaintiff's motion is denied on this basis.

It is clear based on its inclusion of the definition of wage, 29 U.S.C. § 203(m), that any credit for lodging must be considered as part of Plaintiff's wage and cannot simply be used as a free standing credit for overtime to be invoked at will whenever Plaintiff happens to work more than 40 hours a week. Keun-Jae Moon v. Joon Gab Kwon, 248 F. Supp. 2d 201, 232-33 (S.D.N.Y. 2002); see also 29 C.F.R. § 531.37(b) (If "deductions are made from the stipulated wage of an employee, the regular rate of pay is arrived at on the basis of the stipulated wage before any deductions have been made. Where board, lodging, or other facilities are customarily furnished as addition to a cash wage, the reasonable cost of the facilities to the employer must be considered as part of the employee's regular rate of pay"). To the extent that Defendant seeks to use the credit in this way, that argument is misplaced and not permitted by the Act. Rather, "these benefits were simply part of [Plaintiff's] regular weekly salary, just as the cash and checks he received every week were part of that salary" and Plaintiff's wage is to be determined as the regular cash value he is paid in addition to the reasonable cost of lodging for that pay period. Keun-Jae Moon, 248 F. Supp. 2d at 233. In other words, if Plaintiff is paid on a weekly basis, his weekly wage is what he receives in his check, plus the reasonable value of his lodgings for that week. Thus, time and a half overtime pay under the Act would be calculated on the basis of that combined sum.

However, Defendant may be able to demonstrate that the parties understood "the weekly

salary to include overtime hours at the premium rate [of time and a half]." Keun-Jae Moon, 248 F. Supp. 2d at 208. There is a "rebuttable presumption that a weekly salary covers 40 hours." Giles v. City of New York, 41 F. Supp. 2d 308, 317 (S.D.N.Y. 1999). Thus, an agreement that more than 40 hours were covered will not be presumed[1] as it is important that "the employees and the employer are aware that overtime compensation in a specific amount is included in the contract" and unless "both sides clearly understand this to be so, it cannot be said with any certainty that the purposes of the law in requiring additional pay for overtime work are being achieved." Wirtz v. Harper Buffing Machine Co., 280 F. Supp. 376, 381 (D. Conn. 1968).

Should Defendant be unable to prove the existence of such an agreement, it will be entitled to no credit for overtime worked based on the cost of lodging and Plaintiff's base salary will be calculated at the rate discussed above. However, if Defendant is able to prove the existence of such an agreement, it must then be able to prove that Plaintiff's overtime wage for the relevant pay period, calculated at time and a half of Plaintiff's base wage for that period, is equal to or less than the reasonable cost of Plaintiff's lodging for that pay period. In so proving, Defendant is subject to the records keeping provisions of the FLSA and its regulations that pertain to the determination of reasonable cost as no more than actual cost. See New Floridian Hotel, Inc., 676 F.2d at 475 ("[A]n employer's unsubstantiated estimate of his cost, where the employer has failed to comply with the recordkeeping provisions of the FLSA, and where there has been no determination of reasonable cost by the Wage and Hour Division, does not satisfy the employer's burden of proving reasonable cost"). The only periods for which Defendant

---

[1] Although not raised by the motions here at issue, there has been some indication in the parties' past filings that the lodging was provided as compensation for overtime worked. The Court takes no position on the factual support for such an argument here.

would not be subject to the record keeping provisions are those when "the employee is not subject to the overtime provisions of the Act [i.e. did not work any overtime hours] and receives not less than the applicable statutory minimum wage in cash for all hours worked in that workweek." 29 C.F.R. 516.27(c).

Plaintiff argues that because Defendant has not yet disclosed any such records, it should be precluded from presenting them as evidence at trial. Pl. Br. Supp. Mot. at 2-4. Defendant contends that it was under the impression that the reasonable cost was stipulated. See Def. Br. Opp. Mot. at 4 (Citing to Plaintiff's expert report regarding lost overtime earnings, attached as Exhibit A to Defendant's motion). Plaintiff's expert report is not a stipulation as to the reasonable cost of the lodgings. Furthermore, Defendant's argument that the actual cost "is the actual rental price lost as a result[,]" Def. Br. Opp. Mot. at 4, is misplaced. Reasonable cost cannot include profit, 29 C.F.R. 531.3(b), which it is assumed Defendant would receive if it rented the apartment to a member of the public. "Actual cost" is strictly the specific costs Defendant incurred in providing the apartment, such as the mortgage payments it made, and any other relevant costs, not what it could have made otherwise. However, assuming Defendant did believe the amount to be stipulated, it is not prohibited from presenting evidence of the reasonable cost at trial now that it is clear that this belief was in error and should immediately disclose all records it intends to offer to substantiate its claims to Plaintiff. As a consequence, Plaintiff's motion in limine to preclude evidence a credit for lodging is **denied**. Defendant is, however, bound to make its case in accordance with the legal principles outlined above.

B.     State Law Claims:

Like federal law, state law provides that if an employee works more than 40 hours in a

week, that employee must be compensated at a "rate not less than one and one-half times the regular rate at which he is employed." Conn. Gen. Stat. § 31-76c. Conn. Gen. Stat. § 31-60(a) then provides that any "employer who pays or agrees to pay to an employee less than the minimum fair wage or overtime wage shall be deemed in violation of the provisions of this part." The statute goes on to require that the Labor Commissioner

> shall adopt such regulations, in accordance with the provisions of chapter 54, as may be appropriate to carry out the purposes of this part. Such regulations *may include*, but are not limited to, regulations defining and governing an executive, administrative or professional employee and outside salesperson; learners and apprentices, their number, proportion and length of service; piece rates in relation to time rates; and shall recognize, as part of the minimum fair wage, gratuities in an amount equal to twenty-three per cent of the minimum fair wage per hour for persons employed in the hotel and restaurant industry, including a hotel restaurant, and not to exceed thirty-five cents per hour in any other industry, *and shall also recognize deductions and allowances for the value of* board, in the amount of eighty-five cents for a full meal and forty-five cents for a light meal, *lodging*, apparel or other items or services supplied by the employer; and other special conditions or circumstances which may be usual in a particular employer-employee relationship.

Conn. Gen. Stat. § 31-60(b) (emphasis added).

The regulation pertaining to deductions for the value of board and lodging states that "[w]ages paid to any employee may include the reasonable value of board or lodging as herein established and may be considered as part of the minimum fair wage if such condition is made known to and accepted by the employee at the time of hiring or change of classification as a usual condition of employment." Conn. Agencies Regs. § 31-60-3(b). It goes on to state that

> An allowance or deduction for lodging will be permitted as part payment of the minimum fair wage only when the facility supplied conforms to reasonable specifications with respect to size, privacy, sanitation, heat, light and ventilation. All such facilities shall be open to inspection by an authorized representative of the labor commissioner at any reasonable time. When housing consisting of more than one room is provided for the employee and such circumstances are established in the hiring agreement, the labor commissioner shall establish a reasonable allowance for such housing and in establishing

8

>such allowance as it should apply in terms of part I of chapter 558 of the general statutes shall be guided by the prevailing rentals for similar quarters including those authorized by the local housing authority in privately or publicly financed housing.

Conn. Agencies Regs. § 31-60-3(f).

Based on the text of the statute and its implementing regulations, Plaintiff argues that any deduction for lodging can only be applied toward meeting the fair minimum wage and not towards overtime. Pl. Mem. Supp. Mot. at 4. Defendant takes the opposite view, arguing that there is no reference to minimum fair wage with respect to a deduction for lodging in the statute and no requirement of it in the regulation. Def. Mem. Opp. Mot. at 9-10. To the extent that the regulation may suggest it applies only to the minimum fair wage, Defendant argues that it is antithetical to the statute and not entitled to deference. Def. Mem. Opp. Mot. at 11-12.

The parties point to no case law interpreting either the statute or the applicable regulation regarding a deduction for lodging. The Court must therefore interpret the statute without the guidance of prior case law. "It is fundamental that statutory construction requires [a court] to ascertain the intent of the legislature and to construe the statute in a manner that effectuates that intent." Petco Insulation Co. v. Crystal, 231 Conn. 315, 321, 649 A.2d 790, 793 (1994). "In seeking to discern that intent, [a court should] look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation." Id.

The plain language of the statute is clear that failure to pay overtime is a violation of its provisions. Conn. Gen. Stat. § 31-60(a). The portion of the statute that contemplates the enactment of regulations is clear with respect to certain deductions that they are only to apply to the minimum fair wage (e.g. certain gratuities and meals) and does not so specify with respect to

9

deductions for lodging.  See Conn. Gen. Stat. § 31-60(b) (Stating that the regulations "shall also recognize deductions and allowances for the value of ... lodging" with no mention of minimum fair wage).  Implicitly then there should be a deduction for lodging, but it is not a deduction from overtime owed as Defendant seems to suggest.  Rather, like the FLSA, it is a deduction from the total wage owed an employee.

How this deduction works is best understood in light of the section b of the regulation, which states that "[w]ages paid to any employee may include the reasonable value of board or lodging as herein established and may be considered as part of the minimum fair wage if such condition is made known to and accepted by the employee at the time of hiring or change of classification as a usual condition of employment."  Conn. Agencies Regs. § 31-60-3(b). "Wages" is defined by the statute as distinct from the minimum fair wage and to mean "compensation due to an employee by reason of his employment" with respect to Part I, Conn. Gen. Stat. § 31-58(I), and in Part II "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission, or other basis of calculation."  Conn. Gen. Stat. § 31-71a.  "Wage" is not synonymous with "minimum fair wage" and, as the regulation states, lodging may be considered part of the minimum fair wage *and* it may be considered part of the overall wage.  Conn. Agencies Regs. § 31-60-3(b).  Accordingly, as an employer may deduct the value of lodging from the minimum fair wage, § 31-60-3 of the regulations must be read to allow wages over and above the minimum fair wage to include the value of lodging.  It would be quite bizarre if an employer could pay an employee less than the cash value of the minimum fair wage by deducting the value of lodging, but not be allowed to make the same deduction to a more generous salary.  Indeed, the general legislative purpose of

the statute bears this out, as it is intended to be of "broad application" and to "comprehend[] a wide variety of ways and means of furnishing remuneration for services rendered." West v. Egan, 142 Conn. 437, 444, 115 A.2d 322, 326 (1955).

Plaintiff's wage should therefore include the cash he was paid directly plus the value of his lodging. This wage should be used to determine what constitutes time and a half overtime pay as well. However, the statute also provides that:

> No employer shall be deemed to have violated section 31-76c [the provision setting the maximum week at 40 hours and overtime at time and a half] by employing any employee for a workweek in excess of the maximum workweek applicable to such employee if, pursuant to an agreement or understanding arrived at between the employer and the employee before performance of work, the amount paid to the employee for the number of hours worked by him in such workweek in excess of the maximum workweek applicable to such employee under section 31-76c: (A) In the case of an employee employed at piece rates, is computed at piece rates not less than one and one-half times the bona fide piece rates applicable to the same work when performed during nonovertime hours

Conn. Gen. Stat. § 31-76e. Again, like the FLSA, state law allows an employer and employee to contract such that the employee's regular wage includes per pay period compensation for overtime at the rate of time and a half. As a wage may include the value of lodging, that value can be used towards any overtime worked during that pay period *provided* that there was such an agreement *and* that the value of the lodging (pro-rated with respect to that pay period) equals or exceeds time and a half of the employee's base hourly wage for overtime hours worked in the same pay period.

State law also requires that the employer maintain accurate and detailed records as to any deduction applied and its amount. Section 31-6-12 of the regulations requires records detailing "the total daily and total weekly hours worked, showing the beginning and ending time of each

work period, computed to the nearest unit of fifteen minutes; ... [the employee's] total hourly, daily or weekly basic wage ... overtime wage as a separate item from his basic wage; ... additions to or deductions from his wages each pay period; [and] ... total wages paid each pay period.... Conn. Agencies. Regs. § 31-6-12(a). Thus, Defendant will be required to produce such records in order to be able to substantiate its claim that deductions as to overtime wages due based on the value of the lodging were agreed to and taken at the time Plaintiff was paid.

Connecticut law does differ from the FLSA in at least on respect. Under state law, the value of the lodging is not the "reasonable cost" as calculated under the FLSA, but rather "shall be guided by the prevailing rentals for similar quarters including those authorized by the local housing authority in privately or publicly financed housing." Conn. Agencies Regs. § 31-60-3(b). However, should this calculation entitle Defendant to a larger deduction than the calculation under the FLSA, this difference is, in effect, a nullity in this case as Plaintiff, provided he so proves, will be able to recover under the FLSA standard.[2]

Accordingly, Plaintiffs motion in limine is **denied** with respect to Connecticut law and Defendant is permitted to present evidence of a overtime paid in accordance with the legal principles cited above.

### III.  DEFENDANT'S MOTION TO AMEND:

Defendant seeks to amend its affirmative defenses to include a right to a credit against overtime based on the value of the lodging provided to Plaintiff. Plaintiff objects on the grounds

---

[2] To the extent that state law provides a greater remedy than the FLSA, Plaintiff would not be precluded from recovering under it. See 29 U.S.C. 218(a) ("No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law . . . establishing a minimum wage higher than the minimum wage established under this chapter or a maximum workweek lower than the maximum workweek established under this chapter..."). It goes without saying, however, that state law cannot reduce entitlements under federal law.

that Defendant has no legal right to such a credit.  Based on the foregoing discussion, Defendant's motion to amend is **granted**.  However, any "credit" or "deduction" Defendant is owed shall be interpreted subject to the legal principles outlined above.

**IV.     CONCLUSION:**

For the reasons stated herein, Plaintiff's motion in limine [Doc. No. 56] is **denied**.

Defendant's motion to amend [Doc. No. 50] is **granted**.

SO ORDERED.

Dated at New Haven, Connecticut, May  4 , 2004.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court