UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARTHUR ESTANISLAU, JR. : | CIVIL ACTION NO: 3:02CV1515(PCD) |
|     Plaintiff : | |
| : | |
| VS. : | |
| : | |
| MANCHESTER DEVELOPERS, LLC : | |
|     Defendant : | MAY 6, 2004 |
| : | |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S WAGE CALCULATION CALENDER AND WAGE CALCULATION**

**I. FACTS**

Defendants seek to preclude the admission of Plaintiff's Exhibits 26 and 27 which are summaries of Plaintiff's damage claim and estimated hours of work. In addition to having been provided to Defendant, the summaries were provided to Plaintiff's expert for the purpose of calculating wages claimed by Plaintiff. Plaintiff intends to offer these documents as summaries to aid the trier of fact. The summaries shall be offered following testimony by Plaintiff regarding the facts contained therein and the basis for such calculations, and with full opportunity by Defendant to cross examine regarding these facts.

Defendants have pointed out some computational errors in the Plaintiff's summaries. Plaintiff has reviewed the errors, which by Defendant's own calculation constitute an approximate 3% error rate and by Plaintiff's a 1% error rate in an estimate of over 1,000 days of work and 3,489 overtime hours, and has prepared and submitted today amended

summaries. The total discrepancy was $523 out of a total of nearly $64,000.00 originally claimed. Plaintiff has provided to Defendant today revised summaries which have corrected the mathematical errors and which now claim $63,654.00 in unpaid overtime.

## II. ARGUMENT

Contrary to Defendants assertions, Plaintiff does not offer these summaries under the business records exception to the hearsay rules, Fed.R.Evid. 802, nor does Plaintiff anywhere claim that these summaries are documents prepared contemporaneously with the work performed by Plaintiff.

Plaintiff instead offers them as summaries of testimony to be provided to the jury in order to distill lengthy testimony regarding approximately **1,000 days** of employment and nearly 3,500 hours of overtime into a format easily understood and referenced by the jury. Such a summary is simply not subject to the hearsay rules.   "**It is axiomatic that summaries that are used as aids are not evidence themselves, but are tools designed to assist the trier of fact in understanding complex testimony**. " Herman v. Davis Acoustical Corp., 21 F.Supp.2d 130, 135 (N.D.N.Y., Sep 09, 1998)(emphasis added), citing  6 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 1006.08[4] (Joseph M. McLaughlin, ed., Matthew Bender 2d ed.1997), reversed for failure to award plaintiff's attorney's fees, Herman v. Davis Acoustical Corp., 196 F.3d 354, (2nd Cir., 1999).

Defendant mischaracterizes the application of Rule 1006, which does not act to preclude summaries of testimony evidence, but merely requires that the party offering a summary of "voluminous" documentation make available for inspection the underlying and otherwise admissible documents.  Our courts have clearly distinguished summaries as the presentation of new evidence to a jury as opposed to summaries used merely as a distillation of evidence or testimony presented.  "Care should be taken to distinguish between the use of summaries or charts as evidence pursuant to Rule 1006, and the use of summaries, charts or other aids as pedagogical devices to summarize or organize testimony or documents which have themselves been admitted in evidence." U.S. v. Bradley, 869 F.2d 12, 123 (2nd Cir.,  1989), citing 5 Weinstein's Evidence ¶ 1006[07], at 1006-15 (1988).

> Summary charts may be received in evidence, or simply be presented to the jury as an aid to better understand the evidence. . .[Summary charts permitted under Rule 1006 are received in evidence. Summaries of documents or testimony that have been received into evidence and are used simply as an aid to the jury are not necessarily received into evidence.. . See Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 53 (2d Cir.1993); United States v. Benussi, 216 F.Supp.2d 299, 316, n. 18 (S.D.N.Y.2002). The Second Circuit has long approved the use of summary charts for assistance in complex matters and has even allowed the jury to have charts not

3

received in evidence in the jury room during its deliberations, so long as the judge properly instructs the jury that it is not to consider the charts as evidence. See, e.g., United States v. Casamento, 887 F.2d 1141, 1151 (2d Cir.1989); United States v. Pinto, 850 F.2d 927, 935 (2d Cir.1988). Of course, a summary chart must be based on foundation testimony or documents connecting it with the underlying evidence summarized, and must be "based upon and fairly represent competent evidence already before the jury." United States v. Koskerides, 877 F.2d 1129, 1134 (2d Cir.1989); Untied States v. Citron, 783 F.2d 307, 316 (2d Cir.1986). The Court's determination to allow summary charts will not be overturned on appeal, absent an abuse of discretion.

U.S. v. Jasper, 2003 WL 221740, at *2 and fn. 1 ( S.D.N.Y., Jan 31, 2003).

Finally, Defendant claims that the summaries should not be admitted due to errors contained therein, is misplaced.  As described above, Plaintiff has amended the summaries to correct any minor mathematical errors which amount to less than 1% of the total amount claimed. The summaries are merely the distillation and extrapolation from evidence, including Defendant's own time sheets, time cards, and earnings query (which Defendant seeks to admit), which will have already been provided to the jury.  Defendant's contention that these summaries contain modest inaccuracies does not establish a basis to preclude their submission to the jury.  The inaccuracy of a summary under Rule 1006 goes to the

4

weight, rather than the admissibility, of the evidence. See <u>In re Richardson-Merrell, Inc. "Bendectin" Prods. Liab. Litig.</u>, 624 F.Supp. 1212, 1224-1226 (S.D.Ohio 1985), aff'd, 857 F.2d 290 (6th Cir.1988), cert. denied, 488 U.S. 1006, 109 S.Ct. 788, 102 L.Ed.2d 779 (1989). An inaccurate summary may be admitted where accompanied by limiting instructions ensuring that the summary's limitations are placed in "proper perspective." See <u>United States v. Nivica</u>, 887 F.2d 1110, 1125 (1st Cir.1989), cert. denied, 494 U.S. 1005, 110 S.Ct. 1300, 108 L.Ed.2d 477 (1990).    See also <u>Herman v. Davis Acoustical Corp.</u>, supra,  21 F.Supp.2d 130 at 136 (N.D.N.Y., Sep 09, 1998)(Holding that the trial court's admission of a Rule 1006 summary was appropriate where the plaintiff admitted an error rate of 1% and the defendant claimed an error rate of 50%.).

Contrary to Defendants' claim, the primary basis for the courts exclusion of summaries in the case of <u>Potamkin Cadillac Corp. v. B.R.I. Coverage Corp.</u>, 38 F.3d 627 ( 2nd Cir., 1994) was not the "inaccuracy" of the of the summaries, but rather, because the defendant " had refused to produce the computer tapes from which it claimed the History had been culled".  Id., at 633.  Such refusal fails to comply with Rule 1006.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion in Limine should be denied.

PLAINTIFF

5

            By:
              Marc P. Mercier
              Beck & Eldergill, P.C.
              447 Center Street
              Manchester, CT 06040
              (860) 646-5606
              Fed Bar No: ct10886

## **CERTIFICATION**

   I hereby certify that a copy of the foregoing has been hand delivered this 7th day of May, 2004, to the following parties:

Pamela J. Coyne, Esq.
Loraine M. Cortese-Costa, Esq.
Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C.
1057 Broad Street
Bridgeport, CT   06604

              _____
              Marc P. Mercier

Estaislau\MemOpp05-04.pld