UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARTHUR ESTANISLAU, | : | CIVIL ACTION NO. |
| | : | 3:02CV1515 (PCD) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MANCHESTER DEVELOPERS, LLC, | : | |
| | : | |
| Defendant. | : | MAY 11, 2004 |

DEFENDANT'S MEMORANDUM OF LAW
IN REPLY TO PLAINTIFF'S OPPOSITION TO ITS
MOTION *IN LIMINE* REGARDING EVIDENCE OF
WAGE CLAIMS BY OTHER EMPLOYEES

Defendant, by and through its undersigned counsel, submits this memorandum of law in reply to Plaintiff's Opposition to Defendant's Motion *in Limine*.[1]

### Argument

Plaintiff did not so much as suggest in his pretrial memoranda that he intends to introduce evidence of two (2) unrelated wage claims by former employees at trial, and he now claims that he "does not seek to impugn" Defendant with the introduction of such evidence. Nonetheless, it is more than clear that is exactly what he intends to do. Plaintiff suggests he seeks to establish that Defendant created various policies and procedures, and issued various memoranda, in response to an unpaid wage claim by former employee, Kevin Chameroy, for the sole purpose of evading wage and hour laws. (*See* Pl. opp., p. 2.) However, as stated by the Court in its Trial

---

[1] Hereinafter "Pl. opp."

Preparation Order dated January 13, 2004, ¶5, "[n]o evidence will be permitted except within the claims of fact . . . as set forth in response to paragraphs A2, A2, A3 . . . of this order." Plaintiff made no claim of fact to suggest that he was advancing any theory like the one now asserted. Moreover, unless Plaintiff plans to submit evidence as to what the claims were, how they progressed and at what point in time, which is not likely based on the witnesses and exhibits he has listed, he will not be able to show what he suggests he seeks to show. Finally, the reason advanced by Plaintiff to support the admissibility of the evidence itself precludes it as a "subsequent remedial measure" under FRE 407.

    It is quite clear that what Plaintiff really seeks to do is to raise the spectre of other claims having been made, which he can do simply by making the proffer, for the sole purpose of prejudicing the jury. It should properly be made outside the presence of the jury. As stated in *U.S. v. Griffin*, 818 F.2d 97 105 (1st Cir. 1987), "to raise and preserve for review the claim of improperly constructing the Rule 403 balance, a party must obtain the order admitting or excluding the controversial evidence in the actual trial. This does not mean, of course, that the evidence must always be revealed to the jury; as we have said in a different context, '[t]he case should not itself become the carrier of the disease.' *Curran v. Department of Justice*, 813 F.2d 473, 475 (1st Cir. 1987)." Citing Rule 103(c), the *Griffin* court emphasized the importance of requiring that the showing outside the presence of the jury. *Id.*

    In sum, Plaintiff's proffer in opposition to the Motion *In Limine* contains no showing of the claimed relevancy of the information sought to be introduced. It is obvious that Plaintiff's

intent is simply to establish that other claims have been made not to make a showing as to the effect of the claims on alleged changes in policy. Plaintiff will not get to the latter point without first establishing the former. Rule 103(c) dictates that Plaintiff not be permitted to establish in the jury's presence the inadmissible point without any showing that it also has implications for the claimed admissible purpose. *Griffin, supra.*

### Conclusion

For the foregoing reasons and those stated in its supporting memorandum, Defendant's motion *in limine* should be granted in all respects.

Done at Bridgeport, Connecticut, this 11th day of May, 2004.

_____
Pamela J. Coyne
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE, COSTA, P.C.
1057 Broad Street
Bridgeport, CT 06604
203-366-3438
Federal Bar No. ct22941

ATTORNEYS FOR DEFENDANT

## **CERTIFICATION**

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified mail, return receipt requested, this 11th day of May, 2004 to all counsel and *pro se* parties as follows:

Marc Mercier, Esq.
Beck & Eldergill, PC
447 Center Street
Manchester, CT  06040

_____
Pamela J. Coyne

39883