UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARTHUR ESTANISLAU, : | CIVIL ACTION NO. |
| : | 3:02CV1515 (PCD) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| MANCHESTER DEVELOPERS, LLC, : | |
| : | |
| Defendant. : | MAY 11, 2004 |

### DEFENDANT'S MEMORANDUM OF LAW
### IN REPLY TO PLAINTIFF'S OPPOSITION TO ITS
### MOTION *IN LIMINE* TO PRECLUDE FRAN VELASCO'S
### DEPOSITION IN A SEPARATE MATTER AND
### YEVGENY YERMAKOV'S TESTIMONY

Defendant, by and through its undersigned counsel, submits this memorandum of law in reply to Plaintiff's Opposition to Defendant's Motion *in Limine*.[1]

### Argument

Plaintiff claims that he intends to introduce Fran Velasco's deposition testimony from a separate and unrelated matter (*Chameroy v. Manchester Developers, Inc.*, 3:01CV152(JCH)), and Yevgeny Yermakov's testimony, to "demonstrate that Defendant required maintenance employees to live on site for its own benefit." (*See* Pl. opp., p. 2.) However, Plaintiff has not and cannot establish a foundation that the terms and conditions of either Mr. Chameroy's employment or Mr. Yermakov's employment were the same as Plaintiff's, temporally or

---

[1] Hereinafter "Pl. opp."

otherwise or that the policies and procedures during Chameroy's or Yermakov's employment were consistent with those in effect when Plaintiff was employed. Neither is therefore relevant to Plaintiff's claims. In addition, with respect to the proffered prior deposition testimony in Mr. Chameroy's case, the question and response related directly to Mr. Chameroy's circumstances. Plaintiff cannot show that anything Ms. Velasco may have said as to Chameroy would be inconsistent with anything she may testify to about Plaintiff unless the prior statement also referred to Plaintiff. Accordingly, her prior deposition would constitute inadmissible hearsay and should be excluded. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159 n. 19 (1970). The introduction of Ms. Velasco's deposition testimony from the *Chameroy* matter would serve no other purpose than to unduly prejudice Defendant and confuse the issues as set forth in Defendant's motion to preclude evidence of that claim. Mr. Yermakov's testimony would have the same effect.

### Conclusion

For all the foregoing reasons and those stated in its supporting memorandum, Defendant's motion *in limine* should be granted in all respects.

Done at Bridgeport, Connecticut, this 11th day of May, 2004.

                                                Pamela J. Coyne
                                                DURANT, NICHOLS, HOUSTON,
                                                HODGSON & CORTESE-COSTA, P.C.
                                                1057 Broad Street
                                                Bridgeport, CT 06604
                                                203-366-3438
                                                Federal Bar No. ct22941

                                                ATTORNEYS FOR DEFENDANT

## **CERTIFICATION**

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified mail, return receipt requested, this 11th day of May, 2004 to all counsel and *pro se* parties as follows:

Marc Mercier, Esq.
Beck & Eldergill, PC
447 Center Street
Manchester, CT  06040

_____
Pamela J. Coyne

39879