

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARTHUR ESTANISLAU, | : | CIVIL ACTION NO. |
| | : | 3:02CV1515 (PCD) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MANCHESTER DEVELOPERS, LLC, | : | |
| | : | |
| Defendant. | : | MAY 11, 2004 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO FILE CORPORATE TAX RETURNS UNDER SEAL AND FOR PROTECTIVE ORDER**

Defendant, by and through its undersigned counsel, submits this memorandum of law in support of its motion to file its corporate tax returns for the years 2000-2002 under seal, so that they are not made part of the public record.

**Background**

In this action, Plaintiff seeks reimbursement of allegedly unpaid overtime wages. Defendant intends to introduce its corporate tax returns for the years 2000-2002 into evidence. These tax returns contain highly private and confidential information relating to the Defendant's financial status. Permitting the public to have access to these tax returns would invade the privacy of the Defendant and would cause Defendant financial and competitive harm.

**Argument**

The Second Circuit holds that "judicial documents" deserve a presumption in favor of public access. "Judicial documents" are items that are filed with the court and are relevant to the

performance of the judicial function and useful in the judicial process. *United States v. Amodeo*, 44 F.3d 141, 145 (2nd Cir. 1995). For example, documents that a party introduced into evidence at a bench trial were held to be "judicial documents." *Gulino v. Board of Education of the City School District of City of New York*, 2003 WL 1878235 *2 (S.D.N.Y. April 11, 2003) (Motley, J.) (copy attached). "The Supreme Court has explained that the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." (Internal quotation marks omitted.) *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2nd Cir. 1997), *cert. denied*, 522 U.S. 1049, 118 S.Ct. 695 (1998); *see also Gamble v. Deutsche Bank AG*, 2003 WL 21511851 *1 (S.D.N.Y. July 2, 2003) (Baer, J.) (copy attached) (court has discretion to accord access to judicial records).

Courts must determine the weight to be given the presumption of access based on the role of the material at issue in the exercise of the judicial power and the resultant value of such information to those monitoring the federal courts. *United States v. Amodeo*, 71 F.3d 1044, 1049 (2nd Cir. 1995). "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their relevance." *Id.* The court then must balance competing considerations against the presumption of access. *Id.* at 1050.

"In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than

public. Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public. . . . The nature and degree of injury must also be weighed." (Citations omitted.) *Id.* at 1051. Weighing the nature and degree of injury entails "consideration not only of the sensitivity of the information and the subject but also of how the person seeking access intends to use the information. Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts, and personal vendettas similarly need not be aided." *Id.*

While the tax returns here, if admitted into evidence, may be considered "judicial documents," the privacy and confidentiality interests of the Defendant weigh in favor of the court allowing them to be filed under seal. The tax returns contain highly personal and sensitive financial information of the Defendant. Granting the public access to these documents as part of the public record of the trial would allow the public to become intimately familiar with the financial status, viability and economic outlook of the Defendant. A competitor may make use of this information to Defendant's detriment. Publication of those documents also may damage the business of Defendant.

For this reason too, copies of the documents should be provided pursuant to a protective order so that they may only be viewed by Plaintiff's counsel for purposes of this litigation and any copies returned at the end of the trial and/or appeals, if any.

**Conclusion**

For all the foregoing reasons, Defendant's motion to file its corporate tax returns under seal should be granted.

Done at Bridgeport, this 11th day of May, 2004.

                                                Loraine M. Cortese-Costa
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT 06604
(203)366-3438
Federal Bar No. ct3984
ATTORNEYS FOR DEFENDANT

## CERTIFICATION

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified mail, return receipt requested, this 11th day of May, 2004 to all counsel and pro se parties as follows:

Marc Mercier, Esq.
Beck & Eldergill, PC
447 Center Street
Manchester, CT 06040

                                                          Loraine M. Cortese-Costa

P:\lit\pd\586800\003\00039859.DOC