UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| Arthur ESTANISLAU, JR., <br>     Plaintiff, | : <br> : <br> : |
| vs. | : Case No. 3:02cv1515 (PCD) <br> : |
| MANCHESTER DEVELOPERS, LLC <br>     Defendant. | : <br> : |

## ORDER REQUIRING SUPPLEMENTAL BRIEFING

Pursuant to Fed. R. Civ. P. 50, Defendant has submitted a Motion for Judgment as a Matter of Law after an unfavorable jury verdict.  One of Defendant's arguments is that Plaintiff did not establish coverage under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, et seq. by failing to demonstrate that he was an employee engaged in commerce or the production of goods for commerce.  Consistent with this position, Defendant objected at the jury charge conference to the failure to include this element in the jury charge.  However, just prior to closing arguments, the following exchange took place between counsel and the Court:

> THE COURT: [After expressing concerns over the inclusion of the charge] You tell me what you want me to do.  You want it in or not?
> MS. CORTESE-COSTA: No.

May 20, 2004 Trial Transcript at 3.  Counsel was aware that a draft of the charge had been prepared putting the question to the jury and clearly declined to have it included.   Thus, Defendant withdrew its objection to the jury charge on that basis and arguably cannot now raise the issue in a post-trial motion.

Earlier in the same exchange, Plaintiff had argued that the issue was a jurisdictional question and thus not subject to waiver, however, in its Reply Brief, Defendant correctly notes

-1-

that failure to prove the commerce element does "not necessarily depriv[e] the Court of subject matter jurisdiction...." Def. Reply Br. at 3.[1] Indeed, disputes over subject matter jurisdiction are not subject to waiver. United States v. Griffin, 303 U.S. 226, 229, 58 S. Ct. 601, 82 L. Ed. 764 (1938). However, by virtue of the FLSA claim, which raises a federal question, subject matter jurisdiction is not directly at issue. Thus, Defendant argues instead that coverage under FLSA "implicates the authority of the Court to award relief" and that "such facts cannot be made out with the aid of 'presumptions or argumentative inferences.'" Def. Reply Br. at 3-4, citing Hahn v. U.S., 757 F.2d 581, 587 (3d. Cir. 1985).

    Without taking a position on Defendant's argument concerning the record and the propriety of using presumptions or inferences to establish the element, the question should be raised as to whether the commerce element is more appropriately addressed like any other element of an offense and thus subject to waiver or stipulation. As such, the question posed is whether Defendant's waiver of its right to put the issue before the jury should also be deemed a waiver of its ability to put the issue before the Court now, especially when Defendant made no specific reservation of the objection for that purpose. Defendant had the opportunity to put the question to the jury, the fact finder in this case, and opted not to do so. By raising the issue now, Defendant attempts to make an end run around the jury. It is not clear that such a strategy is

---

[1] Defendant also cites Da Silva v. Kinsho Int'l Corp., 229 F.3d 358, 366 n. 9 (2d Cir. 2000) for the proposition that coverage questions "renders the facts required to establish coverage jurisdictional facts." Def. Reply Br. at 3-4. Da Silva arguably stands for the narrower proposition that if the claim that establishes federal jurisdiction (e.g. arising under jurisdiction under Title VII) is so defective on the merits (i.e. it fails to allege facts sufficient to support the cause of action) that it can be dismissed for failure to state a claim, the issue becomes jurisdictional because the Court has lost its federal question jurisdiction.

proper.[2] Consistent with this line of thinking, it bears mentioning that were this a challenge to the jury charge for failure to include the element, Defendant's failure to maintain its objection would likely be dispositive. See Fed. R. Civ. P. 51(d) (A party may assign error to the failure to give a charge so long as that party "made a proper objection under Rule 519(c)"); see also Fogarty v. Near North Ins. Brokerage, 162 F.3d 74, 79 (2d Cir. 1998) ("A party who fails to object to a jury instruction at trial waives the right to make that instruction the basis for an appeal") (citations omitted).

Defendant is therefore ordered to file a brief on or before September 17, 2004 further supporting its position and addressing the concerns raised herein. Plaintiff shall file a response on or before November 1, 2004.

SO ORDERED.

Dated at New Haven, Connecticut, August  31 , 2004.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court

---

[2] It goes without saying that Defendant could have moved for summary judgment on the issue before trial and moved for judgment as a matter of law, pursuant to Fed. R. Civ. P. 50 after trial, as it attempts to do here, had the jury made a determination on the factual question that Defendant believed not reasonably supported. However, as it stands, Defendant is employing an ad hoc method of selectively putting questions to the jury that was not discussed or agreed upon beforehand.