**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ARTHUR ESTANISLAU, | : | CIVIL ACTION NO. |
| | : | 3:02CV1515 (PCD) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MANCHESTER DEVELOPERS, LLC, | : | |
| | : | |
| Defendant. | : | SEPTEMBER 16, 2004 |

**DEFENDANT'S SUPPLEMENTAL BRIEF IN
SUPPORT OF ITS RENEWED MOTION FOR JUDGMENT**

Pursuant to The Honorable Peter C. Dorsey's August 31, 2004 Order, Defendant hereby

submits its Supplemental Brief in Support of Its Renewed Motion for Judgment As A Matter of

Law.

**PROCEDURAL BACKGROUND**

The trial in the above-referenced matter began on May 12, 2004. On May 19, 2004, at

the close of evidence, Defendant moved for Judgment as a Matter of Law ("JMOL"), because (a)

Plaintiff presented no evidence during the trial to implicate coverage under the Fair Labor

Standards Act ("FLSA"), and (b) there was no reasonable basis for the jury to make a just and

reasonable inference of Plaintiff's hours worked based upon his testimony. That same day,

during the charge conference with The Honorable Peter C. Dorsey, Law Clerk John Arden, and

counsel for the parties, Defendant made several objections to the Court's proposed charge.

Among Defendant's specific objections to the Court's proposed charge was an objection to the

following sentence: "Plaintiff is to be considered as employed by Defendant and covered under the law." *See* Court's Instruction to the Jury, p. 15, ¶ 2. At that time, Defendant's counsel suggested that a jury charge might be one way of addressing the issue. Plaintiff argued against the giving of the charge. Judge Dorsey decided that no charge would be given.

The following morning on May 20, 2004, just prior to giving the jury his charge, Judge Dorsey informed the parties that he had reconsidered inclusion of a charge as to the coverage element, and after cautioning counsel about the inclusion of the charge, asked Defendant's counsel whether Defendant wanted the charge or not. Defendant's counsel opted to leave the charge out. Plaintiff's counsel never requested that a charge be given as to FLSA coverage. After the charge was read, Defendant objected to that sentence which directed the jury to presume coverage under the FLSA. *See id.*

Thereafter, on May 29, 2004, Defendant renewed its Motion for JMOL.

## ARGUMENT

### PLAINTIFF'S MOTION FOR
### JMOL SHOULD BE GRANTED

A.    **Plaintiff, Not Defendant, Had The Burden Of Proof As To FLSA Coverage And Waived The Claim By Failing To Seek Its Submission To The Jury**

The Court's Instruction to the Jury correctly stated: "In order to recover for overtime wages owed, *Plaintiff must prove by a preponderance of the evidence* that he was employed by Defendant during the relevant time period, that *he is covered by the law*, and that Defendant failed to pay him for all the hours that he worked." *See id.* (emphasis added); *see also DaSilva v.*

2

*Kinsho International Corporation,* 229 F.3d 358, 361 (2d Cir. 2000) (coverage under federal law is the plaintiff's burden to prove by a preponderance of the evidence).

In a case decided by the Second Circuit on June 28, 2004, *Kerman v. City of New York,* 374 F.3d 93, 118, 120 (2d Cir. 2004), subsequent to Defendant's submission of its motion for JMOL in this case, the Court made clear that the burden of requesting submission of an issue to the jury falls squarely upon the party who holds the burden of proof on that issue. A failure to request a decision from the jury on a necessary element constitutes a waiver of the claim or defense being asserted. *Id.* Plaintiff has argued in opposition to Defendant's renewed motion for JMOL that there was sufficient evidence for the jury to find FLSA coverage, however, *Kerman* now makes clear that Plaintiff waived the claim by failing to request a jury instruction on that crucial issue.[1]

In *Kerman,* one of the defendant police officers raised a qualified immunity defense to the plaintiff's claim under section 1983 of Title 42 of the United States Code that he was involuntarily and unreasonably detained and hospitalized as a result of the officer's actions. After a favorable jury verdict, the District Court for the Southern District of New York dismissed the claim as a matter of law based upon the officer's qualified immunity defense, *id.* at 96-97. The Second Circuit reversed, holding that because the defendant had failed to request submission

---

[1]    When ruling on a party's motion for JMOL, the Court must apply controlling law, including decisions issued post-verdict. *See, e.g., Johnson v. United States,* 434 F.2d 340, 343 (8th Cir. 1970) (allowing government to add issue on appeal of denial of its motion for JMOL, which was not raised at trial, due to change in law); *Knutson v. AG Processing, Inc.,* 273 F. Supp.2d 961, 1000-1001 (N.D. Iowa 2003).

to the jury of a factual issue necessary to prove the affirmative defense, the defense had been

waived, *id.* at 118-120. The Court reasoned:

> This conclusion [of no waiver] does not, however, mean that there
> was not a waiver of a different sort, for Crossan, who had the
> burden of proving his defense of qualified immunity, failed to ask
> that the jury be given interrogatories that were sufficiently specific
> to resolve the factual disputes that were material to his defense.
>
> * * *
>
> To the extent that a particular finding of fact was essential to an
> affirmative defense, however, it was incumbent on Crossan to
> request that the jury be asked the pertinent question. Not having
> made such a request, Crossan was not entitled to have the court, in
> lieu of the jury, make the finding. The material factual issues as to
> Crossan's defenses not having been resolved by the jury, we
> reverse the district court's ruling that Crossan's decision to detain
> and hospitalize Kerman was protected by privilege or qualified
> immunity.

Despite Plaintiff's burden to "prove by a preponderance of the evidence . . . that he is

covered by the law," which required him to adequately plead coverage, develop the evidence of

coverage, prove coverage and ensure that any necessary factual predicate was submitted to the

jury for determination,  Plaintiff did not plead coverage, did not introduce any evidence of

coverage, failed to request that a jury charge as to coverage be given and objected to submission

of the issue to the jury. Under *Kerman,* his FLSA claim was effectively waived. 374 F.3d at

120.

**B.    A Renewed Rule 50 Motion Cannot Be And Was Not Waived**

    **1.    A Rule 50 Motion Contesting The Sufficiency Of The Evidence Presented At Trial Is A Legal Issue Which Must Be Decided By The Court.**

As stated by the United States Supreme Court in *Herron v. Southern Pacific Co.,* 283 U.S. 91, 94 (1931):

> In a trial by jury in a federal court, the judge is not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct and of *determining questions of law.*  (Emphasis added).

The question of "sufficiency of the evidence to make an issue for the jury...is a question of law to be decided by trial judge...." *Brinks v. U.S.,* 437 U.S. 1, 4 (1978). *See Weldy v. Piedmont Airlines,* 985 F.2d 57, 59 (2d Cir. 1993) ("[w]hether the evidence is sufficient to create an issue of fact for the jury is solely a question of law to be determined by the Court). *See also Harte-Hanks Communications v. Connaughton,* 491 U.S. 657, 685 (1989) (sufficiency of evidence is question of law); *Sierra Fria Corp. v. Evans,* 127 F.3d 175, 181 n.2 (1st Cir. 1997) (same): *U.S. v. Ortiz,* 804 F.2d 1161, 1164 (10th Cir. 1986)(same); Wright & Miller, Federal Practice and Procedure, Civil 2d § 2524 (West 1995) (explaining "[w]hether the evidence presented at trial is sufficient to create an issue of fact for the jury or will permit the court to enter judgment as a matter of law is solely a question of law to be determined by the trial court").

The issues raised by Defendant's Rule 50(b) motions specifically seek a ruling on whether the evidence submitted at trial was legally sufficient to make out a claim under the FLSA. To the extent the Court offered a jury instruction to submit the resolution of any factual

issues which may have been pertinent to that claim to the jury,[2] such an instruction would not and could not have resolved whether the evidence was legally sufficient for submission because that issue lies solely with the Court. *Id.*

Indeed, Rule 50(b) insures that motions for JMOL are decided by the Court regardless of what the jury does or does not decide. Rule 50(b) provides in pertinent part:

> If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion.

Whether the jury renders a verdict or not, the court may, upon a renewed motion, direct entry of judgment as a matter of law. *See* Fed. R Civ. P. 50(b)(1)(C) and (2)(B). Rule 50(b) thereby insures that the legal issue of sufficiency is preserved for the Judge's determination regardless of what was actually submitted to the jury (all issues are "deemed" submitted for purposes of the motion) or the verdict. Accordingly, any waiver of the right to put an issue to the jury (which would necessarily be one of fact) cannot be considered a waiver of the right to have the Court decide the purely legal Rule 50(b) issue.[3]

---

[2]    The Court's proposed charge on FLSA coverage was not shared with counsel.

[3]    Moreover, both during the charge conference and in court, Defendant objected to the Court's instruction that "Plaintiff is to be considered as employed by Defendant and covered under the law." *See* Court's Instruction to the Jury, p. 15, ¶ 2. By so doing, Defendant clearly preserved its objection to the presumption of FLSA coverage. *See* Fed. R. Civ. P. 51.

2.    **Defendant Properly Preserved Its Right Under Rule 50 To Renew Its Motion For Judgment As A Matter Of Law**

Further, Defendant has clearly satisfied the procedural conditions necessary to file a post-verdict motion for JMOL under Rule 50.  Before the jury retired to deliberate, Defendant moved for JMOL, raising Plaintiff's failure to present sufficient evidence on his FLSA claim.  After the verdict, Defendant timely renewed the motion on the same grounds that it raised before the case went to the jury.  Rule 50 imposes no additional requirements.

Pursuant to Rule 50(a), a party may move for JMOL during trial at any time before submission of the case to the jury.  *Galdieri-Ambrosini v. National Realty & Dev. Corp.,* 136 F.3d 276, 286 (2d. Cir. 1998), *citing* Fed. R. Civ. P. 50(a).  The moving party must "specify the judgment sought and the law and the facts on which the moving party is entitled to judgment." *Galdieri-Ambrosini,* 136 F.3d at 286; *Tolbert v. Queens College*, 242 F.3d 58, 70 (2d. Cir. 2001).

After an unfavorable verdict, Rule 50(b) enables the party to "renew" its motion.  *Id.*  A post-trial motion under Rule 50 is technically a renewal of the prior motion and can be granted only on grounds raised in that motion.  *Doctor's Associates, Inc. v. Weible,* 92 F.3d 108, 115 (2d Cir. 1996), *cert. denied,* 519 U.S. 1091, 117 S.Ct. 767 (1997); *Rand-Whitney Containerboard Ltd. Partnership v. Town of Montville,* 289 F.Supp.2d 62, 67 (D. Conn. 2003).  "A post-trial motion for JMOL can properly be made only if, and to the extent that, such a motion specifying

7

the same grounds was made prior to the submission of the case to the jury." *McCardle v. Haddad*, 131 F.3d 43, 50-51 (2d Cir. 2001).

Defendant has positively satisfied Rule 50's procedural requirements. Before the jury deliberated, Defendant moved for JMOL. (*See* Defendant's Memorandum of Law in Support of Motion for JMOL dated May 19, 2004). Defendant's Motion explicitly stated that Plaintiff's evidence failed to implicate coverage under FLSA. Specifically, Defendant stated:

> Plaintiff failed to produce any evidence that he is eligible for coverage under the Fair Labor Standards Act ("FLSA") as an employee engaged in commerce or the production of goods for commerce or because he is employed by an enterprise with any employees engaged in commerce or the production of goods for commerce.

(Exhibit A; p. 1).

Defendant further specified:

> The only evidence of interstate activity in this case is the fact that Plaintiff was paid out of and received copies of memoranda issued from a New Jersey office from Connecticut. The rest of the evidence presented indicates no commerce or production of goods in commerce by him or by any other employee of the employer. Where the only interstate activity involves the internal operations of the employer, this is an insufficient basis upon which to find that interstate commerce exists. (citations omitted). The FLSA claim should be dismissed.

(*Id.* at p. 3).

There can be no serious dispute that Defendant's motion adequately notified Plaintiff of his evidentiary deficiencies. Defendant therefore satisfied the procedural mandates of Rule 50

and its underlying purpose. Plaintiff could have moved to reopen its case and present additional evidence. *See Bonjorno*, 752 F.2d at 814. ("[t]he requirement that the specific issue be raised first in the motion for a directed verdict, before the issue is submitted to the jury, affords the non-moving party an opportunity to reopen its case and present additional evidence"). However, he chose not do so nor did he take any other action except to object to the issue's submission to the jury. The Plaintiff's failure, however, should not serve as a bar to Defendant's post-verdict motion. Since Defendant moved for JMOL before the case went to the jury, it preserved its right to move for JMOL after the verdict.

Nothing in Rule 50 or its accompanying caselaw impose the burden of requesting a specific instruction to preserve a party's rights thereunder.[4] Those courts that have precluded motions under Rule 50(b) have typically done so because the moving party failed to properly move for JMOL before the jury deliberated. *See, e.g., City of Newburgh*, 262 F.3d at 161 ("[b]ecause [Defendant] did not specifically include a qualified immunity argument in his pre-verdict request . . . he could not have included such an argument in his post-verdict motion); *Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d. Cir. 1993) (the defendant's pre-verdict motion for JMOL failed to state any grounds for the relief requested, thereby precluding its post-verdict motion under Rule 50); *Tolbert*, 242 F.3d at 77 (defendant's failure during trial to challenge sufficiency of evidence concerning punitive damages precluded post-verdict motion

---

[4]   The commerce element was part of Plaintiff's burden of proof and the obligation to request a charge on that element belonged to him. *See Kerman, supra; Kinsho, supra*. It would be fundamentally unfair to find Defendant waived its rights under Rule 50 because it declined a charge that Plaintiff had the burden to request.

9

JMOL on those grounds); *Piesco, 12 F.3d* at 340-341 (by simply stating "Defendants move for a directed verdict," without further detail, Defendant failed to preserve its right to file post-verdict motion under Rule 50). Such a waiver, however, does not exist here. Defendant's timely motion at trial on the same grounds that it raises now makes the Defendant's renewed motion permissible under Rule 50.

> **3.    Defendant Could Not Waive Its Right To Renew The Motion For Judgment As A Matter Of Law By Declining A Jury Instruction On Plaintiff's FLSA Claim**

Defendant's Rule 50 motion attacks the sufficiency of Plaintiff's evidence and not the propriety of the court's instructions. These two matters are mutually exclusive. As a matter of law, Defendant's failure to request or object to a jury charge does not bar its challenge to the sufficiency of Plaintiff's evidence.

The failure to object to a jury charge may preclude later challenges to the substance of the instruction, but it does not preclude a challenge to the sufficiency of the evidence. *Wolf v. Yamin*, 295 F.3d 303, 308 (2d Cir. 2002); *Doctor's Associates, Inc.*, 92 F.3d at 115; *Rand-Whitney*, 289 F.Supp.2d at 85, n. 39. As the court stated in *Doctor's Associates, Inc.*, 92 F.3d at 115, "a party's failure to object to an erroneous jury instruction does not render the instruction the law of the case for purposes of appellate review of the entry of a judgment n.o.v." Rather, the court must review a trial court's order on a JMOL in light of the *"applicable law which is controlling, and not what the trial court announces the law to be in [its] instructions." Id., citing Coca Cola Bottling Co. v. Hubbard*, 203 F. 2d 859, 862 (8th Cir. 1953) (emphasis in original).

The United States Supreme Court in *Boyle v. United Technologies, Corp.*, 487 U.S. 500, 513, 108 S.Ct. 2510 (1988) endorsed the same precepts relied upon by the Second Circuit in *Doctor's Associates, Inc.* In *Boyle*, the Court held:

> If the evidence presented in the first trial would not suffice, as a matter of law, to support a jury verdict under the properly formulated defense, judgment could properly be entered for the respondent at once, without a new trial. And that is so even though . . . respondent failed to object to jury instructions that expressed the defense differently and in a fashion that would support a verdict. *Id.* at 513-514.

The Second Circuit recently considered this issue in *Wolf v. Yamin*, 295 F.3d at 305. In *Wolf*, the defendant failed to timely object to the court's jury charge regarding punitive damages. The jury thereafter awarded the plaintiff punitive damages and the defendant moved for JMOL under Rule 50(b). *Id.* at 306. The lower court stated the defendant "may not assign error to the court's punitive damages charge" because his objection was untimely. *Id.* However, on appeal, the Second Circuit held:

> As an initial matter, we reject the district court's conclusion that [defendant] is not entitled to attack the punitive damages award because he failed to make a timely objection to the court's charge on punitive damages. Even if his objection came too late, *Yamin* was entitled to challenge the jury verdict by moving, after the verdict, for judgment as a matter of law under Rule 50(b). That motion challenged not the substance of the instructions on punitive damages but the sufficiency of the evidence supporting such an award. Therefore, whether the jury instructions were proper and whether [defendant's] objection to those instructions was timely are irrelevant to the question whether [plaintiff] sustained his burden of proof by presenting evidence on each element of his claim.

*Wolf,* 295 F.3d at 307-308.

In *Coca Cola Bottling Co.,* 203 F.2d at 861-862, the defendants unsuccessfully moved for a directed verdict at the close of the evidence. The defendants failed to object to the court's instructions and the jury later returned a plaintiff's verdict. The defendant then appealed the court's denial of its motion for a directed verdict. On appeal, plaintiff argued that because the defendant failed to object to the jury instructions, they became the law of the case for purposes of determining the sufficiency of the evidence to support the verdict. *Id.* Stated differently, the Plaintiff asserted that the denial of the motion for JMOL should be reviewed in light of the court's instructions. The Eighth Circuit Court of Appeals squarely rejected this argument and held:

> It is true, of course, that an appellant may not challenge on review the correctness of instructions to which he took no exceptions or only a general exception. (citations omitted). In that sense, and in that sense only, it may be said that the instructions to which no exceptions are taken become the law of the case for determining whether the instructions are subject to review on appeal. (citations omitted). But, in determining whether a trial court has erred in denying a motion for a directed verdict made at the close of the evidence, it is the applicable law which is controlling, and not what the trial court announces it to be in his instructions. A proper motion for a directed verdict and its denial will always preserve for review the question of whether under the law truly applicable to the case there was an adequate evidentiary basis for the submission of the case to the jury.

*Coca-Cola Bottling Co.,* 203 F.2d at 862.

Other courts have likewise given useful analyses that ultimately find a party cannot waive its rights under Rule 50(b) by failing to object to the jury instructions. *See Aspen Highlands Skiing Corp. v. Aspen Skiing Co.,* 738 F. 2d 1509, 1517 (10th Cir. 1984), *cert. granted*, 469 U.S. 1071, 105 S. Ct. 562 (1984), *aff'd*, 472 U.S. 585, 105 S.Ct. 2847 (1985) ("Defendant moved for a directed verdict on two occasions . . . . This preserved defendant's opportunity to challenge the sufficiency of the evidence on that issue under the truly controlling law, regardless of defendant's failure to object to the jury instructions. . . ."); *Rand-Whitney Containerboard*, 289 F.Supp.2d at 85, n. 39 ("Plaintiff's failure to object to the charge precludes any challenge to the substance of the instruction, but may not preclude challenge to the sufficiency of the evidence (if preserved under Rule 50)); *Johnson v. U.S.*, 434 F.2d 340, 343 (8th Cir. 1970) ("[i]n determining whether a trial court has erred in denying a motion for directed verdict, it is the applicable law which is controlling and not what the trial court announces the law to be in his instructions). Rule 50 simply does not bar Defendant's renewed motion just because it declined a jury instruction. Defendant's timely motion for JMOL before the jury deliberated adequately preserved its rights under Rule 50(b).

Moreover, although the Court's August 31 Order expressed concerns over Defendant's decision to forgo a charge concerning the commerce element, Defendant's position was consistent with both its Rule 50(b) motion and its objection to the instruction that presumed FLSA coverage. Defendant had consistently maintained that Plaintiff failed to prove that element of his case.

As stated above, Rule 50 imposed no burden on Defendant to request a particular charge. If the Court agrees that as a matter of law Plaintiff's evidence was insufficient to maintain his FLSA claim, then, as a matter of law, the claim must be dismissed regardless of the jury's instructions or its verdict. Fed. R. Civ. P. 50; *Herron, supra; Weldy, supra.*

## CONCLUSION

For all the foregoing reasons and those stated in its supporting memoranda, Defendant's Renewed Motion for Judgment As A Matter of Law should be granted in all respects.

Done at Bridgeport, Connecticut this 16th day of September, 2004.

Loraine M. Cortese-Costa
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT 06604
(203)366-3438
Federal Bar No. ct03984

ATTORNEYS FOR DEFENDANT

## CERTIFICATION

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified

mail, return receipt requested, this 16th day of September, 2004 to all counsel and pro se parties

as follows:


    Marc Mercier, Esq.
    Beck & Eldergill, PC
    447 Center Street
    Manchester, CT  06040


                           Loraine M. Cortese-Costa


P:\general\ssedor\586800\003\00042223.DOC