# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARTHUR ESTANISLAU, JR. | : | CIVIL ACTION NO: 3:02CV1515(PCD) |
|     Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| MANCHESTER DEVELOPERS, LLC | : | |
|     Defendant | : | NOVEMBER 1, 2004 |
| | : | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S SUPPLEMENTAL BRIEF DATED SEPTEMBER 16, 2004

## I. FACTUAL BACKGROUND

Pursuant to the Court's instruction, Plaintiff submitted a set of proposed jury instructions on his claim, including one which established, as a matter of law, Plaintiff's coverage under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 206, et seq.

On May 19, 2004, Defendant objected to that instruction claiming that the factual issue of coverage could be submitted to the jury. Before closing arguments on May 20, 2004, the Court offered to Defendant to have an instruction regarding coverage submitted to the jury. Defendant declined and the Court instead instructed the jury to find coverage as a matter of law.

1

## II. ARGUMENT

### A. Defendant's Claim of Waiver by Plaintiff is Untimely and Specious.

Defendant's argument that Plaintiff waived his FLSA claim "by failing to seek its submission to the jury" is utterly specious.  The Court, pursuant to the request to charge submitted by Plaintiff, instructed the jury that, as a matter of law, Plaintiff was covered by the FLSA.  Nothing more need be or could be done by Plaintiff on the issue of coverage. That Defendant disagreed with that instruction without offering any substitute is the very subject of the Court's Order for Supplemental Briefing dated August 31, 2004 ("Order"). Despite suggesting itself that the jury be charged on the issue of coverage, Defendant declined to submit the issue to the jury even after the Court's express invitation to do so. Thus, Defendant consented to the Court's use of the instruction finding that the element of coverage was established as a matter of law.

Defendant's claim of waiver by Plaintiff is also untimely.  Waiver was not raised in the Rule 50(a) or (b) motions but only in response to the Court's Order.   "[A]rguments not raised in a preceding Rule 50(a) application are not properly preserved for review in a subsequent Rule 50(b) motion."  American Nat. Fire Ins. Co. v. Mirasco, Inc., 2004 WL 1110414, *2 (S.D.N.Y. May 19, 2004)(attached hereto as Exhibit 1), citing Holmes v. United States, 85 F.3d 956, 963 (2d Cir. 1996)("The issue was not mentioned in the ... Rule 50(a) motion ... We therefore have no occasion to rule on this ... claim."); Cruz v. Local Union No.

2

<u>3</u>, 34 F.3d 1148, 1155 (2d Cir. 1994)("If an issue is not raised in a previous motion for a directed verdict, a Rule 50(b) motion should not be granted unless it is required to prevent manifest injustice."); <u>Kutner Buick, Inc. v. American Motors Corp.</u>, 868 F.3d 614, 617 (3rd Cir. 1989)(a post-trial motion for judgment can be granted only on grounds advance in the pre-verdict motion); <u>Kuper v. Empire Blue Cross & Blue Shield</u>, 2003 WL 359462, *3 (S.D.N.Y. Feb. 18, 2003)("a party may only make a post-judgment Rule 50(b) motion based on grounds that he specifically raised at the close of evidence.")(attached hereto as Exhibit 2).

The legal underpinning of Defendant's claim of waiver is flawed.  Neither <u>Da Silva v. Kinsho Int'l Corp.</u>, 229 F.3d 358, 361 (2d Cir. 2000) nor <u>Hahn v. U.S.</u>, 757 F.2d 581, 587 (3d Cir. 1985) provide a basis to challenge Plaintiff's conduct or the jury verdict itself.  As described by the Court in its Order dated August 31, 2004, <u>Da Silva</u> stands for a narrow proposition irrelevant to this case.  In <u>Da Silva</u>, a bench trial was held on the contested issue of whether the employees of the parent Japanese company could be counted along with those of the defendant corporation to meet the 15 employee minimum required for Title VII coverage.  On appeal, the district court's treatment of the companies as separate and its attendant dismissal of the Title VII case was found to be a decision on the merits rather than jurisdictional.  Such a holding has no application outside the context of Title VII, let alone Plaintiff's FLSA claim.  "Plaintiffs' supplemental citation to <u>Da Silva v. Kinsho Int'l</u>

3

Corp., 229 F.3d 358 (2nd Cir. 2000), respectfully, is of no aid to Plaintiffs.  As is pertinent

here, that case merely recites general, generic principles regarding the analytical approach

as to whether an issue affects subject matter jurisdiction or the merits.  And, factually, Da

Silva, is a Title VII not an antitrust case."  United Phosphorous, Ltd. v. Angus Chemical Co.,

131 F.Sup.2d 1003, 1021, n. 6 (N.D.Ill. 2001).

     Footnote 9 from Da Silva, relied upon so heavily by Defendant, is a rather

unremarkable discussion of the application of Fed.R.Civ.P. 12(b) to complaints so defective

as to rob the court of subject matter jurisdiction.  While on their face such principles have

no application to this case removed to federal court by Defendant on the express grounds

of federal jurisdiction, Defendant made no argument in its Rule 50(a) and (b) motions which

make them relevant.

     Hahn is equally inapposite.  In that case, participants in the national health service

corps scholarship program brought, in district court, a class action suit against the federal

government for constructive service credit.  On appeal from a finding for the class, the

appellate court determined that the district court had no jurisdiction over the plaintiffs'

monetary claims.  Having before it only a complaint seeking damages in excess of

$10,000.00, the court in Hahn found the Tucker Act, 28 U.S.C. Sections 1346 and 1491,

vested exclusive jurisdiction with the Claims Court.  Such a decision provides no relevant

4

guidance either to the FLSA in general or Plaintiff's case in particular.[1] There is no question

in this case that, pursuant to the FLSA claim, this Court has jurisdiction to hear the case.

Defendant itself removed the case to federal court on that express basis.

    In fact, Defendant's fundamental evidentiary assertion based upon <u>Hahn v. U.S.</u>,

757 F.2d 581, 587 (3d Cir. 1985) - that Plaintiff is somehow required to provide direct rather

than circumstantial evidence of FLSA coverage - is as untimely as its claim of waiver.  Only

after Plaintiff submitted on June 15, 2004 his memorandum in opposition to Defendant's

renewed motion for judgment as a matter of law did Defendant claim that Plaintiff could not

make out the elements of his FLSA case using "presumptions or argumentative

inferences."  Defendant's Reply Brief at 3-4.  No argument was ever made in Defendant's

50(a) motion regarding the proper type and use of evidence.  Further, to the extent that

---

    1 Contrary to Defendant's argument, <u>Hahn</u> does not even remotely hold that Plaintiff is forbidden from proving the elements of his FLSA claim by circumstantial evidence or inference.  Indeed, such an interpretation would directly contradict the holding in <u>Village of Arlington Heights v. Metropolitan Housing Development Corp</u>, 429 U.S. 252, 50 L.Ed.2d 450, 97 S.Ct. 555 (1977) that the elements of a claim may be established from many sources of circumstantial evidence. The law makes no distinction between the use and force of direct or circumstantial evidence.

Defendant claims that the jury could use only certain types of evidence to reach a determination of coverage, its failure to submit a guiding instruction on the issue constitutes waiver.  See Section II.B. below.

The same is true of Defendant's citation to Kerman v. City of New York, 374 F.3d 93 (2d Cir. 2004) ("Kerman III").  Kerman III is neither "controlling" nor relevant to any issues in this case.  It is instead the third in a series of rulings made in an action brought against a police officer for his order to detain the plaintiff in a hospital for psychiatric observation.  In Kerman v. City of New York, 261 F.3d 229 (2d Cir. 2001)("Kerman II"), the appellate court reversed summary judgment for the police officer on the grounds that he had failed to establish the affirmative defense of qualified immunity and instead remanded the case for a trial in which "the jury needs to decide what transpired between the parties." Kerman III, 374 F.3d at 101, citing Kerman II, 261 F.3d at 241.  In Kerman III, the police officer failed to submit to the jury specific instructions or interrogatories on the factual issues implicated in a claim of qualified immunity and thus waived the defense.  Plaintiff's FLSA claim offers no basis of comparison.

### B. Defendant Waived Its Challenge to the Presumption of FLSA Coverage

Defendant has waived its ability to challenge the jury's verdict by failing to accept the Court's clear invitation to submit the factual issue of coverage to the jury.  In Underhill v. Royal, 769 F.2d 1426 (9th Cir. 1985), one of the defendants argued after the verdict that the

6

plaintiff has failed to introduce evidence sufficient to establish privity between the co-defendants.  The court rejected the defendant's claim, holding that its failure to provide to the jury an instruction on the privity element to the plaintiff's cause of action waived the defendant's claim.  Underhill v. Royal, 769 F.2d at 1434-35, citing Harmsen v. Smith, 693 F.2d 932, 939 (9th Cir.1982), cert. denied, 464 U.S.822, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983);  United States v. Burlington Northern, Inc., 500 F.2d 637, 640 (9th Cir.1974).

It is well established under the applicable rules that where a defendant fails to offer a specific alternative instruction to the jury, it waives its ability to challenge the verdict upon that issue. See Smith v. Ingersoll-Rand Co., 214 F.3d 1235 (10th Cir. 2000)(Manufacturer waived any objection based on trial court's failure to give instruction about limitations on use of other accidents evidence in products liability case when manufacturer failed to request such instruction.); Renfro v. Swift Eckrich, Inc., 53 F.3d 1460 (8th Cir. 1995)(In turkey growers' action for breach of turkey processing contracts, turkey processor waived issue of whether parties had modified contracts by conduct by failing to request jury instruction on that question.)

In the instant matter, Defendant's initial objection to the Court's charge, without a specific written alternative, is insufficient to preserve a challenge to the sufficiency of Plaintiff's evidence regarding coverage under the FLSA.  See e.g. Kehoe v. Anheuser-Busch, Inc., 96 F.3d 1095 (8th Cir. 1006)(Holding that, in order to preserve a

claim, a party  is not only required to make sufficiently precise objection before district court, but it must also propose an alternate instruction; otherwise, claim is waived, and Court of Appeals will reverse only if district court's instructions constitute plain error.); Abuan v. Level 3 Communications, Inc., 353 F.3d 1158 (10th Cir. 2003)("To comply with the rule prohibiting a party from assigning as error the failure to give an instruction unless that party objects thereto, a party must both proffer an instruction and make a timely objection to the refusal to give a requested instruction.") citing Fed.R.Civ.P. 51.  Defendant not only failed to provide an alternative charge but specifically declined the opportunity to do so by the Court.

The basis for compelling a party to provide an alternative instruction in order to preserve its claim is grounded in logic and fairness.  Like the requirement that Defendant first raise its claims by way of a Rule 50(a) motion in order to preserve post-verdict challenges, the obligation to provide an alternative instruction is designed both to provide notice to the opposing party and to the court in order to address alleged insufficiencies and avoid the need for a retrial. See Galdieri-Ambrosini v. National Realty & Development Corp., 136 F.3d 276, 286 (2nd Cir. 1998)("Purpose of rule requiring moving party to articulate ground on which judgment as matter of law is sought is to give other party opportunity to cure defects in proof that might otherwise preclude him or her from taking case to jury.  Fed.Rules Civ.Proc.Rule 50(a), 28 U.S.C.A."); Ford ex rel. Estate of Ford v.

8

Garcia, 289 F.3d 1283 (11 Cir. 2002)(The rule prohibiting the assignment as error of the giving or the failure to give a jury instruction absent an objection exists to prevent unnecessary new trials because of errors the judge might have corrected if they had been brought to his attention at the proper time.); Baskin v. Hawley, 807 F.2d 1120, 1134 (2d Cir.1986), Cruz v. Local Union No. 3, 34 F.3d at 1155; Piesco v. Koch, 12 F.3d 332, 341 (2d Cir.1993); Gordon v. County of Rockland, 110 F.3d 886, 887 n. 2 (2d Cir.), cert. denied, 522 U.S. 820, 118 S.Ct. 74, 139 L.Ed.2d 34 (1997); Acosta v. Honda Motor Co., 717 F.2d 828, 832 (3d Cir.1983).

        Courts have repeatedly found waiver where a defendant claims insufficiency of the evidence but has failed to submit instructions to the jury with which it could first make the necessary factual determination. See e.g. Bonner v. Guccione, 1997 WL 362311, *8 (S.D.N.Y., Jul 01, 1997 ("Plaintiff argues persuasively that the defendants cannot claim prejudice when they requested at an earlier stage that the supplemental charge be read to the jury, but only decided to object to such a charge after a verdict was returned that was substantially in their favor.")(attached hereto as Exhibit 3);  See also In re Air Disaster at Lockerbie, Scotland on Dec. 21, 1988, 811 F.Supp. 84, 87 (E.D.N.Y. 1992)("But after the jury returned its verdict on July 10, this Court invited counsel for defendants to submit a supplemental interrogatory, and counsel declined the Court's invitation. . .Thus, Alert waived its right to obtain the determination it now seeks and may not now claim prejudice

9

from the absence of a separate finding against it."); <u>Settlegoode v. Portland Public Schools</u>, 371 F.3d 503, 516, fn. 10 (9th Cir. 2004)(The defendant held to have waived claim regarding sufficiency of the evidence establishing the protected nature of the plaintiff's speech where the defendant had failed to submit to the court a jury instruction for consideration.)

　　While Defendant's argument has evolved over time, it has boiled down to the claim that the jury was provided only circumstantial or indirect evidence of coverage under the FLSA.  Thus Defendant's reply brief attempts to forestall the use of inference by its citation to <u>Hahn</u>.  Such an argument is not only incorrect but renders Defendant's entire discussion of the propriety of its challenge to the sufficiency of the evidence irrelevant.

　　Defendant chose to withhold from the jury precisely the type of factual evaluation and determination which is its province.  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions; not those of a judge, whether he [or she] is ruling on a motion for summary judgment, or for a directed verdict." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 254, 106 S.Ct. 2505, 91 L.Ed.2d. 202 (1986).  The jury could have been provided with an instruction by Defendant that distinguished between direct and indirect evidence and the factual underpinning required for a finding of coverage under the FLSA.  Instead,

Defendants chose to provide no such specific instruction and consented to the instruction finding coverage. The result was a general verdict from which it is not now possible for Defendant to determine how the jury handled the direct and circumstantial evidence provided in the case.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for judgment as a matter of law should be denied.

PLAINTIFF


By:
  Marc P. Mercier
  Beck & Eldergill, P.C.
  447 Center Street
  Manchester, CT 06040
  (860) 646-5606
  Fed Bar No: ct10886

### **CERTIFICATION**

I hereby certify that a copy of the foregoing has been mailed this 1st day of November  2004, to the following parties:

Pamela J. Coyne, Esq.
Loraine M. Cortese-Costa, Esq.
Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C.
1057 Broad Street

Bridgeport, CT   06604

_____

Marc P. Mercier

Estanislau\MemOpp11-04.pld