UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| Arthur ESTANISLAU, JR.,<br>    Plaintiff, | :<br>:<br>: |
| vs. | : Case No. 3:02cv1515 (PCD)<br>: |
| MANCHESTER DEVELOPERS, LLC<br>    Defendant. | :<br>: |

### RULING ON DEFENDANT'S RULE 50(b) MOTION FOR JUDGMENT

Pursuant to Fed. R. Civ. P. 50(b), Defendant moves for judgment as a matter of law after a jury returned an unfavorable verdict on Plaintiffs Fair Labor Standards Act suit. For the reasons stated herein, Defendant's Motion is **denied**.

I.    BACKGROUND:

Familiarity with the facts of this litigation is presumed. Suffice it to say that Plaintiff brought this action alleging violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, et seq. and comparable state law, Conn, Gen. Stat. § 31-68 and Conn. Gen. Stat. § 31-72. On May 21, 2004, the jury returned a verdict against Defendant in the amount of $24,676. On May 26, 2004, Defendant renewed its Fed. R. Civ. P. 50(a) Motion for Judgment as a Matter of Law and filed a Rule 50(b) Motion for Judgment as a Matter of Law arguing Plaintiff failed to establish coverage under the FLSA and that Plaintiff failed to offer evidence sufficient to support the jury verdict.

On September 2, 2004, this Court issued an order requiring supplemental briefing on the question of whether Defendant waived its ability to challenge coverage under the FLSA based on its failure to object to the jury charge. In particular, the Court pointed to an exchange between

the Court and counsel in which the Court expressed reservations regarding a charge on coverage under the FLSA, but offered to include a charge on the issue. Defendant's counsel declined. <u>See</u> Order Requiring Suppl. Br. at 1. The parties submitted supplemental memoranda and the issue is now ripe for decision.

## II.    STANDARD OF REVIEW:

"Under Rule 50, a court should render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 149, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). "Before a case is submitted to the jury, a party may move pursuant to Rule 50 for judgment as a matter of law ("JMOL") on the ground that there is no legally sufficient evidentiary basis for a reasonable jury to find for the opposing party on an issue essential to a claim or defense." <u>Tolbert v. Queens College</u>, 242 F.3d 58, 70 (2d Cir. 2001). "After an unfavorable verdict, Rule 50(b) allows the party to 'renew' its motion." <u>Id</u>. This motion is "limited to those grounds that were specifically raised in the prior motion" and "the movant is not permitted to add new grounds after trial." <u>Id</u>.

"[I]n entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record." <u>Reeves</u>, 530 U.S. at 150. Furthermore, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." <u>Id</u>. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." <u>Reeves</u>, 530 U.S. at 150. "The district court cannot set aside the jury's credibility findings and cannot find for the movant based on evidence the jury was entitled to discredit."

Fabri v. United Techs. Int'l, Inc., 387 F.3d 109, 119 (2d Cir. 2004).

**III.   DISCUSSION:**

It is first necessary to address the question of whether Defendant waived its ability to challenge Plaintiff's proof of coverage under the FLSA. Assuming the answer is in the negative, the analysis will then proceed to address the merits of Defendant's Rule 50(b) Motion.

A.   Whether Defendant Waived its Challenge to Coverage under the FLSA:

Defendant argues first that the burden was in fact on Plaintiff to request a charge regarding coverage under the statute and that by failing to do so, Plaintiff has waived his ability to argue that there was sufficient evidence to find coverage under the FLSA. Def. Suppl. Mem. at 3. This argument is without merit.

A party who bears the burden of proof at trial must seek to submit the question to the jury. See Kerman v. City of New York, 374 F.3d 93, 120 (2d Cir. 2004) (finding that because the defendant, who bore the burden to submit a defense of qualified immunity to the jury, did not do so the defendant was then "not entitled to have the court, [in a Rule 50 motion and] in lieu of the jury, make the finding"). This is not, however, what occurred in this matter. Unlike Kerman where no instruction was given regarding the qualified immunity defense, only probable cause, see Id. at 104-05, the Court here instructed the jury to find coverage. Plaintiff did not fail to seek an instruction, as there was no need for Plaintiff to submit the question of coverage to the jury it having already been established by the Court's instruction. The requirement Defendant seeks to impose would oblige Plaintiff to act against his own interest and seek to reverse a Court decision in his favor in order to submit a question to the jury that could result in an unfavorable verdict. Such a requirement would fly in the face of the obligations of advocacy and is not what Kerman

3

requires.

Plaintiff argues that because Defendant failed to include the charge on coverage when offered the opportunity, it cannot now challenge the sufficiency of the evidence on the question. Pl. Suppl. Mem. at 7-10.  While this is indeed what the Court suggested in its Order Requiring Supplemental Briefing, it is more appropriately found that while Defendant certainly prejudiced its ability to, on appeal, assign error to the instruction, Fogarty v. Near North Ins. Brokerage, 162 F.3d 74, 79 (2d Cir. 1998), Defendant adequately preserved the question for review through its Rule 50(a) Motion.  See Boyle v. United Techs. Corp., 487 U.S. 500, 513-514, 108 S. Ct. 2510, 101 L. Ed. 2d 442 (1988) ("If the evidence presented in the first trial would not suffice, as a matter of law, to support a jury verdict under the properly formulated [law], judgment could properly be entered for the [adverse party] at once, without a new trial. And that is so even though ... [the adverse party] failed to object to jury instructions that expressed the [law] differently..."); see also Ebker v. Tan Jay International, Ltd., 739 F.2d 812, 824 (2d Cir. 1984) (failure "to take exception to the instruction with respect to the presumption ... does not render the instruction the 'law of the case' for purposes of ... the entry of judgment n.o.v.").  Defendant very well may have also prejudiced itself by not seeking a jury verdict that may have been favorable to it, the proper course here is to examine the merits of its 50(b) Motion which was properly preserved by its 50(a) Motion.

B.      Sufficiency of the Evidence:

Defendant raises questions regarding the sufficiency of the evidence establishing coverage under the FLSA and that Plaintiff was entitled to unpaid overtime wages.

1.  Coverage Under the FLSA:

"The minimum wage and maximum hour requirements of the FLSA apply only to employees who are "engaged in commerce or in the production of goods for commerce," or who are "employed in an enterprise engaged in commerce or in the production of goods for commerce." Edwards v. Cmty. Enters., 251 F. Supp. 2d 1089, 1100 (D. Conn. 2003) (quoting 29 U.S.C. §§ 206(a), 207(a)). The FLSA defines commerce as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). An enterprise engaged in commerce means an enterprise that--

> (A) (I) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $ 500,000 (exclusive of excise taxes at the retail level that are separately stated)

29 U.S.C. § 203s(1). The question here is whether Defendant falls under the definition of section s(1)(A)(I) and has "employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person...."

"This legislative history clearly demonstrates that Congress intended to extend the coverage of the FLSA to companies that use products that have moved in interstate commerce." Archie v. Grand Cent. P'ship, 997 F. Supp. 504, 530 (S.D.N.Y. 1998). The Supreme Court long ago stated that the FLSA is "remedial" in purpose and "must not be interpreted or applied in a narrow, grudging manner." Tennessee C., I. & R. Co. v. Muscoda, 321 U.S. 590, 597, 64 S. Ct.

5

698, 88 L. Ed. 949 (1944). Notably, since the FLSA was amended in 1974, courts have repeatedly come to the conclusion that "local business activities fall within the reach of the FLSA when an enterprise employs workers who handle goods or materials that have moved or been produced in interstate commerce." Archie, 997 F. Supp. At 530 (collecting cases). Courts have found coverage even when the employee was not himself involved in activity that affects interstate commerce. Velez v. Vassallo, 203 F. Supp. 2d 312, 328 (S.D.N.Y., 2002). Coverage appears so expansive that one court commented shortly after the 1974 amendments that coverage was expanded to include "every enterprise in the nation doing business of [$500,00] a year." Dunlop v. Industrial America Corp., 516 F.2d 498, 502 (5th Cir.-OLD 1975). Another court has noted that "if a local laundry is covered because the soap which it uses moved in interstate commerce, then an apartment complex is covered because the materials used by its maintenance personnel moved in interstate commerce." Marshall v. Baker, 500 F. Supp. 145, 151 (N.D.N.Y. 1980).

     Defendant argues that Plaintiff failed to offer any evidence to establish enterprise coverage under the FLSA and cannot therefore recover under the act. Def. Mem. Supp. 50(b) Mot. at 5-6. Furthermore, Defendant argues that coverage cannot be inferred from the facts in evidence and must have been proven outright. Def. Reply Br. at 4. To the extent that inferences need to be drawn from the evidence at issue, only those inferences are permissible that a jury, properly instructed,[1] could have used to establish a legally sufficient conclusion of coverage under the act. Reeves, 530 U.S. at 149; see also Da Silva v. Kinsho Int'l Corp., 229 F.3d 358, 365 (2d Cir. 2000) (finding under Title VII that failing to establish an employer is covered "is not

---

[1] As stated, the jury was not instructed to reach the question of coverage here at issue.

a ground for dismissing for lack of subject matter jurisdiction or even for failure to state claim; it is a ground for defeating [the] federal claim on the merits"). The principle that juries may draw reasonable inferences from the evidence is beyond question.

Plaintiff points to significant evidence that management in Connecticut ran its business in conjunction with ownership in New Jersey. For example, Defendant's payroll was first faxed to New Jersey for ownership approval and paid from New Jersey to Connecticut, lease renewals were handled via interstate mail and required approval of ownership located in New Jersey, and Defendant communicated with and engaged accountants located in Mountainside, New Jersey for the preparation of its tax returns. Def. Mem. Opp. 50(b) Mot. at 1-2. Defendant, however, disputes the evidence establishing the regularity of the use of interstate mail and faxes and argues that the use of faxes does not constitute "goods or materials" moving in interstate commerce. Def. Reply Br. at 7-8.

First, to the extent that mere use of interstate mail with no "profit motive" can establish coverage under the FLSA, Hodgson v. Travis Edwards, Inc., 465 F.2d 1050, 1054 (5th Cir.-OLD 1972), there is no reason that the use of fax machines and interstate phone lines does not also pass muster. The mere fact that using fax machines, as opposed to the mail, does not result in the same physical object, namely the paper, passing from one place to another implicates interstate commerce no less considering the interstate nature of the mail service. Second, although Defendant questions the regularity of the use of the fax machines and mail to transmit payrolls and leases between New Jersey and Connecticut, the evidence regarding such use suggests regularity (i.e. lease renewal in an apartment complex in the business of renting and payroll information of regular staff). Defendant points to no evidence suggesting it was done any other

way and, accordingly, a jury would be reasonably entitled to infer regular use.

However, even if this weren't enough to establish coverage, Plaintiff points to testimony concerning Plaintiff's on the job activities and his handling and repairing of stoves, refrigerators, microwaves, and dish and cloth washers and dryers, all manufactured by General Electric. Pl. Mem. Opp. 50(b) Mot. at 3. Furthermore, Plaintiff established that his responsibilities included purchasing gasoline, paint, caulk, carpeting, sheet rock, tiling and flooring, air conditioning and electrical supplies, etc. Id. Plaintiff established that he purchased those materials from retailers such as Mobil, Home Depot and Lowe's in a company owned Dodge truck. Id. While the parties do not point to testimony establishing that such products traveled in interstate commerce, query how Plaintiff might have purchased gasoline in Connecticut without it having traveled in interstate commerce, or how products from companies such as GE and Home Depot did not involve interstate commerce. Indeed, it arguably would have been appropriate during trial for the Court to take judicial notice that materials such as gasoline traveled in interstate commerce before arriving in Connecticut. See Kaggen v. IRS, 71 F.3d 1018, 1019 (2d Cir. 1995) (judicial notice is appropriate when a fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

   2.   Hours Worked:

Defendant argues that Plaintiff "failed to provided any evidence from which the jury could estimate his alleged unpaid wages as a matter of just and reasonable inference" and that he "provided no specifics as to hours worked for which he was not paid or policies consistently applied which deprived him of wages." Def. Mem. Supp. 50(b) Mot. at 7. Plaintiff points to his

own testimony and Plaintiff's Exhibits 19 and 20 as summaries of that testimony. Pl. Mem. Opp. 50(b) Mot. at 13-14. Except insofar as it notes that Exhibits 19 and 20 are, for the purposes of the jury, summaries of testimony and not actually evidence Defendant's arguments are flawed on the face.

Defendant argues that Plaintiff's testimony and the exhibits purportedly summarizing it were "unreliable" and contradicted by, or not reflective of, his testimony on cross examination. Def. Reply. Br. at 9. Furthermore, Defendant argues that Plaintiff's corroborating testimony from Janet Coleman was not based on personal knowledge. Def. Reply. Br. at 9-10. While this may have been a basis for objection at trial, Defendant cannot now so object and makes no argument regarding plain error. Further, the fact that Plaintiff's testimony was contradicted or called into question on cross-examination does not entitle Defendant to judgment as a matter of law, as it amounts to a credibility question left to the jury. See Fabri, 387 F.3d at 119 ("The district court cannot set aside the jury's credibility findings and cannot find for the movant based on evidence the jury was entitled to discredit"). An examination of the jury verdict in relation to the amount of hours Plaintiff asserted he worked and the award he requested suggests that the jury did not credit all of Plaintiff's testimony. At the same time, the verdict clearly suggests that the jury did credit some. The Court will not disturb the verdict on the basis Defendant requests. Accordingly, Defendant's 50(b) Motion is **denied**.

## IV.    CONCLUSION:

For the reasons stated herein, Defendant's Motion for Reconsideration [110] is **granted**, but the substance of its 50(b) Motion is **denied**. Furthermore, Defendant's Rule 50(a) Motion for Judgment as a Matter of Law [Doc. No. 95] is **denied as moot**.

SO ORDERED.

Dated at New Haven, Connecticut, March  22 , 2005.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court