UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARTHUR ESTANISLAU, JR. : | CIVIL ACTION NO: 3:02CV1515(PCD) |
|     Plaintiff : | |
| : | |
| VS. : | |
| : | |
| MANCHESTER DEVELOPERS, LLC : | |
|     Defendant : | JUNE 3, 2004 |
| : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION AND/OR PETITION FOR ATTORNEYS'
FEES AND COSTS PURSUANT TO 29 U.S.C. SECTION 216(B)
AND CONN. GEN. STAT. SECTION 31-72.**

**I. Background**

    Following a jury trial, Defendant was found liable to Plaintiff under both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 206 *et seq*. and Conn. Gen. Stat. Section 31-72 in the amount of $24,676.00.  Plaintiff has moved for an award of liquidated and/or double damages in an equal amount.  Plaintiff also now moves for an award of attorneys' fees and costs pursuant to both federal and state law.  As set forth in his Petition for Attorneys' Fees and Costs, filed herewith, Plaintiff seeks an award of $142,851.75 in attorneys' fees and $6,820.82 in costs, for a total award of $149,672.57.

    For the reasons set forth herein, Plaintiff should be awarded the entire amount requested.

1

## II. Argument

Having prevailed at trial, Plaintiff is entitled to attorneys' fees and costs under both federal and state law.

29 U.S.C. Section 216(b) provides that:

[t] court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

Likewise under Conn. Gen. Stat. Section 31-72, plaintiff may recover "costs and such reasonable attorney's fees as may be allowed by the court."

The court ascertains the amount of fees to award by way of "the 'lodestar' method of calculation, which involves determining the reasonable hourly rate for each attorney and the reasonable number of hours expended, and multiplying the two figures together to obtain the lodestar amount, which represents a presumptively reasonable fee award." Moon v. Gab Kwon, 2002 WL 31512816, p. 6 (S.D.N.Y. 2002) attached hereto as Exhibit A, citing LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763-4 (2d Cir. 1998). After determining the lodestar amount, the court may use its discretion to increase or reduce the amount based on the particular circumstances of the case. Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

A.  Plaintiff's Hourly Rate is Reasonable.

Plaintiff's hourly rate of $250.00 per hour is reasonable, as are those of his colleagues submitted herewith. "To determine the reasonable hourly rate for each attorney, the Court must look to current market rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Moon v. Gab Kwon, 2002 WL 31512816 at p. 6, citing Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998). The rates used by the Court should be "current rather than historic hourly rates." Gierlinger v. Gleason, 160 F.3d at 882, quoting Missouri v. Jenkins, 491 U.S. 274, 284, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989).

Undersigned counsel's submissions establish that $250.00 per hour is the rate that he has charged private clients since at least June, 2002. What is more, that rate, along with those charged by Attorneys Eldergill and Oatis, are consistent with, and indeed less than, the market rate used in analogous fee awards made in similar cases. See *e.g*. Marisola A. v. Guiliani, 111 F.Supp.2d 381, 386-87 (S.D.N.Y. 2000)(concluding that attorneys with more than fifteen years' experience should receive $350 an hour); Gonzalez v. Bratton, 147 F.Supp.2d 180, 211-212 (S.D.N.Y. 2001)(finding rate of $390 per hour reasonable for experienced civil rights

3

attorney). In fact, courts have regularly awarded attorneys with seven to twenty years experience fees ranging from $200 to $300 dollars per hour "with most courts awarding $250 to attorneys". Moon v. Gab Kwon, 2002 WL 31512816 at p. 7.; See *e.g.*, Robinson v. Instr. Systems, Inc., 105 F.Supp.2d 283, 286-87 (S.D.N.Y. 2000); Pascuiti v. New York Yankees, 108 F.Supp.2d 258, 266 (S.D.N.Y. 2000). In addition, Plaintiff will submit, in a supplemental submission, an affidavit from William Madsen, a partner at Madsen, Prestley & Parenteau, a Hartford, Connecticut firm, which establishes the market rate for attorneys who specialize in employment law in Connecticut.

With respect to the hours attributed to the clerk, compensation is based upon prevailing market rates similar to those of paralegals and an award of $83.00 per hour is reasonable. See Moon v. Gab Kwon, 2002 WL 31512816 pp. 7-8.

Absent evidence submitted by Defendant which suggest that the rates requested are not market rates, this Court should grant fees based on Plaintiff's request. See National Association of Concerned Vets. v. Secretary of Defense, 675 F.2d 1319, 1326 (D.C. Cir. 1982).

B. Plaintiff's Hours are Reasonable.

Plaintiff's hours are reasonable and should be awarded in their entirety. In determining an appropriate fee, the court may look to its own familiarity with the case, its experience, both with the case and generally, and the evidentiary

submissions and arguments of the parties.  DiFilippo v. Morizio, 759 F.2d 231, 234 (2d Cir. 1985).  In the instant case, Defendant employed two trial counsel in pursuing a scorched earth defense, including the filing of an unsuccessful but nevertheless extensive motion for summary judgment claiming Plaintiff was an exempt employee, numerous efforts to introduce into evidence at trial extraneous and collateral matters which required extensive research, trial preparation, and, ultimately, the filing of numerous motions in limine.  In addition, Plaintiff's hours were reasonably required in light of the complexity of the litigation, including the numerous claims and defenses raised by Defendant, the necessity to calculate damages over a period of more than two years of work, the legal and practical considerations of evaluating Defendant's claimed credit for lodging, as well as preparation both before and at trial for the nearly 80 exhibits and 19 witnesses identified by Defendant in its Trial Preparation Order.

After determining the reasonable hourly rates for each attorney, the Court must examine the hours expended by counsel to determine their reasonableness, excluding "excessive, redundant, or otherwise unnecessary" hours.  Hensley v. Eckerhart , 461 U.S. at 434 (1983).  Here, Plaintiff's fee petition has been prepared with those principles in mind.  Plaintiff has excluded, wherever possible,

5

time entries that appear to be duplicative or which appear to result in the expenditure of excessive time, given the resulting work product and time spent on non-legal work. Accordingly, Plaintiff should be awarded the attorneys' fees and costs in their entirety.

III. <u>Conclusion</u>.

Based on the foregoing and on the affidavits and exhibits filed herewith, Plaintiff's petition for attorneys' fees should be granted in its entirety. Plaintiff hereby reserves the right to supplement his motion and/or petition in light of Defendant's post-trial motion for judgment as a matter of law.

                              PLAINTIFF

By:
   Marc P. Mercier
   Beck & Eldergill, P.C.
   447 Center Street
   Manchester, CT 06040
   Tel. (860) 646-5606
   Fed Bar No: ct10886

## **CERTIFICATION**

I hereby certify that a copy of the foregoing has been sent via overnight mail this 3rd day of June, 2004, to the following parties:

Pamela J. Coyne, Esq.

Loraine M. Cortese-Costa, Esq.
Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C.
1057 Broad Street
Bridgeport, CT   06604

                                                                                                                                                                                                  _____
                                                                                     Marc P. Mercier

Estanislau\MemAttnysfees06-04.pld