## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARTHUR ESTANISLAU, JR. | : | CIVIL ACTION NO: 3:02CV1515(PCD) |
|     Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| MANCHESTER DEVELOPERS, LLC | : | |
|     Defendant | : | APRIL 4, 2005 |
| | : | |

### <u>AFFIDAVIT OF MARC P. MERCIER</u>

I, Marc P. Mercier, being duly sworn, do hereby depose and say:

1.  I am over the age of eighteen and believe in the obligations of an oath.

2.  I am an attorney licensed to practice law in the State of Connecticut.

3.  I received my J.D. degree in May 1991 and was admitted to practice before the Bar of the State of Connecticut in November 1991, before the Bar of the United States District Court for the District of Connecticut in September 1992.

4.  From September, 1991 to February, 1993, I worked as an associate at the firm of Siegel, O'Connor & Schiff, a firm specializing in management defense of employment claims.

5. Since February, 1993, I have been employed full time at the firm of Beck & Eldergill, P.C., first as an associate, then as a principal.  Virtually all of my time, since I have begun my employment at Beck & Eldergill, P.C., has been devoted to litigation.  The

1

primary focus of my practice both at Siegel, O'Connor & Schiff and Beck & Eldergill, P.C. has been employment law.

6.  Employment matters, including litigation under state and federal laws prohibiting discrimination, are not ordinarily handled by general practice firms in the state of Connecticut.  For the most part these cases are handled by attorneys with special expertise in the area of employment law, which attorneys make up the relevant legal community for the purpose of determining prevailing market rates.

7.  At present, the usual rate I charge to private clients who pay me on an hourly basis is $250.00 per hour.  I have charged that rate since June 2002.

8.  Based upon my knowledge of rates charged by other law firms who practice in the area of employment law, on behalf of Plaintiffs, such firms charge at least $250.00 per hour for attorneys of my skill, education and experience.  In addition, I have previously been awarded fees based upon this hourly rate in the matter of <u>DiMartino v. Richens</u>, et al., 263 Conn. 639 (2003).

9. On or about July 2, 2002, the Plaintiff in the above-captioned matter retained this office.  The fee agreement provides for an hourly rate of $250.00 per hour subject to change. The fee agreement also provides that in the event of a recovery after trial that the fee shall be the greater of one-third of the recovery or the hours worked.

10.  In calculating the hours spent in preparing briefs, motions and other pleadings in

2

this case, I have not charged fees except for the time actually spent on that case.  I do not "pad" the bill by charging clients for time spent preparing briefs or pleadings used in a prior case which may be used in the current client's case.  To the extent this case raised new issues given the facts of the case, I researched those issues.  Similarly, in preparing the petition for fees in this case, I utilized portions of briefs that have been submitted in other cases.  My client was not charged for this.

11. The time reflected in the supplemental motion and/or petition for attorneys' fees has been devoted to responding to Defendant's post-trial motions, including the unsuccessful Motion for Judgment as a Matter of Law pursuant to Fed.R.Civ.P 50(b), and in responding to the Defendant's supplemental briefing filed in response to the Court's Order dated September 2, 2004.

12.  I have reviewed the contemporaneous time records maintained by our office in this case, insofar as they reflect time spent by me in this matter.  These records are maintained electronically in our office, and this time-keeping system is used to generate bills sent to private clients as well as to generate written documentation of time spent on pending legal matters.  All of these electronic entries were made at or near the time at which the work was performed.

13. All of the time reflected in these attached time records which is attributed to me and was reasonably and necessarily incurred in order to represent our client, Mr.

3

Estanislau.  (See Exhibit A, attached.)

14.  The foregoing is true and correct and based on my personal knowledge.


Marc P. Mercier

Subscribed and sworn to before me this 4TH day of April, 2005.


Joan M. Johnson
Notary Public
My Commissioner Expires: 7/31/06

## CERTIFICATION

I hereby certify that a copy of the foregoing has been sent via overnight mail this 4th day of April, 2005, to the following parties:

Pamela J. Coyne, Esq.
Loraine M. Cortese-Costa, Esq.
Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C.
1057 Broad Street
Bridgeport, CT   06604

_____
Marc P. Mercier          Estanislau\MPMAff04-05.pld