UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARTHUR ESTANISLAU, JR. : | CIVIL ACTION NO: 3:02CV1515(PCD) |
| Plaintiff : | |
| : | |
| VS. : | |
| : | |
| MANCHESTER DEVELOPERS, LLC : | |
| Defendant : | JUNE 3, 2004 |

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR LIQUIDATED AND/OR DOUBLE DAMAGES PURSUANT TO 29 U.S.C.
SECTION 216(b) AND/OR CONN. GEN. STAT. SECTION 31-72

I. Background

Following the jury's verdict finding for Plaintiff under both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 206, *et seq.* and Conn. Gen. Stat. Section 31-72 and its award to Plaintiff of $24,676.00, Plaintiff hereby moves for an award of liquidated and/or double damages pursuant to both federal and state law in the equal amount of $24,676.00.

II. Argument

Pursuant to 29 U.S.C. Section 216(b), an employer who violates FLSA's minimum wage and overtime requirements is liable for any unpaid minimum wages or overtime compensation and an additional equal amount as liquidated damages.

A defense to an award of liquidated damages is contained in 29 U.S.C. Section

1

260 which provides that:

> if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in [29 U.S.C. Section 216].

Liquidated damages in the context of the FLSA is "an award of special or exemplary damages added to the normal damages." Brock v. Superior Care, Inc., 840 F.2d 1054, 1063 n. 3 (2d Cir. 1988); See Reich v. Southern New England Telecomms. Corp., 121 F.3d 58, 71 (2d. Cir. 1997)("Liquidated damages under the FLSA are considered compensatory rather than punitive in nature."). The employer bears the "difficult" burden of establishing by "plain and substantial" evidence a defense under 29 U.S.C. Section 260. Brock v. Wilamowsky, 833 F.2d 11, 19 (2d. Cir. 1987).

As an initial matter, and based upon the jury's specific finding of bad faith, arbitrary and unreasonable behavior, Defendant cannot establish a defense under 29 U.S.C. Section 260. Defendant's conduct has already been adjudged to have sunk to the more egregious standard required under Connecticut state law for an award of double damages.
That factual finding precludes any "good faith" defense under the FLSA.

2

More specifically, Conn. Gen. Stat. Section 31-72 provides, in pertinent part, that "when any employer fails to pay an employee wages … such employee … may recover in a civil action, twice the full amount of such wages." Under Conn. Gen. Stat. Section 31-72, an award of double damages is appropriate where there is evidence of bad faith, arbitrariness or unreasonableness. Butler v. Hartford Technical Institute, Inc., 243 Conn. 454, 470, 704 A.2d 222 (1997); Sansone v. Clifford, 219 Conn. 217, 229, 592 A.2d 931 (1991). In the instant case, the jury specifically found just such conduct justifying an award of double damages.

The jury's factual finding of bad faith, arbitrary and unreasonable behavior must be followed by the court in evaluating Plaintiff's motion for liquidated and/or double damages. See Guzman v. Bevona, 90 F.3d 641, 647 (2d Cir. 1996); Song v. Ives Laboratories, 951 F.2d 1041, 1048 (2d Cir. 1992); Wade v. Orange Co. Sheriff's Office, 844 F.2d 951, 954 (2d Cir. 1988).

Even in the absence of a jury finding on the issue of willfulness, an award of liquidated damages under the FLSA would nevertheless be required. The record demonstrates that for extended periods of time, Defendant made no efforts to comply with the recordkeeping requirements of either federal or state law, and knowingly failed to compensate Plaintiff for overtime extending over a period of more

3

than two years.

In fact, Defendant failed to introduce any evidence of a good faith effort to comply with the law.  "A defense under 29 U.S.C. Section 260 usually requires reliance on erroneous advice from an outside source, such as counsel or a government agency, and is not available when the violation is the result of a mistake by an employee of a defendant…" <u>Lavin-McElenany v. Marist College</u>, 1999 WL 33500070 (S.D.N.Y. 1999), attached hereto as Exhibit A.  Nothing of the kind was proffered by Defendant.

Finally, even if a defendant meets its burden under 29 U.S.C. Section 260, the court has the discretion to nevertheless award liquidated damages.  <u>Reich v. Southern New England Telecommunications</u>, 121 F.3d at 71 n. 5.; <u>Soler v. G & U, Inc.</u>, 628 F.Supp. 720, 725 (S.D.N.Y. 1986).  In this case, there is no reason to withhold liquidated damages where they would compensate Plaintiff for the losses occasioned by Defendant's improper and unlawful retention of his pay.

### III. Conclusion

For the forgoing reasons, Plaintiff is entitled to an award of liquidated and/or double damages, under both federal and state law, in the amount of $24,676.00.

PLAINTIFF

By:
    Marc P. Mercier
    Beck & Eldergill, P.C.
    447 Center Street
    Manchester, CT 06040
    Tel. (860) 646-5606
    Fed Bar No: ct10886

## CERTIFICATION

I hereby certify that a copy of the foregoing has been sent via overnight mail this 3rd day of June, 2004, to the following parties:

Pamela J. Coyne, Esq.
Loraine M. Cortese-Costa, Esq.
Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C.
1057 Broad Street
Bridgeport, CT   06604

                                                 Marc P. Mercier

Estanislau\MemLiq06-04.pld

6