UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARTHUR ESTANISLAU, JR.<br>　　Plaintiff | : CIVIL ACTION NO: 3:02CV1515(PCD)<br>:<br>: |
| VS. | :<br>: |
| MANCHESTER DEVELOPERS, LLC<br>　　Defendant | :<br>: MAY 9, 2005<br>: |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR LIQUIDATED AND/OR DOUBLE DAMAGES AND/OR IN THE ALTERNATIVE, MOTION FOR RELIEF FROM JUDGMENT OR ORDER PURSUANT TO FED.R.CIV.P. 60**

**A.    Plaintiff's Motion for Liquidated and/or Double Damages Was Timely Filed Pursuant to 29 U.S.C. Section 216(b) and Conn. Gen. Stat. Section 31-72.**

Defendant erroneously claims that Plaintiff's motion for liquidated and/or double damages is untimely pursuant to Fed.R.Civ.P. 59(e) because Plaintiff did not file the motion directly with the Court but instead filed a Certificate of Service pursuant to the Court's Supplemental Order. (Defendant's Memorandum in Opposition, pages 3-4.) Plaintiff's motion is filed pursuant the Fair Labor Standards Act, 29 U.S.C. Section 216(b) and Conn. Gen. Stat. Section 31-72. To the extent that, upon the Court's consideration of that motion, it may require a subsequent amendment and/or modification to the judgment entered by the court on May 25, 2005, Plaintiff's motion is nevertheless timely.

Under the Court's Supplemental Order, two different methods for filing are provided - one by a Certificate of Service with only original motions and response thereto collectively

filed and the second by the traditional method of direct filing with the Court. The purpose of that Supplemental Order is "to reduce filings, to expedite case resolution, to reduce the cost of processing cases, to reduce work for the Clerk's office, to allow filings to be docketed consecutively, to promote cooperation among counsel, and to eliminate unnecessary motion adjudication."  Believing that his post-trial motion was to be filed by way of the Certificate of Service method, Plaintiff timely filed with the Court on June 3, 2004 a Certificate of Service and at the same time sent Defendant his motion for liquidated and/or double damages.  Plaintiff maintained the original motion to be ultimately filed upon Plaintiff's receipt of Defendant's response.

     Defendant concedes that it was timely provided with a copy of the motion and it cannot therefore claim prejudice of any kind by Plaintiff's method of filing and serving the motion.  Defendant seeks to impose a hypertechnical reading of the Court's Supplemental Order in an attempt to avoid the Court's consideration of an otherwise timely motion.  The Supplemental Order was designed for the Court's and counsels'  benefit to ensure efficient processing of the case.  It was not designed to prevent this Court's consideration of motions which are otherwise timely but for Plaintiff's compliance with one of the two methods of filing and serving motions.  Any mistake by Plaintiff in classifying his motion properly under the Court's Supplemental Order was clearly made in good faith and should not be used as a basis for refusing to consider the motion.  See this Court's rulings in

Republic Credit Corp. I. V. Autorino, 2001 WL 789310 (D.Conn. 2001); E.S. ex rel Mr. S. v. Ashford Bd. Of Educ., 2001 WL 799588 (D.Conn. 2001).

Even were Plaintiff's motion required to be initially considered under Fed.R.Civ.P. 59(e), Defendant's claim that the judgment cannot not now be amended or otherwise corrected to reflect liquidated and/or double damages is false. Pursuant to Fed.R.Civ.P. 60(b), relief may be granted from an order or judgment for "mistake, inadvertence, surprise, or excusable neglect." Defendant seeks to take unfair advantage of the Court's Supplemental Order by precluding consideration of what it concedes is an otherwise timely motion. Plaintiff's failure to file directly with the Court his motion was occasioned only by his belief that it was filed pursuant to 29 U.S.C. Section 216(b) and Conn. Gen. Stat. Section 31-72 and not directly pursuant to Fed.R.Civ.P. 59(e). Plaintiff's reply brief, if necessary, should alternatively be considered as a motion pursuant to Fed.R.Civ.P. 60(b) to correct that mistake or inadvertence in complying with the Court's Supplemental Order and to permit a modification or amendment to the judgment as necessary to effectuate Plaintiff's request for liquidated and/or double damages.

In Lavin-Mceleney v. Marist College, 1999 WL 33500070 (S.D.N.Y. 1999), (copy attached to Plaintiff's motion), the plaintiff's attorney erroneously submitted a proposed judgment that failed to include liquidated damages and moved "a few weeks" later to have them granted pursuant to 29 U.S.C. Section 216(b). Recognizing the error as inadvertence and concluding that the defendant suffered no harm, the court granted a request to amend

the judgment to include liquidated damages.  In this case, Plaintiff did not prepare the "erroneous" judgment entered on May 25, 2005 and instead timely completed and served his motion upon Defendant and filed with the Court a Certificate of Service.  Defendant is not prejudiced at all and has suffered no hardship as a result of that methodology.  The judgment should therefore reflect the liquidated and/or double damages as requested by Plaintiff.

Defendant's reliance upon Midwest Employers Casualty Co. v. Williams, 161 F.3d 877, 879 (5th Cir. 1998) is misplaced.  In that case, the defendant failed to timely file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(4) despite knowing that the plaintiff was contesting the timliness of its underlying Rule 59(e) motion.  Here there is no such suggestion of Plaintiff's persistence in the face of Defendant's claim of untimeliness or any failing other than the filing of his motion by one of the two methods provided by the Court's Supplemental Order.

Canfield v. Van Atta Buick, 127 F.3d 248, 251 (2d Cir. 1997) likewise is irrelevant to the facts of this case.  Canfield's lawyer failed to respond at all to the defendant's motion for summary judgment despite being aware and reminded of his obligation to reply within 21 days.

### B. Plaintiff is Entitled to Liquidated and/or Double Damages

Contrary to Defendant's claims on pages 4 through 6 of its brief, the jury's finding of bad faith under Connecticut state law are not irrelevant to this Court's evaluation of an

award of liquidated and/or double damages. That is because "[t]he court must search for a reasonable way to read the verdicts as expressing a coherent view of the case (citation omitted), and if there is any way to view a case that makes the jury's answers to the special verdict form consistent with one another, the court must resolve the answers that way even if the interpretation is strained." McGuire v. Russell Miller, Inc., 1 F.3d 1306, 1311 (2d Cir. 1993). In this case, the only coherent interpretation of the jury's verdict finding Defendant liable under both the FLSA and Connecticut state law is that they believed the damages awarded to Plaintiff on the FLSA claim to be enough. This is especially true in light of the Court's instruction on double recovery. Thus, the jury's finding of Defendant's bad faith is not superfluous or irrelevant to the case. It is instead central to the jury's determination of Defendant's culpability.

In Elwell v. University Hospitals Home Care Services, 276 F.3d 832, 841 (6th Cir. 2002), the Sixth Circuit concluded that a jury's finding of wilfullness relevant to the statute of limitations under the FLSA foreclosed the district court from finding good faith. Though a finding under state law, the same is true of the jury's findings in this case under the more stringent "bad faith" standard.

The legal nature of liquidated damages is wholly irrelevant to the effect of the jury's finding:

> The Supreme Court recently ruled that a plaintiff is entitled to a jury trial in ADEA actions for lost wages, but it did not decide whether there is a right to jury trial on a

claim for liquidated damages.... Because liquidated damages are in the nature of legal relief, it is manifest that a party is entitled to have the factual issues underlying such a claim decided by a jury.... [A]n award of liquidated damages under the FLSA is not a penalty but rather is available in order to provide full compensatory relief for losses that are 'too obscure and difficult of proof for estimate other than by liquidated damages....' H.R.Conf.Rep. No. 950, 95th Cong., 2d Sess. 13-14, reprinted in 1978 U.S.Code Cong. & Ad.News 504, 528, 535 (citations omitted and emphasis added)."

Brinkman v. Department of Corrections of State of Kan., 21 F.3d 370. 372 (10th Cir. 1994); see also Smith v. Consolidated Mut. Water Co., 787 F.2d 1441, 1445 (10th Cir. 1986). To give effect to the jury's verdict requires the Court to award liquidated and/or double damages.

Regardless of the effect of the jury's finding of bad faith under state law, Defendant's attempts to satisfy the heavy burden required of a good faith defense to liquidated damages are unavailing. Its conduct was neither taken in good faith nor was objectively reasonable.

The installation of a time clock in April 23, 2001, relied upon so heavily by Defendant on pages 6 through 8, actually negates any possibility of a defense to liquidated damages. From September, 9, 2000 to April 23, 2001, Defendant made no effort at all to record or compensate Plaintiff for his actual hours of work. Indeed, it is undisputed that Defendant failed to do so despite repeated inquiries and demands from Plaintiff for overtime compensation. After the installation of the time clock, Defendant deliberately instructed Plaintiff to underreport his hours. When in July, 2001, Defendant finally began to

compensate Plaintiff more fully, it did so only because of Plaintiff's protest and not because of any change in Plaintiff's duties. (Testimony of Plaintiff; Testimony of Janet Coleman; Testimony of Fran Velasco.)

The same is true of Defendant's self-serving characterization of its generosity in "overcompensating" Plaintiff. As reflected by the jury's verdict, Defendant did not pay Plaintiff for more hours than he actually worked. Instead, it willfully attempted to avoid its obligations by not paying him at all and then only compensating Plaintiff for those hours it negotiated to pay.

Further, Defendant's claims on page 8 of its brief that its legal arguments on Plaintiff's status and treatment reflect "well reasoned or sound legal arguments" is belied by the course of the case. The essential aspects of Defendant's entire defense were rejected before and at trial - Plaintiff was not an exempt employee and was not compensated for his overtime. The dispute over the proper treatment of Plaintiff's lodging is wholly unrelated to and does not provide shelter from those findings.

Neither Roy v. County of Lexington, S.C., 141 F.3d 533, 548 (4th Cir. 1998) nor Burnley v. Short, 730 F.2d 136, 140 (4th Cir. 1984) are relevant to this matter. In Roy, the County was found to have treated in good faith its' emergency medical service employees because it had not acted willfully, had regularly sought and relied upon the advice of labor counsel, consistently reworked its payment schemes in response to that advice, and, at

times, compensated its employees more generously than the law required. In <u>Burnley</u>, the employer was not even covered by the FLSA for relevant periods of time, and had relied, in good faith, upon a motel association newsletter in complying with overtime requirements. By contrast, the Defendant here introduced no evidence of consultation with counsel or responses thereto and was specifically found by the jury to have undercompensated Plaintiff. It did so as a result of an intentional scheme to first refuse to pay any overtime and then to underreport and undercompensate Plaintiff for overtime.

          PLAINTIFF

By:
    Marc P. Mercier
    Beck & Eldergill, P.C.
    447 Center Street
    Manchester, CT 06040
    Tel: (860) 646-5606
    Fed Bar No: ct10886

## **CERTIFICATION**

I hereby certify that a copy of the foregoing has been mailed this 9th day of May, 2005, to the following parties:

Pamela J. Coyne, Esq.
Loraine M. Cortese-Costa, Esq.
Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C.
1057 Broad Street
Bridgeport, CT  06604

          _____

Marc P. Mercier

Estanislau\ReplyLiqDam05-05.pld