UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARTHUR ESTANISLAU,          : | |
|     Plaintiff,              : | |
| : | |
| -vs-                        : | Civil No.  3:02cv1515 (PCD) |
| : | |
| MANCHESTER DEVELOPERS, LLC, : | |
|     Defendant.             : | |

**RULING ON PLAINTIFF'S MOTIONS FOR LIQUIDATED OR
DOUBLE DAMAGES AND ATTORNEYS' FEES AND COSTS**

Following the jury's verdict finding for Plaintiff under both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 206, and Conn. Gen. Stat. Section 31-72 and its award to Plaintiff of $24,676, Plaintiff moves for an award of liquidated and/or double damages pursuant to both federal and state law in the amount of $24,676 [Doc. No. 128]. Plaintiff also moves for attorneys' fees and costs pursuant to 29 U.S.C. Section 216(b) and Conn. Gen. Stat. 31-72 [Doc. Nos. 125 and 127]. For the reasons stated herein, Plaintiff's motion for liquidated damages and/or double damages is **granted** and Plaintiff's motions for attorneys' fees and costs are **granted in part**.

**I.     BACKGROUND**

On May 20, 2004, following a trial before a jury, the jury returned a verdict for the Plaintiff, Arthur Estanislau, in the amount of $24,676. On the verdict form, the jury indicated that it found that Plaintiff proved that Defendant violated both the FLSA and Conn. Gen. Stat. Section 31-72 by not compensating Plaintiff for working overtime hours. The jury awarded $24,676 for the FLSA violation and $0 for the violation of Connecticut laws. The jury also found, in response to an interrogatory included under the Connecticut law claim, that Defendant

acted in bad faith, arbitrarily, or unreasonably. A similar interrogatory was not included under the FLSA claim. Plaintiff now seeks to amend or alter the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to add liquidated damages under the FLSA and/or double damages under state law. He also seeks to be awarded attorneys' fees and costs of $160,733.32 pursuant to Rule 54(d). Plaintiff served his Motions for Liquidated and/or Double Damages and for Attorneys' Fees and Costs on the Defendant on June 3, 2004, however, Plaintiff's Motions, Defendants' Opposition to the Motions and Plaintiff's Reply were not filed with the Court until May 10, 2005.

## II.  DISCUSSION

### A.  Liquidated Damages pursuant to 29 U.S.C. § 216(b)

The FLSA provides that "[a]ny employer who violates the provisions of [29 U.S.C. Sections 206 or 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an *additional equal amount as liquidated damages*." 29 U.S.C. § 216(b) (emphasis added). The FLSA provides employers with a defense to an award of liquidated damages, such that if the employer can prove to the court that its acts or omissions *both* were done in good faith and that it had reasonable grounds for believing that such acts or omissions were not in violation of the FLSA, the court has discretion to award no liquidated damages or to award an amount not to exceed the amount specified in 29 U.S.C. Section 216. 29 U.S.C. § 260. The employer bears the heavy burden of establishing the defense provided for in 29 U.S.C. Section 260. The Second Circuit has ruled that the good faith defense "requires plain and substantial evidence of at least an honest intention to ascertain what the Act requires and to comply with it." Brock v.

Wilamowsky, 833 F.2d 11, 19 (2d Cir. 1987) (citations omitted); see also Palma v. Pharmedica Communications, Inc., 2003 U.S. Dist. LEXIS 21227, *3 (D. Conn. Sept. 30, 2003) ("[T]he employer bears the burden of establishing, by 'plain and substantial' evidence, subjective good faith and objective reasonableness.").  The Brock Court emphasized that the employer's burden "is a difficult one to meet," with "double damages [being] the norm, single damages the exception. . . ."  Id. (quoting Walton v. United Consumer's Club, 786 F.2d 303, 310 (7th Cir. 1986)).  Moreover, even if Defendant is able to meet this heavy burden, the District Court still may, in the exercise of discretion, award liquidated damages.  See Reich v. S. New England Telecomms., 121 F.3d 58, 71 n.5 (2d Cir. 1996).

      In this case, the jury made a specific finding that Defendant "acted in bad faith, arbitrarily, or unreasonably."  Plaintiff argues that this finding precludes any "good faith" defense under the FLSA and thus renders it impossible for Defendant to defend against the imposition of liquidated damages.  According to Plaintiff, the Court is obliged follow the jury's finding of bad faith, arbitrary, or unreasonable behavior on the part of Defendant.  See Guzman v. Bevona, 90 F.3d 641, 647 (2d Cir. 1996) (holding that the District Court, when trying the equitable claim, erred in rejecting the jury's factual determinations essential to both the legal and equitable claims).

      Defendant argues that the cases cited by Plaintiff on this issue are inapposite because the determination of liquidated damages is a legal, rather than an equitable, issue, and argues that Guzman merely stands for the proposition that, where equitable and legal claims are tried together, factual determinations by the jury necessary to its verdict of the legal claims collaterally estop the Court from making contrary factual findings in deciding the equitable claims.  The only

case Defendant points to in support of its contention characterizes the damages provided for under Section 216(c) as "legal" relief, but does not specifically address the issue with respect to the Section 216(b) liquidated damages provision at issue here.  See Reich v. S. New England Telecomms., 121 F.3d 58, 70 (2d Cir. 1997).

Defendant also argues that any right Plaintiff may have had to have his FLSA claim for liquidated damages tried by a jury was waived when Plaintiff's counsel argued, following Defendant's counsel's question as to whether the factual issue on the verdict form under the state law claim would apply to the FLSA claim, that the FLSA issue would go to the Court. Defendant further contends that a decision on an issue "not necessary to the judgment" has no collateral estoppel effect, and thus the jury's finding on the state law issue has no collateral estoppel effect on the FLSA claim.  Defendant cites Jim Beam Brands Co. v. Beamish & Crawford, Ltd., which held that "[i]f an issue was not actually decided in a prior proceeding, or if its decision was not necessary to the judgment, its litigation in a subsequent proceeding is not barred by collateral estoppel," in support of its argument that collateral estoppel does not apply here.  937 F.2d 729, 734 (2d Cir. 1991).  Finally, Defendant maintains that it can meet the good faith defense provided to employers under 29 U.S.C. Section 260 and thus the Court may refuse to award liquidated damages.

Defendant's arguments against an award of liquidated damages are unpersuasive.  A review of the relevant case law reveals that a jury finding of bad faith or arbitrary or unreasonable behavior forecloses the affirmative defense and requires the imposition of liquidated damages in an amount equal to the jury's back pay award.  See, e.g., Elwell v. Univ. Hosp. Home Care Serv., 276 F.3d 832, 842 n.5 (6th Cir. 2002) (holding, on the issue of the

employer's good faith defense under 29 U.S.C. Section 216(b), that a jury verdict finding of "willfulness" precludes the Court from finding that the employer acted in good faith); <u>Tyler v. Union Oil Co.</u>, 304 F.3d 379, 401 (5th Cir. 2002) (holding that under 29 U.S.C. Section 216(b), "liquidated damages in an amount equal to the back pay award are mandatory upon a finding of willfulness"); <u>Herman v. Palo Group Foster Home, Inc.</u>, 183 F.3d 468, 474 (6th Cir. 1999) ("a finding of willfulness is dispositive of the liquidated-damages issue").  Although the cited cases refer to a jury finding of "willfulness," the same analysis and conclusion follow from a jury finding of "bad faith, arbitrary, or unreasonable behavior."  Plaintiff's motion for liquidated damages is granted and the Court will award Plaintiff $24,676.00 in liquidated damages—an amount equal to the amount of damages awarded by the jury.  Moreover, even if this Court were not required to follow the jury verdict, it is not clear that Defendant has met the "substantial burden" of proving that its failure to obey the statute was *both* in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon it more than a strictly compensatory verdict, especially in light of the statute's strong presumption in favor of doubling the damage award.  <u>See</u> <u>Elwell</u>, 276 F.3d at 840.

      B.     <u>Double Damages pursuant to Conn. Gen. Stat. § 31-72</u>

Similar to the award of liquidated damages under the FLSA, the Connecticut statute provides for a discretionary award of double damages to prevailing employees.  Specifically, Conn. Gen. Stat. Section 31-72 provides that "when any employer fails to pay an employee wages . . . such employee . . . may recover in a civil action, twice the full amount of such wages."  Although the statute does not require a finding of bad faith, arbitrariness, or unreasonableness, cases interpreting the statute have imposed such a requirement.  <u>See</u> <u>Butler v. Hartford Technical</u>

Inst., 243 Conn. 454, 470, 704 A.2d 222 (1997). The <u>Butler</u> Court emphasized that the Court need not make "specific finding of bad faith, arbitrariness or unreasonableness in order to award double damages." Rather, the Court said, "an award of double damages can be based on *evidence* of such conduct contained in the record." In the instant case, the jury made a specific finding of bad faith, arbitrariness, or unreasonableness, negating the need for the Court to examine the record for evidence of such conduct. An issue as to the award of double damages arises in this case because although the jury awarded $24,676 in damages for Defendant's violation of the FLSA, it awarded *no* damages for the violation of the Connecticut Statute. Plaintiff argues that the FLSA damages award also applies to his state law claim; Defendant, however, argues that the two laws are different and the $0 damage award under the Connecticut law applies to the Plaintiff's claim for double damages under Conn. Gen. Stat. Section 31-72. In this situation, the Court finds that as the jury awarded no damages for the Connecticut law violation, there can be no double damage award.

    C.    <u>Timeliness of Motions</u>

Plaintiff's motions were *served* on Defendant within 10 days after entry of the judgment, but were not filed with the Court until months later. Defendant correctly points out that Plaintiff's motion for liquidated and/or double damages should have been filed pursuant to Rule 59(e), and argues that Plaintiff's motion for liquidated damages should be denied because they were not filed within the time frame required by the rule. See FED. R. CIV. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.").

The Court's Supplemental Order, issued August 29, 2002 in the instant case, provides the procedures parties must follow when filing motions with this Court. The Order provides that

before filing a motion, moving counsel shall consult opposing counsel to attempt to reach agreement.  Absent agreement, moving counsel shall serve on all counsel the proposed motion and all moving papers.  The motion and moving papers should not be filed with the Court at that time.  Within twenty-one days of service, opposing counsel shall either serve on moving counsel a stipulation reflecting their acquiescence or a memorandum in opposition to the motion and any opposing papers.  Moving counsel shall then file the original memorandum in opposition, any opposing papers, the original motion and all moving papers on the Court.  Any reply memoranda may be filed directly with the court at that time.  Plaintiff's counsel followed the procedures set out by the Supplemental Order, serving the motions and moving papers on opposing counsel on June 3, 2004.  On May 10, 2005, following two extensions of time for Defendant and one extension of time for Plaintiff, the motions, memorandum in opposition, and reply brief were filed on the Court.  The Supplemental Order expressly excludes a number of motions, however, including motions filed under Rule 59(e).

Defendant argues that since the filing requirement of Rule 59(e) is mandatory and provides no exceptions, Plaintiff's mistake in filing the motions in accordance with the procedures set out in the Supplemental Order should not be excused.  According to Defendant, the clarity of Rule 59(e) and the express exceptions on the face of the Scheduling Order "virtually preclude[] a finding of excusable neglect" and therefore Plaintiff's motion should be denied as untimely.

In the instant case, Plaintiff's failure to comply with the Supplemental Order was not due to his failure to read the order, but to his belief that the motions were filed pursuant to 29 U.S.C. Section 216(b) and Conn. Gen. Stat. Section 31-72 and not directly pursuant to Rule 59(e).

7

Plaintiff asks that his reply brief be construed as a motion pursuant to Rule 60(b) to correct counsel's "mistake, inadvertence, . . . or excusable neglect." Although Defendant is correct that Rule 59(e) requires that motions to alter or amend the judgment be filed within ten days of judgment, this Court is reluctant to compromise the rights of a plaintiff due to his attorneys' mistake in failing to comply with the filing requirements of the Rule and the Supplemental Order. Moreover, the motions were served on the Defendants within the time required by the Rule, thus negating any claim to prejudice Defendants may otherwise have asserted. Given these considerations, the mistake is excused on this occasion.

   D. <u>Award of Attorneys' Fees and Costs pursuant to 29 U.S.C. § 216(b) and Conn. Gen. Stat. § 31-72</u>

  In addition to Plaintiff's motion for liquidated and/or double damages, Plaintiff also moves for attorneys' fees and costs pursuant to 29 U.S.C. Section 216(b) and Conn. Gen. Stat. Section 31-72. Defendant does not dispute the right of prevailing plaintiffs to recover costs and attorneys' fees under the above-cited provisions, however, Defendant argues that Plaintiff's request for fees and costs that is unreasonable, excessive and not properly supported by the affidavits.

  29 U.S.C. Section 216(b) provides that an employer who is found to have violated the FLSA shall be liable to the plaintiff for reasonable attorneys' fees and costs of the action. Similarly, Conn. Gen. Stat. Section 31-72 provides that an employer who fails to pay wages to or compensate employees in accordance with the statute shall be liable for costs and reasonable attorneys' fees, as decided by the court. The starting point in calculating a reasonable fee is the "lodestar" figure, calculated as the "number of hours reasonably expended on the litigation

multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The party seeking attorneys' fees must submit evidence supporting the claimed number of hours worked and the rates charged.  Id.; see also Kirsch v. Fleet Sheet, 148 F.3d 149, 173 ("Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done.").  The Court may reduce the award where documentation of hours is inadequate and should exclude hours that are "excessive, redundant, or otherwise unnecessary."  Hensley, 461 U.S. at 433-34 ("Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.") (emphasis in original).

> *1. Defendant argues that Plaintiff's assertions of a reasonable hourly rate are unsubstantiated and excessive*

Calculation of the lodestar requires the Court to determine the "prevailing market rates" for the types of services rendered.  Blum v. Stenson, 465 U.S. 886, 895 (1984).  Fee applicants have the burden of producing evidence sufficient to convince the court that the rates requested are consistent with rates prevailing in the community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. at 896.  A rate determined on the basis of the attorneys' affidavits and any additional evidence they produce pertaining to prevailing market rates will generally be deemed to reasonable.  Id.

Plaintiff requests an hourly rate of $250 per hour for attorney Marc P. Mercier, $185 per hour for attorney Derek V. Oatis in the original motion and $200 for Mr. Oatis is the supplemental motion, $300 per hour for attorney Kathleen Eldergill, $300 for attorney Bruce S. Beck and $83 per hour for a law clerk employed for Plaintiff's attorneys' firm, Beck & Eldergill,

P.C. The attorneys all submitted affidavits claiming that the rates requested are the prevailing market rates and constitute the rates that they each charge private clients. Attorney Mercier cites DiMartino v. Richens, 263 Conn. 639, 822 A.2d 205 (2003), in which he says he was awarded a $250 hourly rate. Plaintiff also claims that the rates requested are consistent with, and even less than, the market rate used in analogous fee awards made in similar cases. A review of the attorneys' affidavits convinces this Court that Plaintiff has met his burden of providing evidence that the rates requested by all attorneys in the original motion and by Attorney Mercier in the Supplemental Motion "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum, 465 U.S. at 896. The Court will, however, reduce Attorney Oatis' rate in the supplemental motion from $200 per hour to the $185 per hour rate requested in the original motion. The $185 rate is reasonable and Attorney Oatis presents no basis for raising the rate in the supplemental motion.

> *2. Defendant argues that Plaintiff's entries which lack detail and show excessive time spent should be deleted or discounted*

In Hensley, the Supreme Court instructed that in reviewing fee applications, the district court should exclude hours that were "excessive, redundant, or otherwise unnecessary." 461 U.S. at 434. Pursuant to this instruction, the Court hereby reduces Attorney Mercier's hours from a total (original and supplemental motions) of 557.4 to 346.4, Attorney Oatis' hours from a total of 64.4 to 54.675 and Attorney Eldergill's hours from 6.3 to 3.5.

> *3. Defendant argues that Plaintiff's attorneys' fee request should be reduced for Plaintiff's very limited success*

Discussing the award of attorneys' fees and costs to prevailing plaintiffs under 42 U.S.C.

§ 1988, the Supreme Court listed twelve factors relevant to the amount of fees to be awarded. See Hensley, 461 U.S. at 430 n.3.[1] The Court emphasized, however, that "the most critical factor is the degree of success obtained." Id. at 436.  In assessing situations where a plaintiff did not obtain all relief requested, the Court said that two questions should be addressed: (1) "did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded?" and (2) "did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" Id. at 434.  In the instant case, Defendant argues that the attorneys' fee should be reduced due to Plaintiff's "very limited success" (citing, as evidence of Plaintiff's limited success, the fact that Plaintiff sought damages of "just under $200,000" and was awarded only $24,676).

Notwithstanding the above-cited authority, the Second Circuit has made clear that attorneys' fee awards should not be tied to the amount of damages a plaintiff recovered.  In Cowan v. Prudential Ins. Co., the Court said that "nothing in the statute or its legislative history requires, or even suggests, that attorneys' fees should be proportional to damage awards," emphasizing that the statute imposes only two conditions on the award of attorneys' fees: "that a plaintiff be a 'prevailing party' and that the award be 'reasonable.'" 935 F.2d 522, 526 (2d Cir. 1991).  Citing the Congressional purpose of ensuring effective access to the judicial process in allowing prevailing parties to recover attorneys' fees, the Court reaffirmed its holding in DiFilippo v. Morizio, 759 F.2d 231 (2d Cir. 1985), that "[a] presumptively correct 'lodestar'

---

[1] The twelve factors listed by the Hensley Court are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."

11

figure should not be reduced simply because a plaintiff recovered a low damage award." Id.; see also Quaratino v. Tiffany & Co., 166 F.3d 422, 426 (2d Cir. 1999) (rejecting fee reduction based on the amount of a plaintiff's recovery at trial due in part to the fact that "Congress enacted fee-shifting in civil rights litigation precisely because the expected monetary recovery in many cases was too small to attract effective legal representation."). In this case, considering the Second Circuit's reasoning on the issue and the fact that Plaintiff prevailed on both counts and received a substantial recovery, there is no need to further reduce the attorneys' fee award.

*4. Calculation of Plaintiff's Attorneys' Fee and Cost Award*

After adjusting the amount requested by subtracting attorneys' hours and reducing Attorney Oatis' fee as stated above, the Court hereby awards Plaintiff $98,244.88 in attorneys' fees. The Court has reviewed Plaintiff's request for costs and finds that the $6,890.82 requested is reasonable, however, Plaintiff's request for costs is premature. See D. Conn. L. Civ. R. 54(a).[2]

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for liquidated damages and/or double damages [Doc. No. 128] is **granted** and Plaintiff is hereby awarded liquidated damages of $24,676, an amount equal to the amount of compensatory damages awarded by the jury. Plaintiff's motions for attorneys' fees and costs [Doc. Nos. 125 and 127] are **granted in part**. Plaintiff is hereby awarded $98,244.88 in attorneys' fees. The Clerk shall enter judgment in the amount of $122,920.88. Plaintiff shall address its request to recover costs with the Clerk. The

---

[2] Rule 54 of the District of Connecticut Local Rules of Civil Procedure provides in relevant part: "(a)(1) Any party who seeks costs in the District Court shall, within ten (10) days after the District Court judgment becomes final due to the expiration of the appeal period, as defined by Fed. R. App. P. Rule 4, or within ten (10) days after the issuance of a mandate by a federal appellate Court, file with the Clerk and serve on all other parties a verified bill of costs pursuant to 28 U.S.C. §§ 1821, 1920, 1923, and 1924, setting forth each item of costs that is claimed."

Clerk shall close the file.

       SO ORDERED

Dated at New Haven, Connecticut, October 26, 2005.

_____/s/_____<br>
Peter C. Dorsey<br>
United States District Judge