**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ARTHUR ESTANISLAU, | : | CIVIL ACTION NO. |
| | : | 3:02-CV-1515 (PCD) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MANCHESTER DEVELOPERS, LLC, | : | |
| | : | |
| Defendant. | : | NOVEMBER 16, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFFENDANT'S MOTION FOR
RECONSIDERATION AND ARTICULATION OF THE COURT'S RULING DATED
NOVEMBER 1, 2005 AND FOR AMENDMENT AND CORRECTION OF THE
<u>SUPPLEMENTAL JUDGMENT ENTERED ON NOVEMBER 3, 2005</u>**

Defendant, Manchester Developers, by and through its undersigned counsel, submits this memorandum of law in support of its motion for reconsideration and articulation of the Court's ruling dated November 1, 2005 ("Ruling") on Plaintiff's motion for liquidated damages and attorneys' fees and for amendment and correction of the supplemental judgment entered on November 3, 2005 ("Supplemental Judgment").

I.  <u>BACKGROUND</u>

In this action, Plaintiff sought damages of just under $200,000.  On May 21, 2004, a jury awarded the plaintiff $24,676.00 in damages under the Fair Labor Standards Act and $0 in damages under the Connecticut payment of wages law.  Judgment was entered that same day. On May 10, 2005, Plaintiff filed his motion for liquidated damages and/or double damages and

motion for attorneys' fees and costs.  On November 1, 2005, the Court entered its Ruling granting the plaintiff's motion for liquidated damages in the amount of $24,676.00 and granting, in part, Plaintiff's motion for attorneys' fees in the amount of $98,244.88.  Defendant now moves this Court to reconsider its Ruling and amend the Supplemental Judgment because Plaintiff's failure to file his motion for liquidated damages under Rule 59(e) within ten days of the entry of judgment deprived the Court of jurisdiction over the motion; further, the Court was required to reduce Plaintiff's claimed attorney's fees because the claim on which he prevailed was distinct in law and fact from that on which he did not prevail.  Defendant further requests articulation of the ruling and clarification of the supplemental judgment as noted below.

II.    ARGUMENT

    A.    This Court Did Not Have Jurisdiction to Decide the Plaintiff's Motion for Liquidated Damages.

As acknowledged by this Court, Plaintiff sought liquidated damages pursuant to Federal Rule of Civil Procedure 59(e) (Ruling, p. 2) and the motion was not timely filed pursuant to that rule (*id*. at pp. 7-8).  Nevertheless, the Court granted the motion, presumably invoking Rule 60(b) "so as not to compromise the rights of a plaintiff due to his attorney's mistake . . . ." (*Id*. at p. 8).

The United States Court of Appeals for the Second Circuit has held that the court lacks jurisdiction to hear a Rule 59(e) motion if the motion is not timely filed.  *Lichtenberg v. Besicorp Group, Inc.*, 204 F.3d 397 (2d Cir. 2000).

- 2 -

In *Lichtenberg*, 204 F.3d at 401, the Second Circuit held:

> To be timely under Civil Rule 59(e), a motion must be filed within 10 days after entry of judgment, computed in accordance with Fed.R.Civ.P. 6(a) …This time limitation is **uncompromisable**, for Civil Rule 6(b) provides, in pertinent part, that the district court may not extend the time for taking any action under Rules … 59(b), (d) and (e).  (Emphasis added; internal citations omitted).

In *Wight v. BankAmerica Corp*, 219 F.3d 79, 84 (2d. Cir. 2000), the Second Circuit cited to *Lichtenberg*, and Rule 59(e), stating again that a Rule 59 motion must be filed within ten business days of the entry of  judgment to be timely and that the ten day time limitation is uncompromisable.  *Id.* (*citing*, *Lichtenberg, supra*).  The Court found that if it was to deem the filing date as May 4, 1999 when the Rule 59 motion was docketed and stamped "filed" by the Clerk's Office, then it would not have appellate jurisdiction because that date was more than ten business days from the April 12, 1999 entry of judgment in the case. [1]

In *McCarthy v. Manson*, 554 F.Supp. 1275, 1285, n. 9 (D.C.Conn. 1982), Judge Cabranes held that the ten-day limit is jurisdictional and "[i]t may not be altered, waived, or amended by the court."[2]

Because Rule 59(e) "imposes a strict ten day limit" a plaintiff "should not be able to circumvent the time requirement of Rule 59 by relying on Rule 60," *PRC Harris, Inc. v. Boeing*

---

[1] The Second Circuit determined that it did have appellate jurisdiction over the matter only because the Rule 59 motion should have been properly deemed filed on April 21, 1999, the date the appellants first attempted to file it with the Clerk's Office.

[2] At the time this Court issued its decision in *McCarthy, supra,* Rule 59(e) only required service within the ten day period.  The Rule was subsequently amended to require *filing* within that period.

*Co.*, 700 F.2d 894, 898 (2d Cir. 1983).  *See also In re United States Lines, Inc.,* 1999 WL

225533, *3 (S.D.N.Y. 1999) (Mukasey, D.J.) (copy attached) (Rule 60 may not be "used to

circumvent the time requirement of Rule 59(e)").

Moreover, as stated by the Second Circuit in *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir.

1986):

> But we have consistently declined to relieve a client under subsection (1) of the
> "burdens of a final judgment entered against him due to the mistake or omission
> of his attorney by reason of the latter's ignorance of the law or other rules of the
> court, or his inability to efficiently manage his caseload."  *United States v.
> Cirami,* 535 F.2d 736, 739 (2d Cir. 1976); *United States v. Erdoss*, 440 F.2d 1221
> (2d Cir)., *cert. denied sub nom.  Horvath v. United States,* 404 U.S. 849, 92 S.Ct.
> 83, 30 L.Ed.2d 88 (1971); *Schwartz v. United States*, 384 F.2d 833 (2d Cir. 1967).
> This is because a person who selects counsel cannot thereafter avoid the
> consequences of the agent's acts or omissions.  *Link v. Wabash Railroad Co.,* 370
> U.S. 626, 633-34, 82 S.Ct. 1836, 1390 8 L.Ed.2d 734 (1962).

Plaintiff's circumstances in this case (loss of less than $25,000 in liquidated damages) are

not even comparable to what was involved in *Nemaizer* (loss of right to attempt to recover

employee benefit trust fund contributions under ERISA) and which the Second Circuit found

insufficient to satisfy the "extraordinary" grounds required to justify relief under Rule 60.  Thus,

in *Nemaizer*, the Second Circuit reversed the district court's grant of Rule 60 relief dictating a

similar result in this case.  *See id* (and cases cited therein).

For these reasons, the Court should reconsider its ruling granting Plaintiff's untimely Rule

59 motion for liquidated damages and amend its supplemental judgment accordingly.  In the

event that the Court does not amend the supplemental judgment as to liquidated damages, it

should be corrected to show that the amount is awarded to the plaintiff not to "plaintiff's counsel" as currently stated.

      B.    **This Court Must Consider Lack of Success On Legally And Factually Distinct Claims When Determining An Attorney's Fee Award.**

In refusing to consider Plaintiff's limited success in making its attorney's fee award, the Ruling relies upon *Cowan v. Prudential Ins. Co.,* 935 F.2d 522 (2d. Cir. 1991), *DiFilippo v. Morizio,* 759 F.2d 231 (2d Cir. 1985), and *Quaratino v. Tiffany & Co.,* 166 F.3d 422 (2d. Cir. 1999). In each of those cases, however, the plaintiff had either prevailed on all claims (*Cowan* and *DiFilippo*) or the successful and unsuccessful claims were interrelated (*Quaratino*). The issue was not, as here, whether a plaintiff may be awarded attorney's fees for unsuccessful claims that differ in law and fact from his or her successful claims but only whether reduction should be made for limited success or a small damage award. The latter is within the trial court's discretion, but the former is not.

In *Texas State Teachers Assoc. v. Garland Independent School District*, 489 U.S. 782, 790 (1989) (*citing Hensley v. Eckerhart*, 461 U.S. 424 (1983)), the United States Supreme Court held that:

> [w]here the plaintiff's claims are based on different facts and legal theories, and the plaintiff has prevailed on only some of those claims,…the congressional intent to limit fee awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim. (Internal quotations omitted).

The Second Circuit had recognized this principal prior to the Supreme Court's decision in *Garland* and, unlike degree of success as related to intertwined claims, reduction for which is within the discretion of the trial court, the Second Circuit has mandated reduction for attorneys fees expended on severable unsuccessful claims.

In *McCann v. Coughlin*, 698 F.2d 112, 129-30 (2d Cir. 1983), for example, the Second Circuit held that:

> A prevailing party who is entitled to a fee award for his successful prosecution of successful claims is not entitled to a fee award for unsuccessful claims that were "based on different facts and different legal theories", *Hensley v. Eckerhart*, 461 U.S. at 434, 103 S.Ct. 1933.

The rule has been consistently applied in this Circuit ever since. *See, e.g., Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) ("a prevailing party who is entitled to a fee award for his successful prosecution of successful claims is not entitled to a fee award for unsuccessful claims, that were based on different facts and different legal theories."); *Quaratino*, 166 F.3d at 425 (in considering attorney's fee award, trial court should exclude "hours dedicated to severable unsuccessful claims")

In this case, Plaintiff made two separate and legally distinct claims. As set forth in Defendant's memorandum in opposition to Plaintiff's motion for attorney's fee, pp.2 - 3, one was for allegedly unreported and unpaid time; the second was for a claimed improper credit against wages due for housing that was provided him. The fact that the jury awarded $0 under the state law claim can only be explained by the difference between the FLSA's and the state

law's treatment of the housing credit; this dictates that the jury's award was for the housing credit claim only (*see id.* at p. 18). By not even considering that fact, the Ruling fails to comply with the dictates of *Garland, supra; McCann, supra; and Kirsch, supra.*. Accordingly, Defendant respectfully requests the court to reconsider its award of attorney's fees and reduce the attorney's fee award by subtracting the hours spent on Plaintiff's unsuccessful claim.

<u>CONCLUSION</u>

For all the foregoing reasons, Defendant's motion should be granted in its entirety.

Done at Bridgeport, Connecticut this *16th* day of November, 2005.

Loraine M. Cortese-Costa
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT 06604
Telephone (203)366-3438
Facsimile (203) 384-0317
Federal Bar No. ct03984

ATTORNEYS FOR DEFENDANT

P:\general\jph\586800\003\00049947.DOC

## **CERTIFICATION**

This is to certify that I have caused to be served the foregoing via U.S. Mail, certified

mail, return receipt requested, this 16th day of November, 2005 to all counsel and pro se parties

as follows:

Marc Mercier, Esq.
Beck & Eldergill, P.C.
447 Center Street
Manchester, CT  06040

Loraine M. Cortese-Costa

P:\general\jph\586800\003\00049947.DOC

# UNREPORTED CASES

Not Reported in F.Supp.2d, 1999 WL 225533 (S.D.N.Y.)

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.
In re: UNITED STATES LINES, INC. UNITED STATES LINES (S.A.) INC., Debtors.
No. 97 CIV. 6727(MBM).
April 19, 1999.

Alan Kellman, Esq., Maritime Asbestosis Legal Clinic, A Division of the Jaques Admiralty Law Firm, Detroit, MI, for Appellants.
Morris Stern, Esq., Maurice Hryshko, Esq., Stern, Dubrow & Marcus, Maplewood, NJ, for Debtors.

OPINION AND ORDER

MUKASEY, D.J.

**\*1** Appellants in this bankruptcy appeal are approximately 15,000 merchant seamen who claim to have been exposed to asbestos while working aboard ships operated by debtors, United States Lines, Inc., and United States Lines (S.A.), Inc. (together, "USL"). In a prior opinion, familiarity with which is assumed/ I affirmed a decision of the United States Bankruptcy Court for the Southern District of New York (Gonzalez, B.J.) lifting a stay on litigation of appellants' claims for personal injury and wrongful death and directing appellants to litigate those claims by way of civil actions in this District. See In re United States Lines, Inc. ("USL "), No. 97 CIV. 6727(MBM), 1998 WL 382023 (S.D.N.Y. July 9, 1998) (the "July 1998 Opinion and Order"). In addition, the July 1998 Opinion and Order directed that any civil actions filed by Appellants would be subject to immediate transfer to the Eastern District of Pennsylvania for pretrial management, as part of the multi-district asbestos litigation pending there before District Judge Charles R. Weiner (the "Asbestos MDL"). See id. at \*7; see also In re Asbestos Prods. Liab. Litig. (No. VI), 771 F.Supp. 415, 418 (J.P.M.L.1991).

Appellants now move, in their words, "for leave to file a master motion before the Honorable Charles R. Weiner, ... said motion to add the U.S. Lines Trust as a party-defendant in each of the cases already pending against other defendants in the [Asbestos MDL] ." In essence, appellants seek to avoid the cost--in time and money--associated with filing some 15,000 separate actions in this District by filing a single motion in the Eastern District of Pennsylvania to join USL as a party-defendant in appellants' other cases pending there. In addition, appellants move for an order granting those claimants "who do not have civil actions pending in federal court" leave to file actions in the U.S. District Court for the Northern District of Ohio. For the reasons stated below, appellants' motion is denied.

I.

The facts underlying this case are set out fully in my previous opinion, see USL, 1998 WL 382023, at \*1-2, and will be restated only where relevant. In 1986, USL filed a petition in this District for reorganization under Chapter 11 of the Bankruptcy Code (the "Code"). See id. at \*1. Following confirmation of USL's first reorganization plan in 1990, a court-approved Reorganization Trust (the "Trust") succeeded to USL's interests. See id.

Beginning in 1987 and continuing until at least last year, appellants filed proofs of claim against USL and the Trust alleging personal injuries or wrongful death due to asbestos exposure. See id. Pursuant to 11 U.S.C. § 362, litigation of these claims was automatically stayed. See USL, 1998 WL 382023, at \*1. In 1990, the Bankruptcy Court ordered that this stay would remain in effect while the Trust evaluated appellants' claims and acquired supporting documentation from the Marine Asbestosis Legal Clinic ("MALC"), appellants' counsel. See id.

**\*2** In 1996, after several years of settlement negotiations and futile efforts to obtain settlement documentation from MALC, the Trust moved for expungement of appellants' claims or, alternatively, for an order lifting the automatic stay so that the claims could be litigated. See id. at \*2. In an order issued in June 1997 (the "June 1997 Order"), the Bankruptcy Court denied the Trust's motion for expungement, but, blaming MALC's "settlement strategy" for the failure to settle appellants' claims, granted the Trust's motion to lift the stay. Id. In addition, the Bankruptcy Court ordered that each case arising out of appellants' claims be filed in this District, and "commend[ed]" to the courts in this District that any such complaints be transferred to the Asbestos MDL for pretrial management. Id. (quoting the June 1997 Order).

On appeal, I affirmed the Bankruptcy Court's order in all significant respects. Most important for present purposes, in the final section of the opinion, I stated in relevant part:

In a footnote on the last page of their reply brief, appellants contend that being made to file 15,000 or so complaints in this District would be a "cumbersome, onerous" task for MALC's filing department and would produce a mountain of documents [that] could take upwards of six months to file, thereby opening the door to a motion for expungement due to untimely filing. (App. Reply Mem. at 13 n. 5) As an alternative, they suggest[ ] that the "same result" could be obtained by filing a "master motion" in the Asbestos MDL, requesting that the Trust be added as a defendant in the existing cases pending there. (*Id.*)

I am unwilling to decide whether a "master motion" can be an appropriate substitute for properly filed complaints. First, the parties have not fully addressed this issue, an unsurprising fact given that it was raised for the first time in appellants' reply brief.... Further, appellants' principal fear-- that delay in filing will cause the Trust to make a motion for expungement--has not yet come to pass. Unless and until it does, I decline to venture an opinion on this issue.

*Id.* at *7.

On July 17, 1998, appellants filed a notice of appeal from my July 1998 Opinion and Order. (*See* Paulyson Cert. Ex. B) On September 2, 1998, appellants moved for voluntary dismissal of their appeal, stating that they had "decided to dismiss their appeal in favor of pursuing other relief in the District Court." (*Id.* Ex. C) Thereafter--before the Second Circuit, on October 7, 1998, issued a mandate dismissing the appeal (*id.* Ex. E)--this motion followed.

II.

As noted, appellants seek leave to file a "master motion" to add USL as a party-defendant in each of the cases already pending against other defendants in the Asbestos MDL, as well as an order granting those claimants "who do not have civil actions pending in federal court" leave to file actions in the Northern District of Ohio. Citing 11 U.S.C. § 105(a) as the basis for this court's authority to grant the requested relief, [FN1] appellants argue that these "narrow modification[s]" of my July 1998 Opinion and Order would save all parties significant time and money. USL opposes appellants' motion on both substantive and procedural grounds, depicting it as part of a deliberate strategy on MALC's part to strong-arm USL into settling meritless claims.

*3 Appellants fail to cite any provision of the Federal Rules of Civil Procedure as a basis for their motion. Although they do not explicitly state as much, their motion is, in essence, one for modification of my July 1998 Opinion and Order. (*See* Pl. Mem. at 2 ("What the Claimants *still object to, and seek relief from, is the aspect of the Court's prior ruling* which requires them to 'go to the MDL' in the most costly, cumbersome and exhausting fashion." (original emphasis removed and emphasis added)); *id.* at 6 (arguing that the court has authority "to make the narrow modification requested") Such a motion can be raised pursuant to either Rule 59(e), which governs "[a]ny motion to alter or amend a judgment," or Rule 60(b), which governs motions for relief, on the basis of certain grounds, "from a final judgment, order, or proceeding." Where, as here, however, a motion for modification is not raised within 10 days of the judgment at issue, Rule 59(e) is inapplicable, and the motion is properly treated as one pursuant to Rule 60(b). *See, e.g., Association for Retarded Citizens of Conn., Inc. v. Thorne,* 68 F.3d 547, 553 (2d Cir.1995) ( "Motions served within 10 days of judgment ordinarily will fall under Rule 59(e), while motions served later fall under Rule 60(b)." (internal quotation marks and citation omitted)); *accord Phillips v. Corbin,* 132 F.3d 867, 868- 69 (2d Cir.1998) (per curiam). Accordingly, I will treat appellants' motion as one made under Rule 60(b).

Rule 60(b) sets forth the grounds on which a court, in its discretion, may rescind or amend a final judgment or order. It provides, in relevant part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ...; or (6) any other reason justifying relief from the operation of the judgment.

Such a motion must be raised "within a reasonable time" and, if it is brought under any one of the first three enumerated grounds, it must in any event be raised within one year after entry of the judgment at issue.

Properly applied, Rule 60(b) "strikes a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir.1986). That is, Rule 60(b) should be "broadly construed to do 'substantial justice,' yet final judgments should not 'be lightly reopened.' " *Id.* (citations omitted). The Rule may not be used as a substitute for a timely appeal. *See id.* Nor may it be used to circumvent the time requirement of Rule 59(e). *See PRC Harris, Inc. v. Boeing Co.,* 700 F.2d 894,

898 (2d Cir.1983). Because the Rule allows "extraordinary judicial relief," it may be invoked "only upon a showing of exceptional circumstances." *Nemaizer, 793 F.2d at 61; accord Paddington Partners v. Bouchard,* 34 F.3d 1132, 1142 (2d Cir.1994); *Mendell v. Gollust,* 909 F.2d 724, 731 (2d Cir.1990), *aff'd,* 501 U.S. 115 (1991).

**\*4** Rule 60(b) does not provide any basis for relief from the July 1998 Opinion and Order. First, counsel's failure to raise the "master motion" issue prior to its reply memorandum in its initial appeal, and its failure to seek modification of the July 1998 Opinion and Order within 10 days pursuant to Rule 59(e), do not constitute the sort of "mistake, inadvertence, surprise, or excusable neglect" that justifies relief under Rule 60(b)(1). Appellants' counsel, MALC, was well aware, at the time of the initial appeal, that affirmance of the Bankruptcy Court's order would require appellants to file any civil actions against USL in this District, and that those actions would then be transferred to the Asbestos MDL solely for pretrial management. Further, to the extent that appellants could otherwise have brought a "master motion" to join USL as a party-defendant in the cases pending in the Asbestos MDL, MALC was aware of this fact at the time of the initial appeal; indeed, MALC itself is counsel to the vast majority of appellants who have cases pending in that proceeding. (*See* Gerhardt Aff. ¶¶ 1-5) Appellants may now want to second-guess counsel's earlier litigation strategy, but it is well established that "[m]ere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds ... to justify [relief under] Rule 60(b)(1)." *Nemaizer, 793 F.2d at 62.* Indeed, "an attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment ." *Id.*

The only other clause of Rule 60(b) even arguably applicable to appellants' case is the "catch-all" clause (6). The Second Circuit has referred to Rule 60(b)(6) as " 'a grand reservoir of equitable power to do justice in a particular case.' " *Transaero, Inc. v. La Fuerza Area Boliviana,* 24 F.3d 457, 461 (2d Cir.1994) (quoting 7 Moore's Federal Practice ¶ 60.27[2], at 295 (2d ed.1993)). At the same time, courts have resisted the provision's potentially broad scope by holding that relief should be granted only where the moving party has demonstrated "extraordinary circumstances" or "extreme hardship" and only where the more specific provisions of Rule 60(b) do not apply. *PRC Harris,* 700 F.2d at 897-98; *see Nemaizer, 793 F.2d at 63* ("[Rule 60(b)(6) ] is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." (citations omitted)).

In the present case, no "extraordinary circumstances" exist that would justify relief under Rule 60(b) generally, let alone under Rule 60(b)(6) specifically. In fact, the circumstances of this case have not changed materially since I first affirmed the Bankruptcy Court's June 1997 Order, at which time I declined to consider appellants' "master motion" argument on the ground, *inter alia,* that it was not timely raised. If appellants' argument did not warrant consideration then, it surely does not now, when such consideration would entail interfering with a final judgment. *See Nemaizer,* 793 F.2d at 61 (cautioning that "final judgments should not 'be lightly reopened' " (quoting *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir.1981)). [FN2]

**\*5** As noted, appellants contend that 11 U.S.C. § 105(a) gives this court authority to grant the relief they request. Appellants cite no authority for this proposition, and I have found none. Nothing in that provision, which merely codified the traditionally broad equity power of bankruptcy courts to manage the affairs of debtors, *see In re Croton River Club, Inc.,* 52 F.3d 41, 45 (2d Cir.1995), appears to preempt or otherwise affect the normal operation of Rule 60(b).

In sum, appellants are procedurally barred from raising the present motion. Because I agree with USL in this respect, I need not consider its substantive arguments in favor of denying appellants' motion.

* * *

For the foregoing reasons, appellants' motion is denied.

SO ORDERED:

FN1. That provision reads:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).


FN2. If anything, the circumstances of this case justify strict adherence to principle that final judgments are final. As the Bankruptcy Court documented in providing the basis for its June 1997 Order, MALC deliberately pursued a strategy of delay at earlier stages of this case, "apparently premised on the theory that the sheer volume of claims would force a settlement without the necessity of producing the additional documentation [as ordered by the Court]." USL, 1998 WL 382023, at *2 (quoting Item 8 of the Appellate Record at 10-11). This past pattern of conduct lends credence to USL's fear that the present motion is merely another ploy on MALC's part to force settlement.


S.D.N.Y.,1999.
In re U.S. Lines, Inc.
Not Reported in F.Supp.2d, 1999 WL 225533 (S.D.N.Y.)

### Motions, Pleadings and Filings (Back to top)

- 1:97cv06727 (Docket) (Sep. 10, 1997)
END OF DOCUMENT

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.