UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARTHUR ESTANISLAU, JR. | : | CIVIL ACTION NO: 3:02CV1515(PCD) |
|     Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| MANCHESTER DEVELOPERS, LLC | : | |
|     Defendant | : | DECEMBER 7, 2005 |
| | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION AND ARTICULATION OF THE COURT'S RULING DATED NOVEMBER 1, 2005 AND FOR AMENDMENT AND CORRECTION OF THE SUPPLEMENTAL JUDGMENT ENTERED ON NOVEMBER 3, 2005**

**I.  Defendant is Not Entitled to Reconsideration of the Award of Liquidated Damages.**

The standard for granting a motion for reconsideration is stringent. A court will deny such a motion unless "the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "Generally, the three grounds justifying reconsideration are 1) an intervening change of controlling law; 2) the availability of new evidence; or 3) the need to correct a clear error or prevent manifest injustice." Rand-Whitney Containerboard Ltd. Partnership v. Town of Montville, 2005 WL 2416094, *1 (D.Conn. 2005)(copy attached hereto as Exhibit A), citing Virgin Atl. Airways Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d. Cir.

1

1992).

A motion to reconsider "should not be granted where the moving party seeks solely to relitigate an issue already decided." Schrader v. CSX Transp., Inc., 70 F.3d at 257. "A motion for reconsideration cannot be employed as a vehicle for asserting new arguments or for introducing new evidence that could have been adduced during the pendency" of the underlying motions. LoSacco v. Middletown, 822 F.Supp. 870, 877 (D.Conn. 1993). "The scope of review on motions for reconsideration is limited to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging gaps of a lost motion with additional matters." Id.

Here, Defendant has failed entirely to meet this standard. There has been no change in controlling law. The Second Circuit has not issued a blanket prohibition against this Court's consideration, under Rule 60(b), of Plaintiff's motion for liquidated and/or double damages. To the contrary, in Association for Retarded Citizens of Conn., Inc. v. Thorne, 68 F.3d 547, 553 (2d Cir. 1995), the court held that "[m]otions served within 10 days of judgment ordinarily fall under Rule 59(e), while motions served later fall under Rule 60(b)." See also Phillips v. Corbin, 132 F.3d 867, 868-69 (2d. Cir. 1998)(per curium) (untimely motion for reconsideration under Rule 59(e) properly considered under Rule 60(b)); United States v. Clark, 984 F.2d 31, 33 (2d. Cir. 1994)(post-trial motions filed after the ten-day period specified in Rule 59(e) may properly be considered as motions for relief

2

pursuant to Rule 60(b)).

In fact, Rule 60(b) has been specifically used to remedy inadvertencies in FLSA judgments so as to permit an award of liquidated damages. In <u>Lavin-Mceleney v. Marist College</u>, 1999 WL 33500070 (S.D.N.Y. 1999)(copy attached hereto as Exhibit B), the plaintiff's attorney erroneously submitted a proposed judgment that failed to include liquidated damages and moved "a few weeks" later to have them granted pursuant to 29 U.S.C. Section 216(b). Recognizing the error as inadvertence and concluding that the defendant suffered no harm, the court granted a request to amend the judgment to include liquidated damages.

Defendant's own citations recognize the availability of Rule 60(b) relief. In the case of <u>In re: United States Lines, Inc.</u>, 1999 WL 225533, *3 (S.D.N.Y. 1999), the court noted that:

> [w]here, as here, however, a motion for modification is not raised within 10 days of the judgment at issue, Rule 59(e) is inapplicable, and the motion is properly treated as one pursuant to Rule 60(b). See, e.g., <u>Association for Retarded Citizens of Conn., Inc., Inc. v. Thorne</u>, 68 F.3d 547, 553 (2d Cir. 1995)("Motions served within 10 days of judgment ordinarily will fall under Rule 59(e), while motions served later fall under Rule 60(b)."(internal quotation marks and citation omitted)); accord <u>Philips v. Corbin</u>, 132 F.3d 867, 868-69 (2d. Cir. 1998)(per curium). Accordingly, I will treat appellants' motion as one made under Rule 60(b).

Although the court in <u>In re: United States Lines, Inc.</u> ultimately rejected the motion, it did so for reasons which have no bearing upon Plaintiff's case. Relief was denied because

the appellants deliberately ignored the order of the bankruptcy court lifting a stay to permit the filing of individual asbestos and other related tort claims within the Southern District of New York subject to immediate transfer to the Eastern District of Pennsylvania for pretrial management as part of multi-district asbestos litigation. Rather than comply with that order, appellants sought to avoid the obvious costs associated with the filing of each individual claim by belatedly seeking approval of a "master motion" adding the defendant to already pending claims. Plaintiff engaged in no such gamesmanship.

Again in <u>McCarthy v. Manson</u>, 554 F.Supp. 1275, 1285, n. 9 (D.Conn. 1982), Judge Cabranes found "that the motion in question [, an untimely Rule 59 motion,] could conceivably be deemed made under Rule 60(b) rather than Rule 59(e)."

The cases central to Defendant's reargument involve the ability of a party to extend the time for filing an appeal by way of a Rule 59 motion and attendant appellate jurisdiction. In both <u>Lichtenberg v. Besicorp Group, Inc.</u>, 204 F.3d 397 (2d Cir. 2000) and <u>Wight v. BankAmerica Corp.</u>, 219 F.3d 79 (2d Cir. 2000), untimely Rule 59 motions were found to have no impact upon the time for filing an appeal under Federal Rule of Appellate Procedure 4. The facts of Plaintiff's case are wholly dissimilar.

<u>Nemaizer v. Baker</u>, 793 F.2d 58 (2d Cir. 1986) is also legally and factually inapposite. In that case, the Second Circuit declined to permit a union's general manager to file suit under ERISA where it had, by agreement, previously entered into a dismissal

with prejudice. In refusing the union's request for relief from the dismissal under Rule 60(b), the court applied well established principles of *res judicata* attendant to final judgments. Further, the court concluded that "[w]hen the parties submit to an agreed-upon disposition instead of seeking a resolution on the merits ... the burden to obtain Rule 60(b) relief is heavier than if one party proceeded to trial, lost, and failed to appeal." Id. at 63. Thus, the union's misunderstanding of the otherwise clear effect of its own agreement did not constitute the type of "mistake, inadvertence, surprise or excusable neglect" contemplated by Rule 60(b). Plaintiff's circumstances could not be more different.

The fundamental considerations raised in Defendant's cases - the inappropriate avoidance of rules governing the time to file appeals and attempts to evade the consequences of intentional litigation strategies – have nothing to do with Plaintiff's compliance with a supplemental order designating separate methods for "filing", directly or cumulatively, certain types of motions. This Court has discretion to "depart from the letter of [a] local rule [or supplemental order]".... if adherence to the rule would "cause an unjust result." Somlyo v. J. Lu-Rob Enters, 932 F.2d 1043, 1048-49 (2d Cir. 1991). Plaintiff's inadvertence in choosing one of two available filing methods has and should be remedied pursuant to Rule 60(b).

Defendant has also failed to present any new evidence. Nothing in Defendant's brief provides facts not know to the court when it initially granted to Plaintiff liquidated damages.

5

Third, Defendant can demonstrate no manifest injustice resulting from the court's consideration of Plaintiff's motion for liquidated damages. To the contrary, considerations of justice favor Plaintiff. Plaintiff's belief that his request for liquidated and/or double damages was, like his motion for attorneys' fees and costs, filed directly pursuant to statute and not under Rule 59 is forgiveable under Rule 60(b). The difference between motions which involve collateral issues and inquiries separate from the decision on the merits and those which implicate the merits of judgment is not entirely clear. In <u>Lorenzen v. Employees Retirement Plan of the Sperry Hutchinson Co., Inc.</u>, 896 F.2d 228, 233-34 (7th Cir. 1990), the court affirmed the excusal of the defendant retirement plan's late filing of an appeal by noting the difficulty counsel may have in distinguishing between "substantive" motions governed by Rule 59 and those, such as motions for attorneys fees and costs, which require an inquiry separate from the merits. In forgiving the error, proportionality of the sanction was paramount in the court's mind. "If the mistake is slight, nonprejudicial, easily understandable, could happen to the best of us, etc., then dismissal of the appeal, with prejudice, may be an excessive sanction." <u>Id.</u> at 232. Here too a refusal to award liquidated damages would be excessive.

Finally, in its underlying opposition to Plaintiff's motion for liquidated and/or double damages, Defendant advanced no claims with respect to the interrelationship of Rule 59 and Rule 60(b). Defendant cannot now, by way of a motion to reargue, fill in that hole by

6

asserting new arguments.

**II.     Defendant is Not Entitled to Reconsideration of the Award of Attorneys' Fees**

Reconsideration is improper because Defendant cannot demonstrate any intervening change in controlling law with respect to the award of attorneys' fees. <u>Texas State Teachers Assoc. v. Garland Independent School District</u>, 489 U.S. 782 (1989) merely reaffirms the principles laid out in <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983).  Likewise, neither <u>McCann v. Coughlin</u>, 698 F.2d 112 (2d Cir. 1983) nor <u>Kirsch v. Fleet Street, Ltd.</u>, 148 F.3d 149 (2d Cir. 1998) depart from <u>Hensley</u>.  In <u>McCann</u>, the court affirmed an award of attorneys' fees despite an award of $1 in nominal damages and merely remanded the claim for consideration of the appropriate rate and hours.  In <u>Kirsch</u>, an award of attorneys' fees was reduced to eliminate hours spent on an unsuccessful state law claim because "the key issue for [that] claim was whether Kirsch was an employee or an independent contractor in that pre-1990 period which was not an issue with respect to his [successful] ADEA claim."  <u>Kirsch v. Fleet Street, Ltd.</u>, 148 F.3d 149, 173 (2d Cir. 1998).

Defendant's assertion that Plaintiff's claims relating to the proper treatment of the housing provided to him by Defendant are entirely distinct from his claim for unpaid overtime is specious.  Plaintiff's housing is an issue of damages, i.e., the proper calculation of the base hourly rate, and is inextricably linked to and arises out of the FLSA and state law claims on which Plaintiff prevailed.  Defendant's argument about the jury's treatment of

7

housing is rank speculation since it has no idea how the jury calculated damages or what it did with respect to the base hourly rate.

Defendant has also failed to present any new evidence upon which the award of attorneys' fees could be reconsidered.

Third, there can be no "manifest injustice" where this Court has already applied the clear public policies behind fee shifting in civil rights litigation. To the contrary, it would result in an injustice to Plaintiff were Defendant able to ignore the holdings of Quaratino v. Tiffany & Co., 166 F.3d 422 (2d Cir. 1999), Cowan v. Prudential, 935 F.2d 522 (2d Cir. 1991), and DeFilippo v. Morizio, 759 F.2d 231 (2d Cir. 1985) which specifically decouple the award of fees from the amount of damages recovered.  This Court has already exercised its equitable discretion to reduce Plaintiff's fee request.  It need not do so again.  Lastly, Defendant's motion is an attempt to relitigate the issue of fees by asserting new arguments.  While improper for any motion for reconsideration, it is particularly offensive in this case since Defendant's rehash ignores Hensley's warning that a "request for attorney's fees should not result in a second major litigation." Hensley, 461 U.S. at  437.

### III.    Conclusion

For the forgoing reasons Defendant's Motion for Reconsideration and Articulation of the Court's Ruling Dated November 1, 2005 and for Amendment and Correction of the Supplemental Judgment Entered on November 3, 2005 should be denied in its entirety.

        PLAINTIFF

        By:
          Marc P. Mercier
          Beck & Eldergill, P.C.
        447 Center Street
        Manchester, CT 06040
        Tel: (860) 646-5606
        Fed Bar No: ct10886

## **CERTIFICATION**

    I hereby certify that a copy of the foregoing has been mailed this 7th day of December, 2005, to the following parties:

Loraine M. Cortese-Costa, Esq.
Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C.
1057 Broad Street
Bridgeport, CT   06604

        _____
        Marc P. Mercier

Estanislau\PostTrial\MemOpp12-05.pld

9