Slip Copy, 2005 WL 2416094 (D.Conn.)
Only the Westlaw citation is currently available.

United States District Court,
D. Connecticut.
**RAND-WHITNEY CONTAINERBOARD** LIMITED PARTNERSHIP, Plaintiff
v.
**TOWN** OF **MONTVILLE** and **Town** of Montville Water Pollution Control Authority
Defendants
No. Civ. 396CV413HBF.
Sept. 30, 2005.

Andrew C. Phelan, Daniel L. Goldberg, Bingham McCutchen, Boston, MA, Ann M. Siczewicz, Ben M. Krowicki, Brian R. Hole, Bingham McCutchen, Hartford, CT, for Plaintiff.
Andrew J. Brand, Susan Mara Phillips, Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, Paul M. Geraghty, Andrews Cosgrove Young, New London, CT, Dina S. Fisher, James A. Wade, Jessica L. Edwards, Patrick J. Sweeney, Robert Stephen Melvin, Robinson & Cole, Carmel A. Motherway, Gail Suzanne Shane, Attorney General's Office, Hartford, CT, for Defendants.

*RULING ON DEFENDANTS' MOTION FOR RECONSIDERATION OF RULING ON PLAINTIFF'S CLAIM FOR DECLARATORY JUDGMENT AS TO THE SUPPLY AGREEMENT*

FITZSIMMONS, Magistrate J.
**\*1** Defendants have now moved for reconsideration of the Court's March 31, 2005 ruling granting plaintiff's claim for declaratory judgment as to the Supply Agreement. [Doc. # 363]. In that ruling, the Court determined that defendants breached Section 8.3(e) of the Supply Agreement by failing to provide plaintiff with notice of effluent treatment requests made by the Mohegan Tribal Nation. Defendants claim that 1) the Court did not have jurisdiction to declare rights under Section 8.3(e) of the contract because, according to Connecticut General Statutes § 52-29, notice must be provided to all parties who may have an interest in the determination of these rights and liabilities (i.e., the individual and entities whose effluent requests would be subject to the notice provision), and such notice was not provided; [FN1] and, 2) the ruling was impermissibly vague in violation of Rule 65(d). [FN2] Defendants request that the court vacate its ruling for lack of jurisdiction or, in the alternative, specify exactly what the Town is obligated to do in the future pursuant to Section 8.3(e) of the Supply Agreement.

> FN1. As part of this first issue, defendants appear to claim that the plaintiff only sought declaratory relief as to Count Five of the complaint, and never pled a claim for declaratory relief as to Count Two, the breach of Section 8.3(e) claim. This is incorrect. Plaintiff did seek injunctive relief regarding Section 8.3(e) in Count Two of the complaint.

> FN2. Rule 65(d) of the Federal Rules of Civil Procedure provides that, "[e]very order granting an injunction ... shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained."

The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling law or material facts that the court overlooked. *In re BDC 56 LLC,* 330 F.3d 111, 123 (2d Cir.2003); *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995) (citations omitted). Generally, the three grounds justifying reconsideration are 1) an intervening change of controlling law; 2) the availability of new evidence; or 3) the need to correct a clear error or prevent manifest injustice. *Virgin Atl. Airways Ltd. v. National Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992). Motions for reconsideration cannot be employed as a "vehicle for asserting new arguments or for introducing new evidence that could have been

adduced during the pendency of the underlying motion." *Seaboard Stamford Investor Assoc. v. Thinkdirectmarketing, Inc.*, 2004 U.S. Dist. LEXIS 1688 (D.Conn.2004). "The scope of review on motions for reconsideration is limited to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging gaps of a lost motion with additional matters." *Id.* (quotation omitted).

Defendants did not raise the notice issue during the pendency of the claim for declaratory relief, and have not offered a compelling reason for their failure to do so. Instead, defendants characterize the issue as one of subject matter jurisdiction in an apparent attempt to circumvent the standard for a motion for reconsideration.

According to 28 U.S.C. § 2201(a), "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

**\*2** Federal standards guide the inquiry as to the propriety of declaratory relief in federal courts, even when the case is under the court's diversity jurisdiction. *White v. National Union Fire Ins. Co.*, 913 F.2d 165, 167 (4th Cir.1990). A federal court may issue a declaratory judgment if there is a "case or controversy", and if in the discretion of the trial court, "declaratory relief is appropriate." *Id.* Given that the Declaratory Judgment Act is procedural, in cases where it applies, "state substantive law on this subject is inapposite." *Gravatt v. General Star Indemnity Co.*, 1999 U.S. Dist. LEXIS 4824, at \*8. In this case, the defendants do not contend that there is no case or controversy arising out of plaintiff's claim under Section 8.3(e) of the Supply Agreement. Nor do they contend that declaratory relief is inappropriate. Rather, they argue that the court lacked jurisdiction to decide the issue. Jurisdiction in this case is governed by 23 U.S.C. §§ 1332 and 2201. [FN3] State law requirements for declaratory relief are therefore irrelevant. Defendants' motion for reconsideration on this ground is DENIED.

   FN3. 28 U.S.C. § 1332(a) provides that:

   "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, ..., and is between--

   (1) citizens of different states ..."

Defendants also argue that the ruling is vague in violation of Fed.R.Civ.P. Rule 65(d), and that "the Town does not know what it has to do in the future to comply with section 8.3(e)'s notice provision." Def.s' Mem. at 6. This argument is unconvincing. The requirements of Section 8.3(e) are self-explanatory:

Upon receipt by the Authority of a request (a "New Effluent Request") from a third party to begin delivery of effluent to the Treatment Facility that could alter the chemical composition of the Facility Water, the Authority shall promptly provide Rand-Whitney with detailed information regarding such proposed change in the chemical composition of the Facility Water. The Authority shall allow Rand-Whitney a period of ninety (90) days to review such New Effluent Request during such ninety (90) day period. If Rand-Whitney determines that processing the New Effluent Request will adversely affect the Authority's ability to deliver an acceptable volume and quality of Treated Water, then Rand-Whitney shall notify the Authority of such determination. The Authority shall either (i) modify the Treatment Process to produce an acceptable volume and quality of Treated Water, or (ii) reject such New Effluent Request.

Supply Agreement § 8.3(e).

*Sterling Drug v. Bayer*, 14 F.3d 733 (2d Cir.1994), does not further defendants' argument as to the vagueness of the Court's declaratory judgment. In *Sterling Drug*, the district court enjoined future breaches of "any of the terms and provisions" of various agreements. *Id.* at 748, n. 10. The Second Circuit found that, in the context of that litigation, the broad injunction violated the specificity requirements of Fed.R.Civ.P. Rule 65(d). *Id.* However, injunctions following the law, clarified by context, are not automatically improper. Specifically, the *Sterling* court stated, "an injunction that

follows the language of the statute at issue may be appropriate in some cases where the context clarifies the scope of the injunction...." *Id.* at 748.

*3 Here, the court's ruling is specific and is not a global proscription enjoining defendants from breaching the Supply Agreement. The court's ruling simply orders defendants to comply with Section 8.3(e) of the Supply Agreement--a Section into which defendants willingly entered. The terms and requirements of Section 8.3(e) are clear and unambiguous. Based on the above, the court is perplexed by defendant's belated claim that "the Town does not know what it has to do in the future to comply with Section 8.3(e)'s notice provision." Def.s' Mem. at 6. The March 31, 2005, ruling is sufficiently clear and self-explanatory that further clarification is not needed.

As the court's ruling is "specific and definite enough to apprise [defendants] of the conduct that is being [required]", ... *N.Y. State Nat'l Org. for Women v. Terry,* 886 F.2d 1339, 1352 (2d Cir.1989) (citations omitted), the defendants' motion for reconsideration, or in the alternative, for clarification, [Doc. # 367], is DENIED.

SO ORDERED at Bridgeport this 29th day of September 2005.

D.Conn.,2005.

Rand-Whitney Containerboard Ltd. Partnership v. Town of Montville

Slip Copy, 2005 WL 2416094 (D.Conn.)

END OF DOCUMENT

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.